

NEW YORK:

45 Broadway
32nd Floor
New York, NY 10006

P (212) 221-6900
F (212) 221-6989
McLellan.K@wssllp.com

July 21, 2021

**VIA ECF**

The Honorable John G. Koeltl
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312
(212) 805-0222

        Re:    Garmashov v. United States Parachute Association, Inc.
               Case No.: 1:21-cv-04917-JGK

**REQUEST FOR PRE-MOTION CONFERENCE TO SEEK DISMISSAL BASED ON AN ARBITRATION PROVISION AND TO EXTEND TIME TO RESPOND TO THE COMPLAINT UNTIL 14 DAYS AFTER THE CONFERENCE IS HELD**

Dear Judge Koeltl:

      Our firm represents defendant United States Parachute Association, Inc., ("USPA") in the above-referenced matter. The USPA is a voluntary non-profit membership organization of 40,000 plus individuals who enjoy and support the sport of skydiving. The association is incorporated in New York and follows the by-laws contained in the USPA Governance Manual. One of missions of the USPA is to "promote safe skydiving through training, licensing and instructor qualification."[1]

      We write pursuant to Rule 2 (B) of Your Honor's Individual Practices to request a pre-motion conference with respect to USPA's anticipated motion to dismiss the complaint in the above referenced matter (the "Motion"), pursuant to Federal Rule of Civil Procedure 12(b)(1) ("FRCP 12(b)(1)") and 9 U.S.C. § 3 of the Federal Arbitration Act ("FAA"). The grounds for USPA's proposed Motion are set forth more fully below.

---

[1] See https://uspa.org/Governance/About-USPA#:~:text=USPA's%20mission%20is%20three%2Dfold,competition%20and%20record%2Dsetting%20programs

Hon. John G. Koeltl
July 21, 2021
Page 2 of 3

Plaintiff Yuri Garmashov ("Garmashov" or "Plaintiff"), describes himself as a member of the USPA (*See* ECF Dkt. Entry No. 1 at ¶ 12).  He commenced the above captioned action on June 7, 2021, asserting claims arising from USPA's decision to revoke Plaintiff's USPA ratings, and their procedures and processes for upholding the same decision. (*See* ECF Dkt. Entry No. 1 at ¶ 1.)  Plaintiff claims that membership in the USPA is governed and regulated by the USPA Governance Manual and attached a copy of the same to his Complaint.  However, the Manual he attached was issued prior to when this action was commenced, and is out of date.

The current Governance Manual is annexed hereto as Exhibit 1.  It was issued in March of 2021, and was in effect when the instant action was filed on June 7, 2021.  The operative Governance Manual contains an arbitration provision.  We respectfully submit that this Court lacks subject matter jurisdiction over this action, and that Plaintiff's Complaint must accordingly be dismissed pursuant to FRCP 12(b)(1) and the FAA.

### A. FAA Standard

The FAA, 9 § U.S.C. 1 et seq., "creates a body of federal substantive law ... applicable to arbitration agreements, such as the one at issue here, affecting interstate commerce." *Alliance Bernstein Investment Research & Management, Inc. v. Schaffran,* 445 F.3d 121, 125 (2d Cir.2006). "The FAA embodies 'a liberal federal policy favoring arbitration agreements.' " *LG Electronics, Inc. v. Wi–Lan USA, Inc.,* No. 13–cv–2237 (RA), 2014 WL 3610796, at *2 (S.D.N.Y. Jul. 21, 2014) (quoting *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation,* 460 U.S. 1, 24 (1983)).  Along these lines, the Supreme Court has held that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Id.* at 24–25.

The party opposing arbitration bears the burden of proving that the claims at issue should not be resolved via arbitration. *Green Tree Financial Corporation–Alabama v. Randolph,* 531 U.S. 79, 91 (2000). Accordingly, Plaintiff must overcome the presumption that this case should be resolved by an arbitrator pursuant to the 2021 Governance Manual.

### B. The 2021 Governance Manual is Clear in Providing that Claims Arising in Connection with USPA Membership Shall be Settled by Arbitration.

The 2021 Governance Manual, in Section "V" of Appendix "C," (the "Arbitration Provision") provides in relevant part that "(a)ny dispute, claim or controversy arising under, out of, in connection with or relating to USPA members' membership contracts, or any course of conduct, course of dealing, statements (oral or written), or actions relating to those contracts, shall be settled by arbitration in the City of Fredericksburg, Virginia in accordance with the commercial arbitration rules of the (AAA)."

It is plainly apparent from the allegations in the Complaint that Plaintiff's claims are covered by the Arbitration Provision. Broad arbitration clauses like the Arbitration Provision in the 2021 Governance Manual create a "presumption of arbitrability which is only overcome if it

Winget | Spadafora | Schwartzberg | LLP

Hon. John G. Koeltl
July 21, 2021
Page 3 of 3

may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the dispute. Doubts should be resolved in favor of coverage." *Best Concrete Mix v. Lloyd's of London Underwriters*, 413 F. Supp. 2d 182, 188 (E.D.N.Y. 2006); *see also Clarendon Nat'l Ins. Co. v. Lan*, 152 F. Supp. 2d 506, 514 (S.D.N.Y. 2001

Plaintiff's claims directly arise from the USPA "membership contract" (i.e., the 2021 Governance Manual), which Plaintiff alleges the USPA breached. Plaintiff specifically alleges damages for breach of contract arising from USPA's alleged failure to follow its own procedures provided for in the 2021 Governance Manual. (See Plaintiff's Complaint, Dkt. Entry 2) ¶¶ 10, 11, 25, 34, 39 and 42). Plaintiff's Complaint must be dismissed with prejudice as this Court does not have subject matter jurisdiction to hear it. If the matter is to be heard at all it should be heard in arbitration by AAA.

C. **Extension of Time to Respond to the Complaint**

Presently, the USPA's response to Plaintiff's Complaint is due July 23, 2021. We ask that this Court construe our request for a pre-motion conference to be the response to Plaintiff's complaint, and, if this Court permits us to file a motion, that a briefing schedule be set during or after the conference. Alternatively, we ask that, pursuant to FRCP 6(b)(1)(a), that this Court extend our time to respond to the Complaint until 14 days after the pre-motion conference, or, in accordance with a mutually agreed upon briefing schedule that is satisfactory to the Court. There is good cause as we wish to file a motion to dismiss, but cannot do so until a conference is held, and we do not know if Your Honor will schedule a conference will be held by July 23, 2021. We note that an initial conference has been scheduled for Monday, **July 26, 2021 at 2:30PM**. Perhaps it would be convenient for the Court to address these issues at that time.

A response to the Complaint was originally due July 6, 2021, and that deadline was extended on consent to July 23, 2021 with the permission of the Court. That was the first adjournment. If an adjournment is required in connection with the request for a pre-motion conference, it would be the second adjournment. We contacted Plaintiff's counsel at 5:30PM today via email about our request for a second adjournment seeking Plaintiff's counsel's consent. As of now, Plaintiff's counsel has not responded.

D. **Conclusion**

Thank you for your consideration of our request for a pre-motion conference.

Respectfully submitted,

/s/ *Kenneth A. McLellan*

Kenneth A. McLellan

cc: Counsel of Record (via ECF)

Winget | Spadafora | Schwartzberg | LLP