UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
YURI GARMASHOV,

                Plaintiff,        Civil Action No.: 1:21-cv-04917-JGK

   -against-

UNITED STATES PARACHUTE
ASSOCIATION, INC.,

                Defendant.
----------------------------------------------------------X


# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND COMPEL ARBITRATION


                                                      WINGET, SPADAFORA &
                                                      SCHWARTZBERG, LLP
                                                       45 Broadway, 32nd Floor
                                                       New York, New York 10006
                                                       (212) 221-6900
                                                       *Attorneys for Defendant*


Of Counsel:

Kenneth A. McLellan, Esq.

## TABLE OF CONTENTS

**Page No.**

PRELIMINARY STATEMENT ..................................................................................................1

RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY ............................2

    I.    The Arbitration Provision ................................................................................................3

LEGAL ARGUMENT.....................................................................................................................4

    I.    LEGAL STANDARD.......................................................................................................4

        I.    THE INSTANT ACTION MUST BE
            COMPELLED TO ARBITRATION .........................................................5

CONCLUSION................................................................................................................................8

# **TABLE OF AUTHORITIES**

## **CASES**

*Allied-Bruce Terminex Cos. v. Dobson*, 513 U.S. 265 (1995) ..............................................................6

*Application of Whitehaven S.F., LLC v. Spangler*, 45 F.Supp.3d 333 (S.D.N.Y. 2014) ................5

*AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643 (1986) ............5

*Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006) ...................................................4

*Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213 (1985)..................................................................4

*First Options of Chi. Inc. v. Kaplan*, 514 U.S. 938 (1995)............................................................4, 6

*Granite Rock Co. v. Int'l B'hood of Teamsters,* 130 S.Ct. 2847 (2010)......................................6, 7

*Green Tree Fin. Corp.–Ala. v. Randolph*, 531 U.S. 79 (2000) ........................................................5

*Harrington v. Atl. Sounding Co.*, 602 F.3d 113 (2d Cir. 2010) ........................................................5

*John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132 (3d Cir. 1998) .........................................7

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983) ..................................7

*Level Exp. Corp. v. Wolz, Aiken & Co.,* 305 N.Y. 82 (1953) ......................................................6, 7

*Oppenheimer & Co., Inc. v. Neidhardt*, 56 F.3d 352 (2d Cir. 1995) ...............................................5

*Patterson v. Raymours Furnitre Co.*, 96 F. Supp. 3d 71 (S.D.NY. 2015) .......................................6

*Ragone v. Atl. Video at Manhattan Ctr.,* 595 F.3d 115 (2d Cir.2010) .............................................6

*Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 226 (1987) .......................................6

*Spear, Leed & Kellogg v. Central Life Assur. Co.*, 85 F. 3d 21 (2d Cir. 1996) ...........................4, 5

*WorldCrisa Corp. v. Armstrong*, 129 F. 3d 71 (2d Cir. 1997) .........................................................7

ii

## **RULES AND STATUTES**

Federal Arbitration Act ("FAA") 9 U.S.C. § 2 ........................................................................... 4, 6

Federal Arbitration Act ("FAA") 9 U.S.C. § 4 ........................................................................... 4, 6

Federal Arbitration Act ("FAA"), 9 U.S.C. §1 ............................................................................... 6

Federal Arbitration Act ("FAA"), 9 U.S.C. § 3 .............................................................................. 6

**PRELIMINARY STATEMENT**

The Defendant, United States Parachute Association (referred to herein as "USPA"), by and through their undersigned counsel, respectfully submits this memorandum of law in support of its motion to dismiss Plaintiff's Complaint and to compel arbitration.

This action arises out of an alleged contractual dispute between the Plaintiff and the USPA. Plaintiff, who alleges that he has been a member of USPA since 2000, annexes a copy of the 2019 USPA Governance Manual to his Complaint, stating—albeit mistakenly—that it was the most current version at the time the Complaint was filed. Plaintiff himself alleges that membership in the USPA is governed by the current USPA Governance Manual.

Plaintiff's claims all stem from an alleged breach of the Governance Manual, which Plaintiff alleges is a valid and binding contract between Plaintiff and USPA. Pursuant to Section "V" of Appendix "C" of the current 2021 edition of the USPA Governance Manual, which was in effect at the time the instant action was brought, Plaintiff is required to submit any claim arising under, out of, in connection with or relating to USPA members' membership contracts, or any course of conduct, course of dealing, statements (oral or written), or actions relating to those contracts against USPA to an arbitration panel before the American Arbitration Association in Virginia. While Defendant vehemently denies the allegations in Plaintiff's Complaint, Plaintiff's purported claims, as alleged, all stem from an alleged breach of the USPA Governance Manual, which unmistakably fall within the scope of the aforementioned arbitration provision. It is plainly apparent from the allegations in the Complaint that Plaintiff's claims are covered by the Arbitration Provision.

In his Complaint, Plaintiff himself references and incorporates what he mistakenly believed to be the current and operative Governance Manual, arguing that USPA should be bound by the terms contained therein. Taking Plaintiff's allegations to their logical conclusion, assuming

1

*arguendo* they were established in this case, all of the terms and provisions contained within the current and controlling 2021 USPA Governance Manual must be deemed valid and enforceable, including the Arbitration Provision. If this matter is to be heard at all, it should be heard in arbitration before the American Arbitration Association in Virginia.

In sum, Defendant respectfully submit that Plaintiff's Complaint should be dismissed in its entirety and with prejudice, as this Court lacks jurisdiction over this matter.

## **RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff initiated this action by filing a Complaint in this Court, on or about June 7, 2021, wherein Plaintiff asserted claims against the Defendant for breach of contract, breach of implied covenant of good faith and fair dealing, gross negligence, and a violation of the California Business & Professions Code. Plaintiff alleges that USPA violated a membership agreement between Plaintiff and USPA "with a willful, wanton, and with a conscious disregard for Mr. Garmashov's rights." *See* Plaintiff's Complaint (ECF Doc. # 3), ¶ 42.  Defendant filed an application for an extension of time to respond to the Complaint on July 2, 2021 (ECF Doc. #10), which application was granted by this Court by Order, dated July 6, 2021 (ECF Doc. #11). Defendant thereafter filed a request for a pre-motion conference seeking leave to file the instant motion (ECF Doc. #12). The Court issued an Order, dated July 22, 2021, by which the Court stayed the action and directed the parties to submit a proposed briefing schedule (ECF Doc. #13). The proposed briefing schedule was so-ordered by this Court on July 27, 2021 (ECF Doc. #15).

USPA is a not-for-profit member-controlled organization led by volunteers serving as its Board of Directors and officers. *See* Declaration of Albert Berchtold, Executive Director of USPA (hereinafter referred to the "Berchtold Dec."). Plaintiff alleges, in his Complaint, that he "has been a dues paying member of the USPA since 2000." *See* Plaintiff's Complaint (ECF Doc. # 3), ¶ 12.

Plaintiff himself alleges that "[t]he Governance Manual constitutes part of a binding agreement between the members of the USPA and the USPA itself." *See* Plaintiff's Complaint, ¶ 29. Plaintiff purports to annex a "true and correct copy of the current Governance Manual" to his Complaint, the terms of which he alleges Defendant breached. *Id.* However, the document to which Plaintiff refers is an outdated edition (Edition #34, February 2019) of USPA's Governance Manual, which has been updated and revised twice between the date of its publication and June 4, 2021, when Plaintiff first initiated this action by filing of a Complaint. *See* Exhibit "1" to Plaintiff's Complaint. The current Governance Manual, which is the operative version that was in effect on the date Plaintiff brought this action, is, in fact, Edition #36, dated March 2021. A true and correct copy of the operative Governance Manual is annexed to the Berchtold Dec. as **Exhibit "A".**

## I.     The Arbitration Provision

USPA's Governance Manual, upon which Plaintiff bases his claims for breach of contract, contains a valid and binding arbitration provision. Section "V" or Appendix "C" of the 2021 Governance Manual (the "Arbitration Provision") unequivocally states, in pertinent part;

> Any dispute, claim or controversy arising under, out of, in connection with or relating to USPA members' membership contracts, or any course of conduct, course of dealing, statements (oral or written), or actions relating to those contracts, shall be settled by arbitration in the City of Fredericksburg, Virginia in accordance with the commercial arbitration rules of the American Arbitration Association.

*See* Exhibit "A" to the Berchtold Dec. at p. 83. As stated in the Governance Manual, the USPA's Board of Directors has adopted this Policy as part of USPA members' contracts of membership with the USPA (including group members' contracts of membership). *See* Berchtold Dec.

3

**LEGAL ARGUMENT**

**I.     LEGAL STANDARD**

Under the Federal Arbitration Act ("FAA"), a written agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Where one party fails to comply with an arbitration agreement, the aggrieved party "may petition [a] United States district court ... for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Under the FAA, a "written provision in any … contract … evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract … shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Section 2 embodies [a] national policy favoring arbitration." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006). "By its terms the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

"Whether or not a matter is arbitrable is a matter for judicial determination." *Spear, Leed & Kellogg v. Central Life Assur. Co.*, 85 F. 3d 21, 25 (2d Cir. 1996). In deciding a motion to compel arbitration, courts apply a standard "similar to that applicable for a motion for summary judgment." *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 74 (2d Cir. 2017). The first step of a court's inquiry is to ascertain "whether [the plaintiff] entered into an agreement to arbitrate." *Spear, Leed & Kellogg*, 85 F. 3d at 25. "Courts generally … should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chi. Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). The court must then decide whether a given dispute falls within the scope of that agreement. *Spear,*

4

*Leed & Kellogg*, 85 F. 3d at 25. "Arbitration must not be denied unless a court is positive that the clause it is examining does not cover the asserted dispute." *Id.* (citing *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643 (1986)).

The "party to an arbitration agreement seeking to avoid arbitration generally bears the burden of showing the agreement to be inapplicable or invalid." *Harrington v. Atl. Sounding Co.*, 602 F.3d 113, 124 (2d Cir. 2010); *accord Green Tree Fin. Corp.–Ala. v. Randolph*, 531 U.S. 79, 91 (2000) ("[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration."); *Application of Whitehaven S.F., LLC v. Spangler*, 45 F.Supp.3d 333, 342–43 (S.D.N.Y. 2014) ("Whether it argues that arbitration is improper because the arbitration agreement is invalid under a defense to contract formation, or asserts that the arbitration contract does not encompass the claims at issue, either way, the resisting party shoulders the burden of proving its defense" (internal quotation marks omitted)). "If the party seeking arbitration has substantiated the entitlement by a showing of evidentiary facts, the party opposing may not rest on a denial but must submit evidentiary facts showing that there is a dispute of fact to be tried." *Oppenheimer & Co., Inc. v. Neidhardt*, 56 F.3d 352, 358 (2d Cir. 1995).

### I.  THE INSTANT ACTION MUST BE COMPELLED TO ARBITRATION

As discussed above, the operative Governance Manual clearly states that:

> Any dispute, claim or controversy **arising under, out of, in connection with or relating to USPA members' membership contracts, or any course of conduct, course of dealing, statements (oral or written), or actions relating to those contracts**, shall be settled by arbitration in the City of Fredericksburg, Virginia in accordance with the commercial arbitration rules of the American Arbitration Association.

*See* USPA Governance Manual, p. 83 (emphasis added). Plaintiff himself alleges that he entered into a valid and enforceable agreement with the USPA, the terms of which included an arbitration

5

provision. Both federal and state law require that this Court enforce the arbitration agreement and compel an arbitration of this dispute.

The Federal Arbitration Act ("FAA"), 9 U.S.C. §1 *et seq.,* requires a court to stay an action and compel arbitration whenever a litigated controversy is referable to arbitration under a contract involving commerce. 9 U.S.C. §§2-4. Specifically, §3 of the FAA states that the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . " 9 U.S.C. §3. The FAA reflects a strong federal policy in favor of arbitration, which has been repeatedly recognized by the Supreme Court. *E.g., Ragone v. Atl. Video at Manhattan Ctr.,* 595 F.3d 115, 121 (2d Cir.2010) (The FAA is "an expression of a strong federal policy favoring arbitration as an alternative means of dispute resolution."); *Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 226 (1987) (FAA "establishes a 'federal policy favoring arbitration,' requiring that 'we rigorously enforce agreements to arbitrate.'"). The FAA preempts state law and cannot be overridden by applying state statutes to invalidate arbitration agreements. *See Allied-Bruce Terminex Cos. v. Dobson*, 513 U.S. 265, 272 (1995).

Where, as here, the parties have entered into a valid and enforceable arbitration agreement, the Court must enforce same. *See Granite Rock Co. v. Int'l B'hood of Teamsters,* 130 S.Ct. 2847, 2856 (2010) ("When deciding whether the parties agreed to arbitrate a certain matter courts generally should apply ordinary principles that govern the formation of contracts") (quoting *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944 (1995)). "Under New York law, a party who signs a written contract is conclusively presumed to know its contents and to assent to them, and he is therefore bound by its terms and conditions." *Patterson v. Raymours Furnitre Co.*, 96 F. Supp. 3d 71, 76 (S.D.NY. 2015) (citing *Level Exp. Corp. v. Wolz, Aiken & Co.,* 305 N.Y. 82, 87

(1953)). "[A] court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate *that dispute." Granite Rock,* 130 S.Ct. at 2856.

"The proper analytical inquiry mandated under the FAA is to focus on both the existence of a valid arbitration agreement and the nature of that agreement as it relates to the parties' current dispute." *John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 139 (3d Cir. 1998). The existence of a broad agreement to arbitrate creates a presumption of arbitrability which is overcome only if it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *WorldCrisa Corp. v. Armstrong*, 129 F. 3d 71, 74 (2d Cir. 1997). In making this determination, "[a]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."

Here, it is undeniable that the instant dispute falls within the scope of the Arbitration Provision. Plaintiff has asserted claims based in an alleged breach of the Governance Manual, which he refers to throughout his Complaint as the "Membership Agreement." *See* Plaintiff's Complaint, ¶ 44. Plaintiff alleges that the "Membership Agreement is a valid and enforceable contract between Mr. Garmashov and the USPA." *Id.* at ¶ 45. Plaintiff further alleges that "Mr. Garmashov and the USPA entered into this contract." *Id.* It is indisputable that if Plaintiff seeks to pursue a claim against USPA for breach of the USPA's Governance Manual, based upon Plaintiff's own allegations, the Arbitration Provision contained therein must also be enforceable.

Plaintiff cannot be permitted to simply pick and choose which terms of an agreement— that he alleges is binding upon the parties—are enforceable, and which are not. Plaintiff himself

7

alleges that the current Governance Manual is the operative contract upon which he bases his claims. The explicit language of the arbitration provision contained therein leaves no room for doubt that the instant dispute—which Plaintiff alleges arises out of and in connection with a membership contract with the USPA and/or a course of conduct, course of dealing, statements (oral or written), or actions relating to that contract—must be settled by arbitration. Based upon the facts as alleged by the Plaintiff, it is unquestionable that this claim should be directed to arbitration.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court: compel an arbitration of this claim; dismiss Plaintiff's Complaint in its entirety and with prejudice, or alternatively, stay the action pending the resolution of the arbitration proceeding; and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 9, 2021

                                    Respectfully Submitted,

                                    WINGET, SPADAFORA &
                                    SCHWARTZBERG, LLP

                                         */s/ Kenneth A. McLellan*
                                    Kenneth A. McLellan, Esq.

## **CERTIFICATION OF COMPLIANCE**

The undersigned hereby certifies that the foregoing Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Complaint and Compel Arbitration contains 2,473 words and complies with the formatting rules set forth in Hon. John G. Koeltl's Individual Practices, dated July 23, 2021.

Dated: New York, New York
       August 9, 2021

                                                    */s/ Kenneth A. McLellan*
                                                    Kenneth A. McLellan, Esq.