UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
YURI GARMASHOV,

                Plaintiff,

  -against-

UNITED STATES PARACHUTE
ASSOCIATION, INC.,

                Defendants.
----------------------------------------------------------X

Civil Action No.: 1:21-cv-04917-JGK

**DECLARATION OF**
**ALBERT BERCHTOLD**

I, Albert Berchtold, declare under penalty of perjury as follows:

1.     I am the Executive Director of the United States Parachute Association, Inc. (hereinafter referred to as "USPA"), the Defendant in this action.  I submit this Declaration in support of the USPA's motion to dismiss the Plaintiff's Complaint and compel arbitration.  I am familiar with this matter through personal knowledge and through a review of the books and records of the USPA.  The USPA maintains its principal office at 5401 Southpoint Centre Blvd., Fredericksburg, VA, 22407.

2.     USPA is a not-for-profit member-controlled organization led by volunteers serving as its Board of Directors and officers.

3.     Annexed hereto as Exhibit "A" is a true and correct copy of USPA's current and Governance Manual, which include an arbitration provision. *See* Paragraph 5 of Appendix C, at page 83.

4.     The Governance Manual annexed hereto as Exhibit "A" is the operative Manual that was in effect at the time this action was filed, and is presently in effect.

5.     The arbitration provision states, in pertinent part;

1

> Any dispute, claim or controversy arising under, out of, in connection with or relating to USPA members' membership contracts, or any course of conduct, course of dealing, statements (oral or written), or actions relating to those contracts, shall be settled by arbitration in the City of Fredericksburg, Virginia in accordance with the commercial arbitration rules of the American Arbitration Association.

6. As stated in the Governance Manual, the USPA's Board of Directors has adopted this Policy as part of USPA members' contracts of membership with the USPA (including group members' contracts of membership).

7. Every member of USPA is required to execute certain Membership forms, by which they agree to be bound by the terms and policies contained in the Governance Manual, which is updated periodically and as necessary by the organization.

8. Upon information and belief, the Plaintiff, Yuri Garmashov, joined USPA as a member in July of 2000. In doing so, he agreed to be bound by the terms of the Governance Manual, and to the policies and procedures that the USPA may use to update that manual over time, in the best interest of the organization and the members by which it is controlled.

**[THE REMAINDER OF THIS PAGE IS LEFT BLANK INTENTIONALLY. MY SIGNATURE IS ON THE FOLLOWING PAGE.]**

Dated: Fredericksberg, Virginia
       August 3, 2021

                                              Albert Berchtold

3