# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YURI GARMASHOV,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES PARACHUTE ASSOCIATION, INC.,<br><br>    Defendant. | CASE NO.<br><br>1:21-CV-04917-JGK |

## PLAINTIFF YURI GARMASHOV'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT AND COMPEL ARBITRATION

**HALL BOOTH SMITH, P.C.**

366 Madison Avenue
5th Floor
New York, NY 10017
(212) 805-3630
(404) 954-5020 (Fax)
*Counsel for Plaintiff Yuri Garmashov*

Attorneys:
Eric M. Underriner, Esq.
Todd Gilbert, Esq.

# TABLE OF CONTENTS

**Page No.**

COMBINED PRELIMINARY STATEMENT AND
RELEVANT FACTUAL OVERVIEW……………………………………………1

ARGUMENT AND CITATION OF AUTHORITY ………………………………3

    *A. Legal Standard* …………………………………………………….3

    *B. Mr. Garmashov Was Not A Party to the 2021 Manual* ………………4

CONCLUSION ……………………………………………………………………6

CERTIFICATION OF COMPLIANCE …………………………………………...7

# TABLE OF AUTHORITIES

## CASES

*511 W. 232nd Owners Corp. v. Jennifer Realty Co.*,
773 N.E.2d 496 (N.Y. 2002)………………………………………………………….3

*Bartsch v. Bartsch*, 388 N.Y.S.2d 347 (N.Y. App. Div. 1976)……………………….4

*Bowles v. OneMain Fin. Grp., LLC*, 954 F.3d 722 (5th Cir. 2020)………………3,4

*FCOF UB Securities LLC v. MorEquity, Inc.*,
663 F.Supp.2d 224 (S.D.N.Y. 2009)………………………………………………..4,5

*Int'l Audtiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69 (2d Cir. 1995)….1

*Polonetsky v. Better Homes Depot*, 760 N.E.2d 1274 (N.Y. 2001)………………..3

*Tractebel Energy Mktg. v. AEP Power Mktg., Inc.*, 487 F.3d 89 (2d Cir. 2007)…..4

*Tri-County Motors, Inc. v. Am. Suzuki Motor Corp.*,

i

494 F.Supp.2d 161 (E.D.N.Y. 2007)……………………………………………….4

## **RULES AND STATUTES**

Federal Arbitration Act ("FAA") 9 U.S.C. § 2…………………………………..3,4

## COMBINED PRELIMINARY STATEMENT AND RELEVANT FACTUAL OVERVIEW

Plaintiff, Yuri Garmashov ("Mr. Garmashov" or "Plaintiff"), respectfully submits this memorandum of law in opposition to Defendant's Motion to Dismiss and Compel Arbitration.

In its present motion, the Defendant, United States Parachute Association ("USPA") is asking this Court to enforce an arbitration provision that unquestionably was not contained in the contract that forms the basis for all of Plaintiff's claims.

Mr. Garmashov was a member of the USPA from 2000-2016. See Compl. at ¶ 12, 25 [ECF Doc. # 3]. By letter dated October 13, 2016, Jan Meyer, the USPA National Secretary at the time, informed Mr. Garmashov, that the USPA Board had revoked his membership and terminated all "ratings." See October 13, 2016 USPA Letter from Jan Meyer to Yuri Garmashov, attached hereto as **Exhibit A**, and incorporated herein by reference.[1] All of the claims set forth in Mr. Garmashov's Complaint, arise from this 2016 revocation and termination. Subsequent to October 13, 2016, Garmashov has never been a USPA member.

---

[1] Federal courts hold that "'when a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which is solely relies and which is integral to the complaint,' the court may nevertheless take the document into consideration in deciding the defendant's motion to dismiss, without converting the proceeding into one for summary judgment." Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995).

1

Each year of USPA membership is governed by a corresponding annual USPA Governance Manual: e.g. 2016 membership governed by 2016 Manual, 2017 membership governed by 2017 Manual, and so forth. As the USPA terminated Mr. Garmashov's membership in 2016, and all of the present claims are based upon that termination which was in breach of the 2016 Manual, the 2016 Manual is the only version relevant to this matter.

As the Plaintiff did not possess a copy of the 2016 Manual when filing the present action, he instead appended a copy of the 2019 Manual to his Complaint and clearly alleged, upon information and belief, that it is in all operative ways, identical to the 2016 version.[2] See 2019 Manual attached to Complaint as **Ex. 1** [ECF Doc. # 3-1]; see generally Compl. At no point has the Plaintiff alleged that any contract **other than the 2016 USPA Governance Manual** controls his claims.

In its present motion, the USPA takes the untenable position that, because Mr. Garmashov filed the present action in 2021, claims arising from breaches of the 2016 Manual, all of which occurred in 2016 are governed by the 2021 Manual. See Defendant USPA's Memorandum of Law in Support of its Motion to Dismiss and Compel Arbitration at 1 [ECF Doc. # 16-1] ("Defense Brief"). The 2021 version

---

[2] During the pre-motion correspondence with Counsel for the Defendant, Plaintiff requested a copy of the 2016 USPA Governance Manual. Defendant has not provided it. **To resolve the unnecessary ambiguity that the Defendant has created by way of this baseless motion, Plaintiff renews his invitation to the Defendant to produce a copy of the 2016 Manual with its reply papers**.

contains an arbitration provision. Id. The 2016 Manual does not contain such provision, nor does any other manual from any other year during which Mr. Garmashov was a USPA member.

Mr. Garmashov was never a USPA member in 2021, never subject to the terms of the 2021 Manual, and most importantly **never agreed to the arbitration provision contained therein**. Defendant's motion is without factual or legal support and should therefore be denied in its entirety.

## ARGUMENT AND CITATION OF AUTHORITY

*A. Legal Standard*

A motion to dismiss "must be denied if from the pleadings' four corners 'factual allegations are discerned which taken together manifest any cause of action cognizable at law.'" 511 West 232nd Owners Corp. v. Jennifer Realty Co., 773 N.E.2d 496, 499 (N.Y. 2002) (quoting Polonetsky v. Better Homes Depot, 760 N.E.2d 1274 (N.Y. 2001)). "In furtherance of such tasks, [courts] liberally construe the complaint and accept as true the facts alleged in the complaint and any submissions in opposition to the dismissal motion." Id. Courts also "accord plaintiffs the benefit of every possible favorable inference." Id.

Under the Federal Arbitration Act, federal courts hold that "[i]f the *existence* of an arbitration contract between parties is challenged, the challenge is always for the courts to decide." Bowles v. OneMain Fin. Grp., LLC, 954 F.3d 722, 725 (5th

Cir. 2020). (emphasis in original) (interpreting application of 9 U.S.C. § 2). When a party contends that an arbitration agreement is unenforceable arguing, that "there was no meeting of the minds because [he or] she did not intend to arbitrate . . . [,]" courts find that such challenge "goes to the formation of the [a]rbitration [a]greement and is therefore to be decided by the courts." Id.

   B. *Mr. Garmashov Was Not a Party to the 2021 Manual.*

"[I]t is an elemental principle of contract law that no contract can be formed unless the parties intend to be bound." Tri-County Motors, Inc. v. Am. Suzuki Motor Corp., 494 F.Supp.2d 161, 169 (E.D.N.Y. 2007). "[T]o create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms." FCOF UB Securities LLC v. MorEquity, Inc., 663 F.Supp.2d 224, 227-28 (S.D.N.Y. 2009) (citing Tractebel Energy Mktg. v. AEP Power Mktg., Inc., 487 F.3d 89, 95 (2d Cir. 2007)).

"Parties to a contract cannot, under its terms, impose any liability upon a stranger to that contract." Bartsch v. Bartsch, 388 N.Y.S.2d 347, 348 (N.Y. App. Div. 1976). Therefore, "[a] person who is not named or bound by the terms of a written contract cannot be rendered liable on it by a mere intention that he should be bound." Id. "A primary concern for courts in such disputes is to avoid trapping

4

parties in surprise contractual obligations that they never intended." FCOF UB Securities, 663 F.Supp.2d at 228.

The USPA revoked Mr. Garmashov's membership in 2016. See Compl. at ¶ 25; see **Ex. A**. When it did, its actions were governed and regulated by the 2016 Manual. The 2016 Manual is the last agreement with the USPA to which Mr. Garmashov agreed to be bound.

In its 2021 Manual, the USPA added a provision that requires arbitration of all 2021 USPA membership disputes. The USPA erroneously contends that this arbitration provision governs Mr. Garmashov's present claims.  While remarkably ambitious, the USPA's argument goes against all New York state and federal case law  concerning contract interpretation and enforcement of arbitration provisions. The USPA wants this Court to force Mr. Garmashov to abide by an arbitration provision from a contract to which he was not a party.

Neither the USPA nor Mr. Garmashov dispute that the USPA revoked Mr. Garmashov's USPA membership in 2016. See **Ex. A**. However, the USPA has now moved this Court to compel arbitration simply because Mr. Garmashov alleged that he had been a "dues paying member of the USPA since 2000." See Compl. at ¶ 12. The USPA cannot simply contend that Mr. Garmashov is still a member of the USPA while also stating that his membership was revoked.

5

## **CONCLUSION**

For the foregoing reasons, Mr. Garmashov respectfully requests this Court deny the USPA's Motion to Dismiss and Compel Arbitration, and grant such other and further relief as this Court deems just and proper.[3]

Dated: New York, NY
      August 19, 2021

                                        Respectfully submitted,

                                        **HALL BOOTH SMITH, P.C.**

                                        */s/ Eric M. Underriner*

366 Madison Avenue              Eric M. Underriner, Esq.
5th Floor                                       Todd Gilbert, Esq.
New York, NY 10017              *Counsel for Plaintiff Yuri Garmashov*
(212) 805-3630
(404) 954-5020 (Fax)
eunderriner@hallboothsmith.com
akaufman@hallboothsmith.com
tgilbert@hallboothsmith.com

---

[3] During the pre-motion conference, as well in subsequent correspondence, Plaintiff has informed Counsel for the Defendant of the complete lack of either a factual or a legal basis for the present motion, and demanded that it withdraw same.

## **CERTIFICATION OF COMPLIANCE**

The undersigned hereby certifies that the foregoing **PLAINTIFF YURI GARMASHOV'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT AND COMPEL ARBITRATION** contains 1,282 words and complies with the formatting rules set forth in Hon. John G. Koeltl's Individual Practices, dated July 23, 2021.

Dated: New York, NY
      August 19, 2021

                                    **HALL BOOTH SMITH, P.C.**

                                    */s/ Eric M. Underriner*
                                    Eric M. Underriner, Esq.
                                    *Counsel for Plaintiff Yuri Garmashov*