UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
YURI GARMASHOV,

                      Plaintiff,           Civil Action No.: 1:21-cv-04917-JGK

   -against-

UNITED STATES PARACHUTE
ASSOCIATION, INC.,

                     Defendant.
---------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND COMPEL ARBITRATION**

                                             WINGET, SPADAFORA &
                                             SCHWARTZBERG, LLP
                                             45 Broadway, 32nd Floor
                                             New York, New York 10006
                                             (212) 221-6900
                                             *Attorneys for Defendant*

Of Counsel:

Kenneth A. McLellan, Esq.

i

## TABLE OF CONTENTS

**Page No.**

PRELIMINARY STATEMENT ...............................................................................................1

LEGAL ARGUMENT................................................................................................................1

    I.    PLAINTIFF IS BOUND BY THE 2021 GOVERNANCE MANUAL, AND AS SUCH, THIS COURT SHOULD COMPEL ARBITRATION ....................................................................1

CONCLUSION............................................................................................................................4

## TABLE OF AUTHORITIES

## CASES

*Bartsch v. Bartsch,* 54 A.D.2d 940, (2nd Dep't 1976) .................................................................3

*Bowles v. OneMain Fin. Grp., L.L.C.*, 954 F.3d 722 (5th Cir. 2020) ............................................3

*FCOF UB Sec. LLC v. MorEquity, Inc.*, 663 F. Supp. 2d 224 (SDNY 2009) ................................4

*Tri-Cty. Motors, Inc. v. Am. Suzuki Motor Corp.*, 494 F. Supp. 2d 161 (EDNY 2007) aff'd, 301 F. App'x 11 (2d Cir. 2008) ..........................................................................................................2,3

**PRELIMINARY STATEMENT**

The Defendant, United States Parachute Association (referred to herein as "USPA"), by and through its undersigned counsel, respectfully submits this reply memorandum of law in further support of its motion to dismiss Plaintiff's Complaint in its entirety, with prejudice, and to compel arbitration, together with such other and further relief as the Court deems just and proper. (the "Motion" ECF Doc. Entry 16).

As will be discussed further herein, Plaintiff fails to raise any arguments in his opposition (the "Opposition") that would defeat our motion. Plaintiff neglects to address the basis of our Motion, namely that the USPA's 2021 Governance Manual governs the present dispute, since that is Manual presently in effect, and it was in effect at the time of the commencement of Plaintiff's action. Instead of directly addressing our position, Plaintiff cites case law that provides general propositions of contract law but are not relevant to specific issues in the present dispute.

Plaintiff states that the 2016 Governance Manual did not contain an arbitration provision. We agree. That is correct. However, that is not at issue here. (See Exhibit "A").

Plaintiff fails to explain why the 2016 Governance Manual should apply to a Complaint filed in 2021. Plaintiff also fails to address the inconsistencies in his position with respect to his status as a USPA member, as Plaintiff himself alleges that the current Governance Manual is the operative contract upon which he bases his claims. In his opposition to the Motion, Plaintiff disingenuously vacillates between member status and non-member status so that he can pick and choose aspects of the 2016 and 2021 Governance Manuals that suit his position best. As such, the Motion must be granted.

**LEGAL ARGUMENT**

I. **PLAINTIFF IS BOUND BY THE 2021 GOVERNANCE MANUAL, AND AS SUCH, THIS COURT SHOULD COMPEL ARBITRATION**

1

The case law cited in Plaintiff's Opposition is both irrelevant to the issues presented in the Motion, and supportive of Defendant's positions taken in the Motion. Section "V" of Appendix "C" of the 2021 Governance Manual (the "Arbitration Provision") unequivocally states, in pertinent part;

> Any dispute, claim or controversy arising under, out of, in connection with or relating to USPA members' membership contracts, or any course of conduct, course of dealing, statements (oral or written), or actions relating to those contracts, shall be settled by arbitration in the City of Fredericksburg, Virginia in accordance with the commercial arbitration rules of the American Arbitration Association.

*See* USPA Governance Manual, p. 83 (emphasis added). Plaintiff himself alleges that he entered into a valid and enforceable agreement with the USPA, the terms of which included an Arbitration Provision. Both federal and state law require that this Court enforce the arbitration agreement and compel an arbitration of this dispute.

Put simply, Plaintiff's Opposition exclusively cites case law that pertains to contract formation and basic tenets of contract law. Not only is the case law in Plaintiff's Opposition irrelevant to the issues presented in the Motion, but it also runs counter to Plaintiff's contentions. For example, Plaintiff cites *Tri-Cty. Motors, Inc. v. Am. Suzuki Motor Corp.*, 494 F.Supp.2d 161 (EDNY 2007), aff'd, 301 F. App'x 11 (2d Cir. 2008), in support of the proposition that no contract can be formed unless the parties intend to be bound.

Aside from the fact that *Tri-County Motors, Inc.*, dealt with an entirely dissimilar set of facts and circumstances – an arbitration provision was not even at issue in that case – Plaintiff fails to mention how the case relates to Defendant's position. In fact, the *Tri-County Motors, Inc.,* decision supports Defendant's position, since Plaintiff, in seeking reinstatement to the USPA, must necessarily intend to be bound by the rules and agreements of membership, which of course are

2

governed by the 2021 Governance Manual – not the 2016 Governance Manual.  The proposition provided for in *Tri-County Motors, Inc*, cuts to the very core of the inconsistency in Plaintiff's position.  Plaintiff's argument that he does not intend to be bound by the rules of the very organization in which he seeks membership is incongruous, especially in light of the fact that Plaintiff made explicitly clear in his Complaint that the current Governance Manual is the operative contract on which he bases his claims.

Plaintiff's reliance on *Bartsch v. Bartsch,* 54 A.D.2d 940, (2nd Dep't 1976) is, for the same reasons, entirely confounding.  Plaintiff posits that the *Bartsch* holding, which provides that parties to a contract cannot impose liability upon a stranger to that contract, supports his position that this court should not compel arbitration pursuant to the 2021 Governance Manual.  Yet, in the same breath, Plaintiff seeks to compel his own entry into the Defendant organization, and thus presumably be bound to the terms of the 2021 Governance Manual.  As such, Plaintiff seeks to afford himself the comforts of a "stranger" to the Arbitration Provision of 2021 Governance Manual, while at the same time compelling Defendant to allow him to enter the Defendant organization pursuant to the very same agreement.

Plaintiff also cites *Bowles v. OneMain Fin. Grp., L.L.C.*, 954 F.3d 722 (5th Cir. 2020) in support of the proposition that where a party challenges whether there was a "meeting of the minds" with respect to an arbitration provision, such a challenge is to be decided by the courts.  What Plaintiff fails to mention is that the case was decided against the plaintiff, as the *Bowles* court compelled arbitration, and held that questions concerning the enforceability of arbitration agreements are questions to be decided by an arbitrator, and not the court.  Furthermore, it must again be mentioned that we are not challenging this Court's power or jurisdiction to compel arbitration – indeed, Defendant made the Motion in reliance on those very positions.  Plaintiff's

3

reliance on *FCOF UB Sec. LLC v. MorEquity, Inc.*, 663 F. Supp. 2d 224 (SDNY 2009) is similarly misguided, as the case has nothing to do with the validity or enforceability of an arbitration agreement, and accordingly is irrelevant.

As was demonstrated above, none of the case law mentioned in Plaintiff's Opposition relates to the validity or enforceability of an arbitration provision. Instead, Plaintiff cites to cases standing for general propositions of contract law that are irrelevant to Defendant's position or the issues presented in the Motion.

Accordingly, it is plain that the instant dispute falls within the scope of the Arbitration Provision. Plaintiff asserts claims based in an alleged breach of the Governance Manual. *See* Plaintiff's Complaint, ¶ 44. Plaintiff alleges that the "Governance Manual "is a valid and enforceable contract between (Plaintiff) and the USPA," and further that "(Plaintiff) and the USPA entered into this contract." *Id.* at ¶ 45. It is incontrovertible that if Plaintiff seeks to pursue a claim against Defendant for breach of the Defendant's Governance Manual (to which Plaintiff concedes he is subject), based upon Plaintiff's own allegations, the Arbitration Provision contained therein must also be enforceable. Moreover, Plaintiff cannot be permitted to simply pick and choose which terms of an agreement—that he alleges is binding upon the parties—are enforceable, and which are not. Plaintiff himself alleges that the current Governance Manual is the operative contract upon which he bases his claims. Based upon the facts as alleged by the Plaintiff, it is unquestionable that this claim should be directed to arbitration.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court: compel an arbitration of this claim; dismiss Plaintiff's Complaint in its entirety and with prejudice, or

alternatively, stay the action pending the resolution of the arbitration proceeding; and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 27, 2021

                                           Respectfully Submitted,

                                           WINGET, SPADAFORA &
                                           SCHWARTZBERG, LLP

                                                 */s/ Kenneth A. McLellan*
                                           Kenneth A. McLellan, Esq.

## **CERTIFICATION OF COMPLIANCE**

The undersigned hereby certifies that the foregoing Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Complaint and Compel Arbitration contains 1,419 words and complies with the formatting rules set forth in Hon. John G. Koeltl's Individual Practices, dated July 23, 2021.

Dated: New York, New York
       August 27, 2021

                                      */s/ Kenneth A. McLellan*
                                    Kenneth A. McLellan, Esq.