# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YURI GARMASHOV,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES PARACHUTE ASSOCIATION, INC.,<br><br>Defendant. | CASE NO.<br><br>1:21-CV-04917-JGK |

## REPORT OF RULE 26(f) MEETING AND ~~PROPOSED~~ CASE MANAGEMENT PLAN *and Scheduling Order*

Pursuant to Federal Rule of Civil Procedure 26(f), on February 21, 2022, 2022, the following parties to this action met and conferred on the topics outlined in this report and discovery plan:

ERIC M. UNDERRINER, Esq., counsel for Plaintiff Yuri Garmashov, and KENNETH A. McLELLAN, Esq., Counsel for Defendant United States Parachute Association.

### 1. Summary of Claims, Defenses, and Relevant Issues

#### By Plaintiff Yuri Garmashov:

Plaintiff Yuri Garmashov, a professional skydiving instructor, filed this breach of contract action contending that Defendant United States Parachute Association ("USPA"), a self-governing membership association for the sport of

skydiving, wrongfully suspended Mr. Garmashov's membership and instructor ratings.

In August 6, 2016, a former skydiving instructor named Rob Pooley who had been previously suspended by the USPA, forged Mr. Garmashov's signature on certification paperwork for an instructor involved in a tandem skydive jump involving at the Lodi Parachute Center in California. Mr. Garmashov was out of the country at the time of such forgery. Two fatalities occurred during this jump.

Without following the delineated procedures for suspending a member's membership and instructor ratings set forth in its 2016 Governance Manual, which governs the relationship between the USPA and its members such as Garmashov, the USPA suspended Mr. Garmashov's membership and instructor ratings. In further violation of his rights under the Governance Manual, during the suspension decision-making process, Mr. Garmashov was never provided any of the evidence used against him, was denied his right to a fair and impartial hearing process, and was not allowed to have an attorney represent him through the process. The USPA's actions were committed with a willful, wanton, and conscious disregard for Mr. Garmashov's rights.

### By Defendant United States Parachute Association:

The Plaintiff seeks re-entry into Defendant organization United States Parachute Association, Inc., ("USPA"), which suspended his parachute instructor

ratings after considering repeated instances of insufficient and flippant training tactics by Plaintiff. Plaintiff alleges first that his suspension was not warranted, that USPA breached its own governance manual in its process in suspending Plaintiff's ratings, and that Plaintiff has been damaged by his suspension.

USPA first contends that Plaintiff's suspension from USPA was justified. To start, Plaintiff's pre-printed signature appeared on certification paperwork for an instructor involved in a fatal tandem skydive jump at the Lodi Parachute Center in California. USPA contends that Plaintiff's failure to ensure that his signature would not be used to certify or license unprepared students to lead tandem skydives was the latest in a pattern of Plaintiff's disregard for following proper training procedures. Moreover, USPA contends that the process it undertook in investigating and suspending Plaintiff's ratings comported with the requirements in the governance manual, and was and remains justified.

**2. Basis of Subject Matter Jurisdiction:**

Diversity Jurisdiction: Plaintiff is a citizen and resident of California, and Defendant is incorporated in the State of New York, with its principal place of business in Virginia, and the amount in controversy exceeds $75,000.00.

**3. Subjects on Which Discovery May Be Needed:**

**By Plaintiff Yuri Garmashov:**

Discovery is needed on the following subjects:

(a) Defendant USPA's reasoning and rationale for suspending Mr. Garmashov's membership and instructor ratings;

(b) The decision-making process of Defendant USPA's Complaint Group in suspending Mr. Garamshov's membership and instructor ratings;

(c) Defendant USPA's notification to Mr. Garmashov regarding the decision to suspend his membership and instructor ratings;

(d) Defendant USPA's unofficial hearing for Mr. Garmashov;

(e) Defendant USPA's Compliance Group's rationale and reasoning for not believing Mr. Garmashov's testimony or Non-Party Rob Pooley's letter stating that he forged Mr. Garmashov's signature;

(f) Mr. Garmashov's appeal of his suspension to Defendant USPA;

(g) The defenses asserted in the Defendant's Answer, including any non-privileged matter that is relevant to any Party's claim or defense and is proportional to the needs of the case, in accordance with Federal Rule of Civil Procedure 26(b).

## By Defendant USPA:

(a) Plaintiff Garmashov's reasoning and rationale for the practice of pre-signing certification paperwork, thus potentially allowing students who didn't receive proper training to be certified under his name;

(b) Plaintiff Garmashov's communications with witnesses to the occurrences described in the Complaint, including, but not limited to, Rob Pooley;

(c) Plaintiff Garmashov's compliance or non-compliance with parachute training procedural requirements;

(d) Plaintiff Garmashov's alleged damages;

(e) Plaintiff Garmashov's appeal of his suspension to Defendant USPA;

(f) The claims asserted in the Plaintiff's Complaint, including any non-privileged matter that is relevant to any Party's claim or defense and is proportional to the needs of the case, in accordance with Federal Rule of Civil Procedure 26(b).

## 4. Initial Disclosures:

The Parties will provide their Disclosures within 14 days of end of the court ordered mediation presently scheduled for April 5, 2022.

**Formal Discovery**

The Parties jointly propose to the Court the following discovery plan:

(a) All fact discovery must be completed by December 15, 2022.

(b) The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the Parties on consent without application to the Court, provided that the Parties meet the deadline for completing fact discovery as set forth in 5(a) above.

   i. <u>Depositions</u>: Depositions shall be completed by September 15, 2022, and limited to no more than of 25 depositions per party. Absent an agreement between the Parties or an order from the Court, non-party depositions shall follow initial party depositions.

   ii. <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before May 5, 2022. All subsequent interrogatories must be served no later than 30 days before the discovery deadline.

    iii. <u>Requests for Admission</u>: Requests for admission must be served on or before May 5, 2022 or 15 days following the exchange of initial disclosures, whichever is later..

    iv. <u>Requests for Production</u>: Initial requests for production will be exchanged on May 5, 2022 or 15 days following the exchange of initial disclosures, whichever is later. All subsequent requests for production must be served no later than 30 days before the discovery deadline.

    v. <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

## 5. Anticipated Discovery Disputes:

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.

**<u>By Plaintiff</u>:**

None.

**<u>By Defendant</u>:**

Defendant USPA reserves the right to object to the depositions of all 22 USPA board members, because it would be cumulative, duplicative and unduly burdensome to Defendant USPA.

## 6. Amendments to Pleadings:

(a) Are there any amendments to pleadings anticipated? <u>No</u>.

(b) Last date to amend the Complaint: August 1, 2022.

## 7. Expert Witness Disclosures:

**By Plaintiff:**

At this time, the Plaintiff anticipates utilizing an accounting/economic expert to calculate Plaintiff's employment related damages resulting from his inability to work in his chosen occupation and a parachute safety expert to rebut Defendant's expert. Plaintiff has not yet identified his anticipated experts and will disclose same within deadlines and abide all instructions imposed by the applicable Court Rules.

**By Defendant:**

Defendant reserves the right to produce a parachute safety expert. Also, based on Plaintiff's representation concerning utilizing an accounting/economic expert to calculate Plaintiff's employment related damages, Defendant USPA anticipates retaining an accounting/economic expert of its own.

Expert discovery shall be completed by within 90 days of end of all fact discovery.

8. **Electronic Discovery and Preservation of Documents and Information:**

    (a) Have the Parties discussed electronic discovery? <u>Yes</u>.

    (b) Is there an electronic discovery protocol in place? If not, when do the Parties expect to have one in place? No. The Parties expect to have an electronic discovery protocol in place by April 29, 2022.

(c) Do the Parties want the Court to enter a Rule 502(d) Order? <u>Yes</u>.

(d) Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference? <u>No</u>.

9. **Anticipated Motions:**

   <u>**By Plaintiff**</u>:

   Motion for Summary Judgment.

   <u>**By Defendant**</u>:

   Motion for Summary Judgment.

10. **Early Settlement or Resolution:**

The Parties have discussed the possibility of settlement. This matter is scheduled for mediation on April 5, 2022, and the parties are exchanging informal discovery prior to the mediation.

11. **Trial:**

   (a) The Parties anticipate that this case will be ready for trial by June 6, 2023.

   (b) The Parties anticipate that the trial of this case will require 2-3 days.

   (c) The parties do not consent to a trial before a Magistrate Judge at this time.

   (d) The parties request a jury trial.

**12. Other Matters:**

<u>None</u>.

Respectfully submitted this 24th day of February, 2022.

**HALL BOOTH SMITH, P.C.**

366 Madison Avenue
5th Floor
New York, NY 10017
(212) 805-3630
(404) 954-5020 (Fax)
eunderriner@hallboothsmith.com
akaufman@hallboothsmith.com
tgilbert@hallboothsmith.com

<u>/s/ Eric M. Underriner</u>
Alex B. Kaufman, Esq.
Eric M. Underriner, Esq.
Todd Gilbert, Esq.
*Counsel for Plaintiff Yuri Garmashov*

**WINGET, SPADAFORA & SCHWARTZBERG, LLP**
*Attorneys for Defendant United States Parachute Association, Inc.*

By: <u>/s/ Kenneth A. McLellan</u>
Kenneth A. McLellan, Esq.
George A. Giakoumis, Esq.
45 Broadway, 32nd Floor
New York, New York 10006
(212) 221-6900
(212) 221-6989 (facsimile)
McLellan.K@wsllp.com
Giakoumis.g@wssllp.com

---

*Handwritten order by the Court:*

All discovery, including expert discovery, must be concluded by October 28, 2022. Dispositive motions are due by 11/18/22. Joint Pre-Trial Order is due 12/16/22, or 21 days after decision of any dispositive motion. Ready-Trial, 48 hours notice, 14 days after submission of the Joint Pre-Trial Order. So ordered. /s/ John G. Koeltl U.S.D.J. 2/25/22