# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YURI GARMASHOV,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES PARACHUTE ASSOCIATION, INC.,<br><br>    Defendant. | CASE NO.<br><br>1:21-CV-04917-JGK |

## PLAINTIFF YURI GARMASHOV'S MOTION FOR CONTEMPT

**HALL BOOTH SMITH, P.C.**

366 Madison Avenue
5th Floor
New York, NY 10017
(212) 805-3630
(404) 954-5020 (Fax)
*Counsel for Plaintiff Yuri Garmashov*

Attorneys:
Alex B. Kaufman, Esq.

## TABLE OF CONTENTS

**Page No.**

COMBINED PRELIMINARY STATEMENT AND
RELEVANT FACTUAL OVERVIEW………………………………………………1

ARGUMENT AND CITATION OF AUTHORITY ……………………………….5

CONCLUSION ………………………………………………………………………7

CERTIFICATION OF COMPLIANCE …………………………………………...8

## TABLE OF AUTHORITIES

### CASES

Huebner v. Midland Credit Mgmt., Inc.,
897 F.3d 42 (2d Cir. 2018)……………….…………………………..……..5, 6

King v. Allied Vision Ltd., 65 F.3d 1051 (2d Cir. 1995)……………..…………5

In re A.T. Reynolds & Sons, Inc., 452 B.R. 374 (S.D.N.Y. 2011)…………..……..5

### RULES AND STATUTES

Fed. R. Civ. P. 16(f)………………………………..…………………………….5, 7

i

## COMBINED PRELIMINARY STATEMENT AND RELEVANT FACTUAL OVERVIEW

Plaintiff Yuri Garmashov ("Mr. Garmashov" or "Plaintiff"), respectfully submits this memorandum of law in support of his Motion for Contempt.

Mr. Garmashov is a professional skydiving instructor and was a member of Defendant United States Parachute Association ("USPA")—a self-governing association for the sport of skydiving—from 2000 through 2016. See Compl. at ¶¶ 12, 25 [ECF Doc. # 3].

On or around August 6, 2016, and prior to the suspension of Mr. Garmashov's USPA membership, a former skydiving instructor named Rob Pooley, whom the USPA had previously suspended, forged Mr. Garmashov's signature on certification paperwork for an instructor involved in a tandem skydive jump in California. Mr. Garmashov was out of the country when Mr. Pooley forged his signature. That jump resulted in two fatalities.

By letter dated October 13, 2016, Jan Meyer, USPA's National Secretary at the time, informed Mr. Garmashov, that the USPA Board had revoked his membership and terminated all instructor "ratings." See Oct. 13, 2016 USPA Letter from Jan Meyer to Yuri Garmashov. The USPA did not, however, follow the suspension procedures set forth in the 2016 USPA Governance Manual. Mr. Garmashov was not provided with any of the evidence used against him in that decision-making process nor was he allowed to have an attorney represent him.

1

Thereafter, Mr. Garmashov initiated the instant breach of contract action. All claims set forth in Mr. Garmashov's Complaint arise from this 2016 revocation and termination. Subsequent to October 13, 2016, Mr. Garmashov has never been a USPA member.

Each year of USPA membership is governed by a corresponding annual USPA Governance Manual, *e.g.*, 2016 membership is governed by the 2016 USPA Governance Manual, 2017 membership is governed by the 2017 USPA Governance Manual, and so forth. As the USPA terminated Mr. Garmashov's membership in 2016, and all of the present claims are based upon that termination which was in breach of the 2016 Manual, the 2016 Manual is the only version relevant to this matter.

As Mr. Garmashov did not possess a copy of the 2016 Manual when filing the present action, he instead appended a copy of the 2019 Manual to his Complaint and clearly alleged, upon information and belief, that it is in all operative ways, identical to the 2016 version.[1] See 2019 Manual attached to Complaint as Ex. 1 [ECF Doc. #

---

[1] During correspondence relating to Defendant's earlier filed Motion to Dismiss with Counsel for Defendant, Plaintiff requested a copy of the 2016 USPA Governance Manual. Defendant has not provided it. To resolve the unnecessary ambiguity that the Defendant has created by way of its baseless motion, Plaintiff renews his invitation to the Defendant to produce a copy of the 2016 Manual with its reply papers.

3-1]; see generally Compl.  At no point has Mr. Garmashov alleged that any contract other than the 2016 USPA Governance Manual controls his claims.

On August 9, 2021, USPA filed a Motion to Dismiss Plaintiff's Complaint and Compel Arbitration in which it took the untenable position that, because Mr. Garmashov filed the present action in 2021, claims arising from breaches of the 2016 Manual, all of which occurred in 2016, are governed by the 2021 Manual.  See Defendant USPA's Memorandum of Law in Support of its Motion to Dismiss and Compel Arbitration at 1 [ECF Doc. # 16-1].  The 2021 version of the Manual contains an arbitration provision.  Id.

On July 26, 2021, Mr. Garmashov sent USPA a frivolous litigation notice letter and warned that he would seek his costs and fees related to any filings to enforce the non-existent arbitration provision in the applicable 2016 USPA Governance Manual, a true and correct copy of that letter is attached hereto and incorporated by reference as **Exhibit "A**."

On August 19, 2021, Mr. Garmashov opposed that motion and argued that the 2016 USPA Governance Manual does not contain any such arbitration provision, nor does any other manual from any other year during which Mr. Garmashov was a USPA member.  See Plaintiff's Memorandum of Law in Support of its Response in Opposition to Defendant's Motion to Dismiss and Compel Arbitration at 4-5 [ECF Doc. # 17].  Mr. Garmashov contended that, because he was not a USPA member in

3

2021, he was not subject to the terms of the 2021 Manual, and he never agreed to the arbitration provision contained therein.  Id.

Pursuant to this Court's order, the parties refiled their respective motion papers in January 2022.  [See generally ECF Docs. # 20-22].

On February 1, 2022, the Court entered an order denying USPA's Motion to Dismiss and Compel Arbitration, referred this matter to mediation, and directed the parties to participate in the mediation in good faith.  Order at 1 [ECF Doc. # 25].

On February 11, 2022, USPA answered Mr. Garmashov's Complaint, denied his claims, and asserted certain defenses.  See generally Defendant USPA's Answer [ECF Doc. # 26].

On February 24, 2022, Mr. Garmashov and USPA filed a Proposed Case Management Plan wherein they agreed, among other things, that "the court ordered mediation [is] presently scheduled for April 5, 2022."  Report of Rule 26(f) Meeting and Proposed Case Management Plan at 5, 8 [ECF Doc. # 27].  The Court entered an order approving that case management plan on February 25, 2022.  Order on Report of Rule 26(f) Meeting and Proposed Case Management Plan [ECF Doc. # 28].  At a first mediation conference on March 14, 2022, Mr. Garmashov and USPA confirmed that the mediation conference would be held on April 5, 2022.

In the afternoon of April 4, 2022, less than one day before the parties' scheduled mediation (the same date referenced in the Rule 26(f) order), USPA

informed Mr. Garmashov, counsel, and the mediator that its proposed representative, Albert Berchtold, will not attend the mediation, a true an correct copy of that communication is attached hereto and incorporated by reference as **Exhibit "B**." USPA is a large organization and has multiple board members familiar with this matter, who have first-hand knowledge of the events at issues, and who have participated in negotiations with Mr. Garmashov.

## ARGUMENT AND CITATION OF AUTHORITY

Fed. R. Civ. P. 16(f) provides that a court may sanction a party or its attorney for failure to obey a pretrial order of the court. Fed. R. Civ. P. 16(f). "In deciding whether a sanction is merited [under Rule 16(f)], the court need not find that the party acted in bad faith." Huebner v. Midland Credit Mgmt., Inc., 897 F.3d 42, 53 (2d Cir. 2018) (internal quotation marks omitted). The court need only find that (1) the order with which the party allegedly failed to comply is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted in a reasonably manner to comply. See id. ("The fact that a pretrial order was violated is sufficient to allow some sanction."); see also King v. Allied Vision Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995). The clear and convincing standard amounts only to proof that adequately demonstrates a reasonable certainty that a violation of the order occurred. A party's non-compliance with orders to attend mediation and a party's failure to send a representative with

settlement authority to a mediation illustrates a lack of good faith warranting sanctions. In re A.T. Reynolds & Sons, Inc., 452 B.R. 374, 381-82 (S.D.N.Y. 2011).

Here, USPA failed to comply in good faith with the order to mediate on April 5, 2022. First, the Court's ordered entered on February 25, 2022, clearly and unambiguous states on two separate occasions that "the court ordered mediation [is] presently scheduled for April 5, 2022," and that "[t]his matter is scheduled for mediation on April 5, 2022." Order on Report of Rule 26(f) Meeting and Proposed Case Management Plan at 5, 8 [ECF Doc. # 28]. Second, there exists clear and convincing evidence of USPA's noncompliance with that order. In e-mail correspondence between counsel the day before the mediation, counsel for USPA unequivocally wrote that its representative, Mr. Berchtold, will not attend the scheduled mediation. See Ex. B. Lastly, USPA has not diligently attempted to comply with the order requiring mediation on April 5, 2022. For instance, USPA refused to send any other member of USPA's Board to the mediation in Mr. Berchtold's place, despite Mr. Garmashov's counsel's suggestion that other Board members could sufficiently represent USPA and resolve Mr. Garmashov this matter. See id.; see also In re A.T. Reynolds & Sons, Inc., 452 B.R. at 381-82. Thus, USPA's noncompliance with the Court's mediation order is not in good faith. See Huebner, 897 F.3d at 53. Mr. Berchtold is not a party to this action. Moreover, upon info and belief Mr. Berchtold's health is such that he can participate in the mediation

via Zoom, see the e-mail attached hereto and incorporated by reference as **Exhibit "C."**

Because USPA has not acted in good faith, USPA has not obeyed the order that mediation be held on April 5, 2022.  See Fed. R. Civ. P. 16(f).  At all times, Mr. Garmashov and his counsel stand ready, willing, and able to mediate, and have clean hands in complying with this Court's scheduling order.

## CONCLUSION

For the foregoing reasons, Mr. Garmashov respectfully requests this Court sanction USPA for not complying with the mediation schedule and award Mr. Garmashov his fees and costs incurred as a result of USPA's failure to comply and in filing this Motion.

Dated: New York, NY
      April 4, 2022

Respectfully submitted,

**HALL BOOTH SMITH, P.C.**

*/s/ Alex B. Kaufman*

366 Madison Avenue
5th Floor
New York, NY 10017
(212) 805-3630
(404) 954-5020 (Fax)
akaufman@hallboothsmith.com

Alex B. Kaufman, Esq.

*Counsel for Plaintiff Yuri Garmashov*

7

## <u>CERTIFICATION OF COMPLIANCE</u>

The undersigned hereby certifies that the foregoing **PLAINTIFF YURI GARMASHOV'S MOTION FOR CONTEMPT** contains 1,570 words and complies with the formatting rules set forth in Hon. John G. Koeltl's Individual Practices, dated July 23, 2021.

Dated: New York, NY
      April 4, 2022

                                          **HALL BOOTH SMITH, P.C.**

                                          */s/ Alex B. Kaufman*
                                          Alex B. Kaufman, Esq.

                                          *Counsel for Plaintiff Yuri Garmashov*