## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YURI GARMASHOV,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES PARACHUTE ASSOCIATION, INC.,<br><br>    Defendant. | CASE NO.<br><br>1:21-CV-04917-JGK |

## PLAINTIFF YURI GARMASHOV'S
## MOTION FOR RULE 11 SANCTIONS

**HALL BOOTH SMITH, P.C.**

366 Madison Avenue
5th Floor
New York, NY 10017
(212) 805-3630
(404) 954-5020 (Fax)
*Counsel for Plaintiff Yuri Garmashov*

Attorneys:
Alex B. Kaufman, Esq.

# TABLE OF CONTENTS

**Page No.**

COMBINED PRELIMINARY STATEMENT AND
RELEVANT FACTUAL OVERVIEW……………………………………………1

ARGUMENT AND CITATION OF AUTHORITY ………………………….4

CONCLUSION ……………………………………………………………….5

CERTIFICATION OF COMPLIANCE …………………………………...7

# TABLE OF AUTHORITIES

## CASES

Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990)……………..…………4

Caisse Nationale de Credit Agricole-CNCA, New York Branch v. Valcorp, Inc., 28 F.3d 259, 264 (2d Cir. 1994)..……………...…………………………..……..4

Simon DeBartolo Grp., L.P. v. Richard E. Jacobs, Inc., 186 F.3d 157, 167 (2d Cir. 1999)…………..………………………………….4, 5

Ted Lapidus, S.A. v. Vann, 112 F.3d 91, 96 (2d Cir. 1997)…………………….4, 5

## COMBINED PRELIMINARY STATEMENT AND
## RELEVANT FACTUAL OVERVIEW

Plaintiff Yuri Garmashov ("Mr. Garmashov" or "Plaintiff"), respectfully submits this memorandum of law in support of his Motion for Contempt.

Mr. Garmashov is a professional skydiving instructor and was a member of Defendant United States Parachute Association ("USPA")—a self-governing association for the sport of skydiving—from 2000 through 2016. See Compl. at ¶¶ 12, 25 [ECF Doc. # 3].

On or around August 6, 2016, and prior to the suspension of Mr. Garmashov's USPA membership, a former skydiving instructor named Rob Pooley, whom the USPA had previously suspended, forged Mr. Garmashov's signature on certification paperwork for an instructor involved in a tandem skydive jump in California. Mr. Garmashov was out of the country when Mr. Pooley forged his signature. That jump resulted in two fatalities.

By letter dated October 13, 2016, Jan Meyer, USPA's National Secretary at the time, informed Mr. Garmashov, that the USPA Board had revoked his membership and terminated all instructor "ratings." See Oct. 13, 2016 USPA Letter from Jan Meyer to Yuri Garmashov. The USPA did not, however, follow the suspension procedures set forth in the 2016 USPA Governance Manual. Mr. Garmashov was not provided with any of the evidence used against him in that decision-making process nor was he allowed to have an attorney represent him.

2

Thereafter, Mr. Garmashov initiated the instant breach of contract action. All claims set forth in Mr. Garmashov's Complaint arise from this 2016 revocation and termination. Subsequent to October 13, 2016, Mr. Garmashov has never been a USPA member.

Each year of USPA membership is governed by a corresponding annual USPA Governance Manual, *e.g.*, 2016 membership is governed by the 2016 USPA Governance Manual, 2017 membership is governed by the 2017 USPA Governance Manual, and so forth. As the USPA terminated Mr. Garmashov's membership in 2016, and all of the present claims are based upon that termination which was in breach of the 2016 Manual, the 2016 Manual is the only version relevant to this matter.

On August 9, 2021, USPA filed a Motion to Dismiss Plaintiff's Complaint and Compel Arbitration in which it took the untenable position that, because Mr. Garmashov filed the present action in 2021, claims arising from breaches of the 2016 Manual, all of which occurred in 2016, are governed by the 2021 Manual. See Defendant USPA's Memorandum of Law in Support of its Motion to Dismiss and Compel Arbitration at 1 [ECF Doc. # 16-1]. The 2021 version of the Manual contains an arbitration provision. Id.

On July 26, 2021, Mr. Garmashov sent USPA a frivolous litigation notice letter and warned that he would seek his costs and fees related to any filings to

3

enforce the non-existent arbitration provision in the applicable 2016 USPA Governance Manual, a true and correct copy of that letter is attached hereto and incorporated by reference as **Exhibit "A**."

On August 19, 2021, Mr. Garmashov opposed that motion and argued that the 2016 USPA Governance Manual does not contain any such arbitration provision, nor does any other manual from any other year during which Mr. Garmashov was a USPA member.  See Plaintiff's Memorandum of Law in Support of its Response in Opposition to Defendant's Motion to Dismiss and Compel Arbitration at 4-5 [ECF Doc. # 17].  Mr. Garmashov contended that, because he was not a USPA member in 2021, he was not subject to the terms of the 2021 Manual, and he never agreed to the arbitration provision contained therein.  Id.

Pursuant to this Court's order, the parties refiled their respective motion papers in January 2022.  [See generally ECF Docs. # 20-22].

On February 1, 2022, the Court entered an order denying USPA's Motion to Dismiss and Compel Arbitration, referred this matter to mediation, and directed the parties to participate in the mediation in good faith.  Order at 1 [ECF Doc. # 25].

On February 11, 2022, USPA answered Mr. Garmashov's Complaint, denied his claims, and asserted certain defenses.  See generally Defendant USPA's Answer [ECF Doc. # 26].

## ARGUMENT AND CITATION OF AUTHORITY

District courts have broad discretion in determining whether to grant Rule 11 sanctions. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 402-05 (1990). Rule 11 sanctions are appropriate where a person signs a filing without a belief formed from a reasonable inquiry that the argument is non-frivolous. Caisse Nationale de Credit Agricole-CNCA, New York Branch v. Valcorp, Inc., 28 F.3d 259, 264 (2d Cir. 1994). A filing is "frivolous" if it is "clear under existing precedent that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands." Simon DeBartolo Grp., L.P. v. Richard E. Jacobs, Inc., 186 F.3d 157, 167 (2d Cir. 1999) (quotation marks omitted). Courts apply an objective unreasonableness standard in assessing a claim for Rule 11 sanctions. Ted Lapidus, S.A. v. Vann, 112 F.3d 91, 96 (2d Cir. 1997).

Here, USPA's Motion to Dismiss and Compel Arbitration was frivolous. As argued in Mr. Garmashov's response to that motion, the USPA terminated his membership in 2016, and its actions at that time were governed and regulated by the 2016 USPA Governance Manual. The 2021 USPA Governance Manual added a provision requiring the arbitration of all 2021 USPA membership disputes. However, the 2016 manual, and the manual to which Mr. Garmashov agreed to be bound, contains no such arbitration provision either on its face or implicitly.

Indeed, the Court agreed with Mr. Garmashov's argument when it denied USPA's motion in its entirety. See Order at 1 [ECF Doc. # 25]. The Court's one-page order further highlights the frivolity of USPA's motion. In written correspondence, Mr. Garmashov's counsel recognized the frivolity of such a motion and put USPA and its counsel on notice of the same and of its intent to seek Rule 11 sanctions if it pursued that motion. Yet, USPA chose to ignore that warning and proceeded to file and lose on its frivolous motion.

Based on the total absence of any arbitration provision in the 2016 USPA Governance Manual and on Mr. Garmashov's counsel's letter, it was objectively unreasonable for USPA to pursue a motion to compel arbitration. See Ted Lapidus, S.A., 112 F.3d at 96. Likewise, it was clear that there was no reasonable argument that an arbitration provision governed Mr. Garmashov's claims. See Simon DeBartolo Grp., L.P., 186 F.3d at 167. Thus, USPA's Motion to Dismiss and Compel Arbitration was frivolous and in violation of Rule 11 such that this Court should exercise its discretion to impose sanctions upon USPA, including, but not limited to, Mr. Garmashov's attorney's fees and costs in defending that frivolous filing and in drafting the instant Motion.

## CONCLUSION

For the foregoing reasons, Mr. Garmashov respectfully requests this Court, pursuant to Fed. R. Civ. P. 11, sanction USPA for filing a frivolous Motion to

6

Dismiss and Compel Arbitration and award Mr. Garmashov his fees and costs incurred as a result of that filing in filing this Motion. Mr. Garmashov also respectfully requests a hearing on the foregoing at which he can prove those costs and fees incurred.

Dated: New York, NY
      April 4, 2022

Respectfully submitted,

**HALL BOOTH SMITH, P.C.**

*/s/ Alex B. Kaufman*
Alex B. Kaufman, Esq.

366 Madison Avenue
5th Floor
New York, NY 10017    *Counsel for Plaintiff Yuri Garmashov*
(212) 805-3630
(404) 954-5020 (Fax)
akaufman@hallboothsmith.com

## **CERTIFICATION OF COMPLIANCE**

The undersigned hereby certifies that the foregoing **PLAINTIFF YURI GARMASHOV'S MOTION FOR RULE 11 SANCTIONS** contains 1,178 words and complies with the formatting rules set forth in Hon. John G. Koeltl's Individual Practices, dated July 23, 2021.

Dated: New York, NY
April 4, 2022

**HALL BOOTH SMITH, P.C.**

*/s/ Alex B. Kaufman*
Alex B. Kaufman, Esq.

*Counsel for Plaintiff Yuri Garmashov*