

| | | |
|---|---|---|
| | Eric Underriner<br>Phone: (404) 954-5000<br>eunderriner@hallboothsmith.com | 191 Peachtree St. NE<br>Suite 2900<br>Atlanta, GA 30303-1775 |

Office: (404) 954-5000
Fax: (404) 954-5020
www.hallboothsmith.com

July 26, 2021

**VIA E-MAIL and CERTIFIED MAIL**
McLellan.K@wssllp.com

Mr. Kenneth Andrew McLellan
Winget Spadafora & Schwartzberg, LLP
45 Broadway, 32nd Floor
New York, NY 10006
mclellan.k@wssllp.com

   RE: Yuri Garmashov v. United States Parachute Association, Inc.
      Southern District of New York, 1:21-cv-04917-JGK

Dear Mr. McLellan:

  As you know, we represent Plaintiff Yuri Garmashov in the referenced matter against your client, the United States Parachute Association (U.S.P.A.). We write to demand that the U.S.P.A. immediately withdraw, within the mandates of Federal Rule of Civil Procedure 11 ("Rule 11"), its pursuit of a Motion to Dismiss this matter for lack of jurisdiction based upon a claimed contractual arbitration requirement. At present, you need only withdrawal your request for a pre-motion conference (to which the Court already responded by staying this matter pending the decision on your proposed motion); and ask the Court to lift the stay. As we discussed in our July 23 and 24 telephone calls, as further discussed below, your position: **that Mr. Garmashov's claim arising from a 2016 contract is subject to a contractual arbitration provision that first appeared in a different 2021 contract, to which Mr. Garmashov was not a party,** has no merit whatsoever and is not reasonably an effort to expand the well-settled law governing contractual arbitration provisions.

  As you are aware, the U.S.P.A. terminated Mr. Garmashov's membership in 2016, and never reinstated it. Prior to termination, Mr. Garmashov's membership was last governed by the 2016 U.S.P.A. Governance Manual ("2016 Manual"). The 2016 Manual did not contain an arbitration provision. Inexplicably, your pre-motion conference request contends that Mr. Garmashov is somehow subject to the provisions of the 2021 U.S.P.A. Governance Manual ("2021 Manual"), which does contain an arbitration provision, despite the undisputed fact that he was never a party to it. The law governing the enforcement of contractual arbitration provisions is extremely clear: "arbitration is a matter of contract," and "any changes [to a contract] must be . . . accepted by both parties." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011); see Stemcor USA, Inc. v. Trident Steel Corp., 471 F.Supp.2d 362, 366 (S.D.N.Y. 2006). There is

HALL BOOTH SMITH, P.C.

Mr. McLellan
July 26, 2021
Page 2
_____

no evidence to support nor argument to be made that Mr. Garmashov accepted a change to the 2016 Manual that added an arbitration provision nor that he was a party to the 2021 Manual. Accordingly, the U.S.P.A. position fails under any possible interpretation of the binding caselaw. As first made in our last telephone conversation, I renew my invitation for you to provide anything that even remotely resembles authority for this ridiculous position.

You are hereby placed on notice that absent the immediate withdrawal of your client's request and submission of a request that the Court lift the stay, we will oppose your misguided motion and when we successfully defeat it, seek sanctions and remedies and any and all additional relief to which Mr. Garmashov is entitled. In order to avoid unnecessary costs and motion practice, for the reasons set forth below, we are demanding your immediate withdrawal of the request and lift the stay no later than **August 2, 2021**.

Should you have any questions, feel free to contact me.

Sincerely,

*Eric M. Underriner*

Eric M. Underriner, Esq.

RMU