

Alex B. Kaufman
Phone: (404) 964-5587
akaufman@hallboothsmith.com

366 Madison Ave
5th Floor
New York, NY 10017

Office: (212) 805-3630
Fax: (917) 781-0811
www.hallboothsmith.com

May 20, 2022

**VIA ECF ONLY**
The Honorable John G. Koeltl
United States District Judge
United State District Court
Southern District of New York
Daniel Patrick Moynihan
United State Courthouse
500 Pearl Street
New York, New York 10007
(212) 805-0222

Attn: Donnie Fletcher
Donnie_fletcher@nysd.uscourts.gov

RE:    Garmashov v. United States Parachute Association, Inc.
Case No.:    1:21-cv-04917-JGK

Dear Mr. Fletcher:

As you know, this office represents Mr. Yuri Garmashov, the Plaintiff in the above referenced action. Per the Court's Order to mediate, on May 11, 2022, the parties appeared for a resumed mediation with Ms. Holly H. Weiss, Esq. of HWH Mediation, LLC. The parties came to an agreement and reduced the settlement terms to a writing entitled a Mediation Settlement Agreement Terms and Conditions ("Settlement Agreement"). This document was signed by Plaintiff (and also by the undersigned via an Ipad but for unexplained technical reasons the signature does not appear) and was sent by Plaintiff's counsel to Defense counsel for signature (copying Mediator Weiss).

The following day, May 12, 2022, Defense counsel responded to Plaintiff's counsel's inquiry (through Mediator Weiss) that there was indeed an agreement in principle as evidenced by Settlement Agreement. Defense counsel wrote in response, "we have an agreement in principle" and that "the document had been sent to their client for signature." There was neither a reservation or qualification by Defense counsel that the Settlement Agreement was contingent upon any subsequent intervening event or "Final Settlement Agreement Draft" nor were the Settlement Agreement terms ambiguous. Rather, Defense Counsel was blunt and unequivocal – "We have an agreement in principle."

NEW YORK, NY

HALL BOOTH SMITH, P.C.

The following day, May 13, 2022 Defense counsel reneges and attempts to add new terms to the Settlement Agreement. These terms include a never before discussed or negotiated covenant from Plaintiff that "no more applications to be in the USPA, no demands for arbitration and no applications to get back in" be included (as well as Plaintiff's counsel refrain from bringing any other future actions against the USPA. These new covenant terms were not previously agreed upon or mentioned during the meditation with Mediator Weiss and were therefore not included in the Mediation Settlement Agreement Terms and Conditions document that had been previously sent to Defense counsel for signature (aside from the fact that they violate public policy as it would presumably have applied to counsel for a potential future client with another claim against the USPA.

Already reaching an agreement, Plaintiff both objected to and rejected the Defendant's proposed inclusion of the covenant language into the Settlement Agreement (as there was already an agreement in principle and the parties performed by terminating the mediation as well as provided a signed tax form and provided wiring instructions as requested by Defense Counsel in conjunction with his affirmation that there was indeed an "agreement in principle" to the terms of the Settlement Agreement). Incredibly, only after the Settlement Agreement was the concept of affirmative covenants for Mr. Garmashov to never reapply for admission to the USPA as a member or for any rating as well as for his counsel to never represent another party before the USPA presented to the Plaintiff (or Counsel). The aforementioned covenants would not have been accepted even if they were presented to Mr. Garmashov during the <u>multiple days of mediation</u>. Plaintiff, in an effort to avoid the need to file this Motion to Enforce, requested that Defendant affirm the Settlement Agreement and abide by its terms. At all times relevant, Plaintiff was ready, willing, and able to abide by the Settlement Agreement and, even at present, fulfill all of his obligations. Unfortunately, Defendant, through its counsel, have stated an ardent refusal to honor recognize the Settlement Agreement, that just days earlier was affirmed and "sent to client for signature."

To date, Defendant has refused to sign the Settlement Agreement. Plaintiff is now compelled to move to enforce the settlement agreement, which is enclosed for this Honorable Court's review. The settlement agreement should be enforced as the agreement was reduced to writing as required by CPLR §2104 as established in the attached documents.[1] Pursuant to <u>Kowalchuck v. Stroup</u>, 61 A.D.3d 118 (N.Y. App. Div. 2009), a plaintiff must establish there was an offer, acceptance of the offer, consideration, mutual assent and an intent to be bound. As is indicated in the enclosed documents, an offer was made via e-mail and accepted with the assistance of the mediator, Holly Weiss. The terms were then reduced to writing identified in the Settlement Agreement, and presented to both parties for signature, and all parties agreed to the terms as written on May 11, 2022. E-mail communication has been established as a means to enter into binding agreements. <u>Denburg v. Parker Chapin Flattau & Kimpl.</u>, 624 N.E.2d 995 (N.Y. 1993).

In addition to refusing to honor the Settlement Agreement Defense counsel has **insisted** the Settlement Agreement be "under seal." Based upon the Defense counsel's demand for the Settlement Agreement (and its terms) be under seal. Consequently, the Court staff has been contacted and at the Court's directives, Plaintiff is complying by submitting this letter directly to the Honorable Judge Koeltl and not publicly through the electronic filing system. Should the Court

---

[1] The Settlement Agreement was signed by at least one party, the plaintiff, although the signature of any and all parties was not part of the mediation discussions or terms of the settlement.

HALL BOOTH SMITH, P.C.

require any additional information, wish to set a hearing, or receive a proposed order we stand ready at the Court's pleasure.

Very truly yours,

Alex B. Kaufman
FOR YURI GARMASHOV

Encl.

cc:    Winget, Spadafora & Schwartzberg, LLP
       45 Broadway, 32nd Floor
       New York, New York 10006
       (212) 221-6900
       Kenneth McLellan mclellan.k@wssllp.com
       Keith Roussel Roussel.k@wssllp.com