**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YURI GARMASHOV, | |
| Plaintiff, | New York State |
| v. | Civil Action Case No.: 1:21-cv-04917-JGK |
| UNITED STATES PARACHUTE ASSOCIATION, INC., | |
| Defendant. | |

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE**
**SETTLEMENT AGREEMENT REACHED AT MEDIATION AND FOR**
**ATTORNEY'S FEES**

---

HALL BOOTH SMITH, P.C.
Attorneys For Plaintiff
366 Madison Avenue, 5th floor
New York, New York 10017
akaufman@hallboothsmith.com
(212) 805-3630

Alex Kaufman, Esq.

Bar Number: 5362264

i

**TABLE OF CONTENTS**

**Page No.**

PRELIMINARY STATEMENT ……………………………....……………..1

STATEMENT OF FACTS……………………………………..…..……...1

LAW AND LEGAL ARGUMENT ………………………..…..…..……3

CONCLUSION………………………………………………...…………7

**TABLE OF AUTHORITIES**

**CASES**

*Kowalchuk v. Stroup*, 61 A.D.3d 118, 121, 873 N.Y.S.2d 43, 31 (1st Dept. 2009)…………..3

*King v. King,* 208 A.D.2d 1143, 1143-1144 [1994]…………………………………………..4

*Hostcentric Technologies, Inc., v. Republic Thunderbolt, LLC,* 2005,
WL 1377853 (S.D.N.Y. June 9, 2005),…………………………………………….………5

**RULES AND STATUTES**

CPLR § 2104……………………………………………………………………………..5

## PRELIMINARY STATEMENT

Plaintiff, YURI GARMASHOV, who by and through his undersigned counsel, hereby moves to enforce a settlement agreement reached at mediation in addition to attorney's fees in the amount of at least $2,500.00[1] for the undersigned having had to prepare the instant Motion based on the following information:

## I. STATEMENT OF FACTS

1.       This is a four-count cause of action asserting claims for breach of contract, breach of implied covenant of good faith and fair dealing, gross negligence, and violation of California Business and Professions Code filed on June 7, 2021.  **(Exhibit 1)[2].**

2.       A notice of appearance was filed on July 2, 2021.  **(Exhibit 2).**

3.       Motion practice ensued including but not limited to Defendant's motion to dismiss (which was denied).  For the sake of brevity these motions are not included as exhibits.

4.       Plaintiff requested that this Court order the parties to mediation. The parties signed a Southern District of New York Mediation Form on May 2, 2022. **(Exhibit 3).**

5.       The parties agreed to mediate on April 5, 2022, but the afternoon of April 4, 2022 Defendant cancelled due to a claimed illness that inhibited Defendant from appearing at the zoom deposition. Mediation was then rescheduled and briefly held on May 3, 2022, but it was suspended because Defendant did not have anyone present with authority to negotiate a financial settlement, only "other" remedies.  Yet again the parties rescheduled the mediation for May 11,

---

[1] The undersigned's hourly fee is $500.00 an hour, and the instant motion, legal research, preparation of exhibits and final revisions to prepare for filing was over five (5) hours of time.  Additional legal counsel and support staff contributed to the legal research, drafting, and other legal services that resulted in this motion and accompanying letter to the Court. The undersigned has compromised their time in an effort to show reasonableness to the Court. If the Court requires an affidavit to support the attorney's fees associated with this instant Motion, same will be provided upon request.

[2] All referenced Exhibits are incorporated herein by reference.

2022. The parties held a day long zoom mediation on May 11, 2022, with Court appointed

mediator Holly H. Weiss, Esq. of HWH Mediation, LLC. **(Exhibit 4).**

6.      During Mediator Weiss' May 11, 2022  zoom mediation, the parties successfully

reached a full settlement concerning all claims in this case. In reliance, the parties stopped

negotiating and concluded the mediation. In further reliance of the agreement in principle,

Plaintiff's counsel drafted and Plaintiff executed a Mediation Settlement Terms and Conditions

Agreement ("Settlement Agreement") and then circulated it to Defense counsel and copied

Mediator Weiss.  **(Exhibit 5).**

7.      Plaintiff, in hopes to notify the Court of the case resolution, via the assistance of

mediator Weiss, contacted defense counsel on May 12, 2022, at 3:53 p.m., inquiring as to why

no confirmation or the delay in the return of the executed Settlement Agreement.  **(Exhibit 6).**

8.      On May 12, 2022, at 8:35 p.m., defense counsel responded stating "Holly Weiss

asked that I respond to this email to **confirm that we have an agreement in principle, which**

**we do**.  We sent the term sheet to our client for signature.  If you want to move the process

along, please end [sic] a draft formal proposed settlement agreement.  Carriers generally require

an executed IRS W-9 form and written payment instructions." (emphasis added) **(Exhibit 7).**

9.      Plaintiff's counsel subsequently remitted an IRS W-9 form and written wiring

instructions.

10.      The following day, May 13, 2022, defense counsel attempted to add new terms

and covenants on the Plaintiff and undersigned counsel including "He doesn't come back. You

don't come back" as well as "no more applications to be in the USPA, no demands for arbitration

and no applications to get back in." **(Exhibit 8).**

11.     Defendant's new covenant terms were neither discussed during any mediation with Mediator Weiss nor discussed or mentioned in any manner whatsoever prior Defense Counsel's May 13, 2022 e-mail. Further, they are not and would not have been agreeable to Plaintiff (or his counsel as they are violative of public policy).

12.     Just the day prior, counsel for the Defendants had confirmed there was <u>an agreement in principle.</u> *See* **Exhibit 7.**

13.     Additional correspondence was exchanged between Plaintiff counsel and defense counsel identifying the additional terms were new, never negotiated, discussed or agreed to during mediation and were only brought to the attention of the Plaintiff on May 12, 2022 at 8:35 p.m., <u>after</u> the settlement had been agreed upon. **(Exhibit 9).**

**14.**     Per Defense counsel's original request on May 12, 2022, Plaintiff's counsel provided wire instructions and signed W-9.  **(Exhibit 10).**

15.     To date, Defendant has refused to execute the Settlement Agreement, thereby forcing this Court intervention and motion practice.

## II.     <u>Law and Legal Argument</u>

16.     Under New York law it is well settled that settlement agreements are treated like any other contract.  In order to establish the existence of a settlement agreement, "a Plaintiff must establish an offer, acceptance of the offer, consideration, mutual assent and an intent to be bound." <u>Kowalchuk v. Stroup</u>, 61 A.D.3d 118, 121, 873 N.Y.S.2d 43, 31 (1st Dept. 2009).

17.     In <u>Kowalchuk</u>, the Court found that an "e-mail sent by Plaintiffs' counsel establishes that Defendant made an offer, including all the essential material terms of that offer, and that Plaintiffs accepted the offer…. Defendant contends that the offer was revoked before it was accepted, relying on the fact that the Plaintiffs had not yet signed the formal writing."

18.     The Court continues, "[w]hile an offer normally may be revoked at any time prior to acceptance, the moment of acceptance is the moment the contract is created.  'As a general rule, in order for an acceptance to be effective, it must comply with the terms of the offer and be clear, unambiguous and unequivocal.'" Citing _King v. King_, 208 A.D.2d 1143, 1143-1144 [1994], citing 21 N.Y. Jur. 2d, Contracts §53, at 470 and 2 Lord, Williston on Contracts §6:10, at 68 [4th ed.].

19.     In the instant action, Plaintiff argues that Defendant's e-mail from May 12, 2022, at 8:35 p.m., from defense counsel, Kenneth McLellan accepted the offer and the Mediation Settlement Agreement Terms and Conditions that was signed by Plaintiff on May 11, 2022, when Kenneth stated in the e-mail, "…we have an agreement in principle…" and "We sent the term sheet to our client for signature."[3]  (_See_ **Exhibit 7**).

20.     The Mediation Settlement Agreement Terms and Conditions were clear, unambiguous, and unequivocal.  The case would settle for a specified sum of $150,000, with mutual dismissals with prejudice, mutual general releases of all claims and allegations, mutual confidentiality as to the terms of the Agreement, and no admission of liability by any party.  (_See_ **Exhibit 5**).

21.     In response to Plaintiff's e-mail correspondence inquiring if the Mediation Settlement Agreement Terms and Conditions was to be accepted by Defense Counsel dated May 12, 2022, defense counsel provided a response later that day, at 8:35 p.m., that ***there was an agreement in principle and that the term sheet was sent to their client for signature***.  There was no mention at that time that the term sheet was being sent to their client for review, or for a potential counter offer, or that there was an issue or discrepancy in the Mediation Settlement Agreement

---

[3] Defense counsel's email was unequivocal and absolute. There was no qualification. Moreover the terms of the Settlement Agreement were originally presented to Plaintiff from Defendant, and were subsequently accepted by Plaintiff and reduced to writing via an affirmation of acceptance email by Plaintiff's counsel.

Terms and Conditions.  The Mediation Settlement Agreement Terms and Conditions was sent to their client for signature, only.  (*See* **Exhibit 7**).

22.    Plaintiff relied upon the Defendant's response that their offer, which had been reduced in writing in the Settlement Agreement and was accepted by the Defendant. Defendant did not reject, unduly delay, provide a counteroffer, qualify that the Agreement was subject to review, dependent upon a mutually agreeable final settlement agreement, or any other statement that there was anything short of acceptance of the offer. (*See* **Exhibit 7**).

23.    An attorney is an agent for his client and has the authority to bind his client to an agreement. This is exactly what Defense Counsel did for the USPA. (*See* **Exhibit 7).**

24.    CPLR § 2104, governs the enforceability of a settlement agreement and strictly states the settlement agreement be in writing.  The email exchange and the Settlement Agreement are in writing and therefore in compliance with CPLR § 2104.

25.    What the laws and statutes are less strict on is the formality of the writing.  Courts and laws merely require the essential elements of a legally binding contract, an offer, an acceptance, an intention to create a legal relationship and some form of consideration to have a binding contract.  The Courts in Hostcentric Technologies, Inc., v. Republic Thunderbolt, LLC, 2005 WL 1377853 (S.D.N.Y. June 9, 2005), found that a settlement agreement documented in an e-mail was valid.   The parties agreed in writing to that $755,000 would be paid with retention of a security deposition, the action would be dismissed with prejudice and all parties would exchange mutual general releases with payment due within 10 days from the date the e-mail was sent.

26.    The parties in Hostcentric agreed to the above provisions and when Defense Counsel drafted the agreement, counsel included language that the Plaintiff would indemnify, defend and hold the Defendant harmless from and against all loss, costs or expense…. Plaintiff

objected to that language in the settlement agreement as it was not included in the original provisions of the earlier e-mail that Defendant had accepted in writing.

27.     Plaintiff moved to have the e-mail from defense counsel accepting their offer for a specified sum, mutual general releases and dismissal with prejudice to be considered a valid contract and enforced and the Courts agreed.

28.     Similar to the case at hand, during mediation multiple e-mails were exchanged between the parties and Mediator Weiss.

29.     On May 11, 2022, there was an offer made by Plaintiff and unequivocal acceptance by the Defendants, which was then reduced to writing in the Mediation Settlement Agreement Terms and Conditions.  (*See* **Exhibit 7**).

30.     The negotiation e-mails exchanged between the parties (and the mediator) are devoid of any mention of the additional provisions that Defendant identified in their May 13, 2022 e-mail.  (*See* **Exhibits 5, 6, 7, 8, 9 and 10**).

31.     Even after Plaintiff drafted the Settlement Agreement and sent it to the Defendant for review and signature, Defense counsel made no objections or changes to the Agreement. Rather they confirmed that there was "an agreement in principle" and stated that it was in the USPA's hands for signature only.  (*See* **Exhibit 7**).

32.     Based upon the above, the Defense Counsel's e-mail communications accepted the offer from Plaintiff via e-mail on May 11, 2022 and entered into a binding and complete settlement agreement, that was deduced to writing and that did not require the signature of both parties to be enforced.

33.     Defendant's refusal to sign the Settlement Agreement is a breach of contract, prompting this office to move to enforce the agreement, which should be granted in its entirety.

**<u>CONCLUSION</u>**

Plaintiff having shown that based on applicable case law and statutes, the e-mails exchanged between the parties on May 11, 2022 surrounding settlement of the above case are valid and enforceable.  That Defendants are bound by the Settlement Agreement and Defendant's should be ordered to release the funds as so stipulated and perform all terms of the Settlement Agreement. Further, costs and such other relief as this Court may deem just and appropriate under the circumstances should be born by the Defendant and its counsel.

Dated:  May 20, 2022                    Yours, etc.,
       New York, New York

                                         **HALL BOOTH SMITH, P.C.**

                                     By: _____
                                         Alex B. Kaufman
                                         366 Madison Avenue
                                         5th Floor
                                         New York, NY 10017
                                         (404) 964-5587
                                         akaufman@hallboothsmith.com

<u>**CERTIFICATION OF SERVICE**</u>

Alex Kaufman, an attorney admitted to practice in the Courts of the State of New York, hereby certifies as follows:

I am an attorney licensed to practice in the State of New York, and licensed to practice before this Court.  I am a partner at the law firm of Hall Booth Smith, P.C.  I am over eighteen years of age.  I am not a party to this action.

On May 20, 2022, I caused a copy (1) Notice of Motion, and (2) Memorandum of Law in Support of Motion to Enforce Settlement Agreement and Attorneys Fees, to be served on the following party, via ECF/PACER, which was provided to the Court and is currently reflected on the docket:

Winget, Spadafora & Schwartzberg, LLP
45 Broadway, 32nd Floor
New York, New York 10006
(212) 221-6900
Kenneth McLellan mclellan.k@wssllp.com
and Keith Roussel Roussel.k@wssllp.com

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 20, 2022
New York, New York

By: _____
Alex Kaufman (5362264)

8

# EXHIBIT 1

ALEX B. KAUFMAN (Pro Hac Vice pending)
AKaufmann@hallboothsmith.com
ERIC UNDERRINER (EU8646)
EUnderriner@hallboothsmith.com
TODD GILBERT (TG5953)
TGilbert@hallboothsmith.com
HALL BOOTH SMITH, P.C.
366 Madison Avenue, 5th Floor
New York, NY 10017
T: 212.805.3630 | F: 404.954.5020

Attorneys for Plaintiff

## IN THE UNITED STATE DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YURI GARMASHOV, | |
| Plaintiff, | Case No. _____ |
| v. | |
| UNITED STATES PARACHUTE ASSOCIATION, INC. | **COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND JURY DEMAND** |
| Defendant. | |

Plaintiff Yuri Garmashov ("Plaintiff" or "Mr. Garmashov") by and through his undersigned counsel, files this Complaint for breach of contract, gross negligence, and injunctive relief against the United States Parachute Association, Inc. ("Defendant" or "USPA") and alleges as follows:

## JURISDICTION

1.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because Plaintiff is a citizen and resident of California, and Defendant is incorporated in the State of New York, with its principal place of business in Virginia, and the amount in controversy exceeds $75,000.

## VENUE

2.     Venue is proper in this district pursuant to 28 U.S.C. § 1391, because the Defendant is incorporated in the State of New York.

## PARTIES

3.     Plaintiff is, and at all times relevant was, a citizen and resident of California residing in Sacramento County, California.

4.     Defendant is a nonstock corporation incorporated in the State of New York, with a principal place of business at 5401 Southpoint Centre Boulevard, Fredericksburg, VA 22704.

## PROCEDURAL HISTORY

5.     This matter was originally commenced by way of Complaint (the "Original Complaint"), bearing Case. No. 2:20-cv-01392-KJM-CKD, filed on July 8, 2020 in the United States District Court for the Eastern District of California, Sacramento Division.

6.      Prior to the Defendant filing an Answer, the parties commenced settlement discussions which resulted in an agreement to dismiss the Original Complaint without prejudice so the parties could attempt to resolve this matter.

7.      The parties agreed to hold a hearing to address Plaintiff's allegations which give rise to the present action.  The hearing was help in January 2021 and failed to resolve this matter.

8.      Contemporaneous to the dismissal and hearing discussed above, the parties agreed to toll any applicable statute of limitations relevant to the allegations set forth in the Original Complaint, which are identical to those filed herein.

## FACTUAL ALLEGATIONS

9.      The USPA is a self-governing membership association for the sport of skydiving. The USPA serves as an advocate and lobbyist for the sport of skydiving, disseminates a monthly publication for its members, and coordinates competitions and awards.

10.     In addition to the functions described above, the USPA publishes and maintains skydiving training manuals as well as issues licenses and instructional ratings to members that qualify them to teach other skydivers.  Skydivers utilize their USPA-issued ratings and credentials in order to obtain paid work in the skydiving sector.

11.     An instructor rating is a credential that the USPA issues to qualified individuals who wish to teach skydiving to others as an economic opportunity.  The USPA offers varying levels of ratings.

12.     Mr. Garmashov has been a dues paying member of the USPA since 2000.  He is a professional skydiving instructor, has completed over 9,100 skydives, has conducted numerous skydiving training courses across the world, and has coordinated stunts that have been showcased on digital media platforms such as You Tube.

13.     Prior to the events at issue in this case, Mr. Garmashov held several examiner ratings issued by the USPA.  He earned a majority of his income by training skydivers using those ratings.

## THE USPA WRONGFULLY REVOKES MR. GARMASHOV'S RATINGS

14.     In August of 2015, Mr. Garmashov was approached by another skydiver named Rob Pooley.

15.     Mr. Pooley's Tandem Examiner rating had been suspended by the USPA, and he was thus unable to train skydivers by himself.

16.     Mr. Pooley asked Mr. Garmashov if he could work under his instruction until the USPA reinstated Pooley's ratings.

17.     Mr. Garmashov agreed to work with Mr. Pooley on the condition that Mr. Pooley could only work with students and conduct classes when Mr. Garmashov was present to personally supervise.

18.     In 2015, Mr. Garmashov and Mr. Pooley helped several individuals achieve their certifications in that manner.

19.     On May 20, 2016, Mr. Garmashov left the United States for the summer to work abroad. Mr. Garmashov did not return to the United States until August 2, 2016.

20.     Before Mr. Garmashov left for the summer, Mr. Pooley told Mr. Garmashov that his ratings suspension would be lifted in June, and when that happened that he would return to training individuals by himself.

21.     Mr. Garmashov and Mr. Pooley corresponded over the summer, but did not conduct any more trainings together.

22.     On August 6, 2016, there were two fatalities during a tandem jump at the Lodi Parachute Center (the "Lodi Center") in California.

23.     When Mr. Garmashov spoke with others in the skydiving community about the incident, Mr. Garmashov discovered that while he was out of the country for the summer, Mr. Pooley had forged his signature on the certification paperwork for the fatal skydive. This certification paperwork with Mr. Garmashov's forged

signature was used by the skydiving instructor who was killed at the Lodi Center in the tragic accident that also took the life of another skydiver.

24.     As Mr. Garmashov had been out of town on August 6, 2016, and out of the country for several months prior, he unequivocally lacked any form of participation or involvement in the instruction, certification, or related events of the August 6, 2016 skydive describe above.

25.     The USPA suspended Mr. Garmashov's instructor ratings in response to the August 6, 2016 fatality, despite Mr. Garmashov's explanations that he had been out of the country when the instructor had been trained and that his signature had been forged.

## THE USPA FAILED TO FOLLOW ITS PROMISED PROCEDURES

26.     Membership in the USPA is governed and regulated by the USPA Governance Manual ("Governance Manual").  A true and correct copy of the current Governance Manual is attached hereto and incorporated herein by reference as **Exhibit 1**.  Upon information and belief, the Governance Manual in effect in 2016 was identical in all relevant respects.

27.     As noted above, one of the benefits received in return for membership in the USPA is eligibility to earn skydiving licenses and ratings.  A skydiver cannot earn a rating from the USPA without membership in the USPA.

28.     Once the USPA awards a rating, the USPA Governance Manual provides the procedure that the USPA must follow in order to suspend that rating. *See* Ex. 1 at § 1-6 ("Disciplinary Actions").

29.     The Governance Manual constitutes part of a binding agreement between the members of the USPA and the USPA itself.  As part of this covenant, the USPA agrees that in exchange for members paying their annual membership fees, the USPA will award ratings to qualified individuals and will abide by the disciplinary procedures set out in the Governance Manual.

30.     The Disciplinary Action section of the Governance Manual "establishes the procedures for instituting an action against a member, the minimum due process that must be accorded a member against whom such action is brought and the appellate review that is available before such action is finalized."  Ex. 1 at § 1-6.3.

31.     The Governance Manual specifies that only certain conduct constitutes a violation sufficient to warrant a disciplinary proceeding that may lead to the revocation of credentials.  Per the Governance Manual, disciplinary actions will be taken only against a USPA member who:

      a.     Willfully, flagrantly, or continuously violates the USPA Basic Safety Requirements;

      b.     Aids and abets a willful violation of the USPA Basic Safety Requirements;

    c.    Is so grossly negligent in conduct or acts as to imminently imperil fellow skydivers or aircraft, persons, or property on the ground, or wantonly disregards personal safety or the safety of others;

    d.    Engages in any conduct as a skydiver that a person of reasonable prudence would anticipate as being likely to bring public contempt upon their person, upon skydivers or upon USPA;

    e.    Engages in any conduct that reasonably jeopardizes the well-being of USPA;

    f.    Willfully falsifies any document, certificate or record connected with or relating to skydiving;

    g.    Willfully and knowingly misrepresents any material fact in connection with any application filed with USPA;

    h.    As the owner or controlling manager of a Group Member drop zone, willfully or flagrantly violates the terms of the Group Member Pledge; or

    i.    Has a duty of confidentiality and beaches that duty.

32.    When a possible disciplinary situation comes to the attention of the USPA, an investigation is begun by the USPA's Compliance Group. *See* Ex. 1 at § 1-6.5. The Compliance Group is charged with investigating violations and handing

17

down discipline to USPA Members who are found in violation of the provisions of the Governance Manual. *Id.*

33.     According to the Governance Manual, if there is enough evidence for a prima facie case of a membership violation, the individual at issue must be notified. *See* Ex. 1 at § 1-6.5(C).  The notification must cite the specific violation they are alleged to have committed, sufficient facts to support the allegation, and provide a statement advising the member of their "right to offer…any statement or evidence in defense or as grounds for mitigation, and their right to an informal hearing before the regional director and a hearing before the [Compliance Group]." *Id.*

34.     In suspending Mr. Garmashov's ratings, the USPA failed to follow most of the procedures and safeguards set out in the Governance Manual.

35.     For example, in direct violation of his rights under the Governance Manual, during his unofficial hearing, Mr. Garmashov was not allowed to have an attorney present, nor was he allowed to call Mr. Pooley as a witness.  *See* Ex. 1 at § 1-6.5(E)(2)-(3).

36.     In addition, under the Governance Manual, Mr. Garmashov was entitled to a presumption innocence, and the burden of proof was on the Compliance Group to prove his violation by a preponderance of the evidence.  Ex. 1 at §§ 1-6.5(F)(1); 1-6.5(G).

37.     Mr. Garmashov attempted to provide detailed evidence showing that he was out of the country when the certification of the tandem instructor at the Lodi Center was signed, as well as a notarized letter from Mr. Pooley confessing to forging Mr. Garmashov's name without Mr. Garmashov's knowledge or participation ("Pooley's Confession").   A true and correct copy of Pooley's Confession is attached hereto and incorporated by reference as **Exhibit 2**.

38.     Despite this exonerating evidence, the Compliance Group investigating Mr. Garmashov stated that they did not believe Mr. Pooley had written the letter and admonished Mr. Garmashov to "tell the truth" about his situation.

39.     Also, in violation of his rights under the Governance Manual, Mr. Garmashov was never provided with any of the evidence against him or with any of the notes from his unofficial hearing.  *See* Ex. 1 § 1-6.5(C).

40.     Despite these transgressions, Mr. Garmashov performed his obligations under the USPA membership contract and willingly participated in the full appeals process laid out in the governance Manual.

41.     Despite the violations of Mr. Garmashov's rights under the Governance Manual, his appeals were denied by the USPA, and Mr. Garmashov's examiner ratings to date remain suspended, essentially eliminating his ability to work in his profession.

42. The USPA egregiously violated the membership agreement with Mr. Garmashov by failing to provide him with his contractual rights to a fair and impartial hearing process, to see the evidence against him, to have an attorney represent him, and to present evidence. The USPA did so with a willful, wanton, and with a conscious disregard for Mr. Garmashov's rights.

## COUNT I

## Breach of Contract

43. Plaintiff hereby adopts and incorporates by reference the allegations contained in paragraphs 1 to 42.

44. In exchange for membership dues, the USPA agrees to provide certain benefits to members, and to abide by certain rules, including those set out in the Governance Manual (the "Membership Agreement").

45. The Membership Agreement is a valid and enforceable contract between Mr. Garmashov and the USPA. Mr. Garmashov and the USPA entered into this contract.

46. Mr. Garmashov has fully performed his obligations under the Membership Agreement.

47. The USPA's suspension of Mr. Garmashov's examiner ratings in flagrant disregard for the disciplinary procedures laid out in the Governance Manual,

which the USPA was obligated to follow, constitutes a material breach of the Membership Agreement.

48.    The USPA's breach of contract constitutes a willful violation of Mr. Garmashov's rights as per the Membership Agreement and has caused damages to Mr. Garmashov in excess of $75,000.

## COUNT II

### Breach of Implied Covenant of Good Faith and Fair Dealing

49.    Plaintiff hereby adopts and incorporates by reference the allegations contained in paragraphs 1 to 48.

50.    The Membership Agreement is a valid and enforceable contract between Mr. Garmashov and the USPA.

52.    Mr. Garmashov has fully performed his obligations under the Membership Agreement.

53.    Included in every contract, including the Membership Agreement, is an implied duty of good faith and fair dealing between the parties.

54.    Specifically, the USPA had a duty to act in good faith and deal fairly with Mr. Garmashov with respect to the disciplinary rules contained in the Governance Manual.

55. The USPA breached its duty of good faith and fair dealing by flagrantly disregarding the disciplinary procedures laid out in the Governance Manual and suspending Mr. Garmashov's examiner ratings.

56. The USPA's breach of the implied covenant of good faith and fair dealing constitutes a willful violation of Mr. Garmashov's rights as per the USPA Membership Agreement, and unfairly interfered with Mr. Garmashov's rights to receive the benefits of the Membership Agreement.

57. The USPA's conduct has caused damages to Mr. Garmashov in excess of $75,000.

## COUNT III

## Gross Negligence

58. Plaintiff hereby adopts and incorporates by reference the allegations contained in paragraphs 1 to 57.

59. The USPA had a duty to Mr. Garmashov to provide a fair and impartial hearing in the event of a membership dispute, and allow him all of the rights set out in the Governance Manual.

60. The USPA breached its duty to Mr. Garmashov by refusing to presume him innocent, refusing to give him a fair and impartial hearing process, refusing to allow him to see the evidence against him, refusing to allow him to have an attorney represent him, and refusing to allow him to present fully exonerating evidence.

61.     The USPA breached its duty to Mr. Garmashov despite knowing that Mr. Garmashov was innocent of any wrongdoing, and with a willful and conscious disregard for Mr. Garmashov's rights.

62.     The USPA also published a statement blaming Mr. Garmashov for the fatalities at the Lodi Center, despite knowing that Mr. Garmashov was innocent of any wrongdoing, and with a willful and conscious disregard for Mr. Garmashov's rights.

63.     These acts by the USPA constituted a lack of any care and/or were so unreasonable that the USPA knew or should have known that injury to Mr. Garmashov was highly probable.

64.     As a direct and proximate result of the USPA's willful misconduct, Mr. Garmashov was injured and is entitled to recover compensatory damages in an amount to be proven at trial.

65.     As alleged herein, the USPA is guilty of oppression, fraud and/or malice as defined in California Civil Code section 3294, and Mr. Garmashov should recover, in addition to actual damages, exemplary and punitive damages in an amount to be proven at trial.

## COUNT IV

### Violation of Cal. Bus. & Prof. Code § 17200 *et seq.*

66.     Plaintiff hereby adopts and incorporates by reference the allegations contained in paragraphs 1 to 65.

67.     Sections 17200 *et seq.* of the California Business & Professions Code ("Unfair Competition Law" or "UCL") prohibits any "unlawful," "unfair," and "fraudulent" business practice.

68.     Section 17200 prohibits any "unfair…business act or practice."  As described in the preceding paragraphs, the USPA flagrantly violated their own disciplinary procedures in order to blame Mr. Garmashov for the fatalities at the Lodi Center, including refusing to allow him counsel, or to examine witnesses, as well as making public statements regarding his alleged culpability despite knowing that he was innocent of any wrongdoing.

69.     The USPA's above-mentioned acts constitute unfair and deceptive practices in violation of California Business & Professions Code sections 17200 *et seq.*

70.     The USPA's conduct caused and continues to cause substantial injury to Mr. Garmashov.

71.     As a direct and proximate result of Defendant's unfair and deceptive acts, Mr. Garmashov has suffered an injury in the form of lost future earnings.

24

72.     Mr. Garmashov has been damaged by the USPA's actions in an amount to be proven at trial.

73.     Additionally, pursuant to California Business & Professions Code section 17203, Mr. Garmashov is entitled to an injunction requiring the USPA to reinstate his examiner ratings and afford him all attendant privileges of USPA membership.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

a.     Injunctive relief requiring Defendant to reinstate Mr. Garmashov's examiner ratings and afford him all attendant privileges of USPA membership.

b.     Judgment in Mr. Garmashov's favor against Defendant for damages, including exemplary damages pursuant to California Civil Code section 3294, attorneys' fees, costs, and interest; and

c.     For such other relief as the Court may deem proper.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Yuri

Garmashov demands trial by jury in this action of all issues so triable.


DATED:_____

                                      **HALL BOOTH SMITH, P.C.**

                        By:   /s/_____

                                        ALEX B. KAUFMAN
                                        ERIC UNDERRINER
                                        TODD GILBERT
                                        Attorneys for Plaintiff

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YURI GARMASHOV,

     Plaintiff,

                                          Case No.: 1:21-cv-04917-JGK

v.

UNITED STATES PARACHUTE            **NOTICE OF APPEARANCE**
ASSOCIATION, INC.,

     Defendant.

_____

     **PLEASE TAKE NOTICE** that Kenneth A. McLellan hereby appears as counsel for

Defendant United States Parachute Association, Inc., in connection with the above-referenced

action. This notice is being filed so that our office can receive notifications of court filings and

electronically filed documents. We respectfully reserve the right to contest the Court's jurisdiction.

Dated: July 2, 2021

     New York, New York

                                     Respectfully submitted,

                                     WINGET SPADAFORA &
                                     SCHWARTZBERG, LLP
                                     *Attorneys for* United States Parachute
                                     Association, Inc.,
                                     45 Broadway, 32nd Floor
                                     New York, New York, 10006
                                     Telephone (212) 221 -6900
                                     Facsimile (212) 221-6989

                   By:    */s/ Kenneth A. McLellan*
                                     Kenneth A. McLellan
                                     McLellan.K@wssllp.com

# EXHIBIT 3



**Mediation Confidentiality Agreement**
**(5/19/2020)**

Parties, counsel for the parties, interpreters, observers, and the mediator (collectively, "participants") agree as follows:

a.   Any communications made exclusively during or for the mediation process shall be confidential except as to the provisions indicated in this agreement. The mediator shall not disclose any information about the mediation process, communications, or participants to anyone except for Mediation Office staff. Mediation Office staff must also maintain confidentiality.  Administrative aspects of the mediation process, including the assignment of a mediator, scheduling and holding of sessions, and a final report that the case has concluded or not concluded through mediation, or that parties failed to participate, are not confidential and will appear on the docket of the case.

b.   The participants may not disclose discussions or other communications with the mediator unless all parties agree, because disclosure is required by law, or because otherwise confidential communications are relevant to a complaint against a mediator or the Mediation Program arising out of the mediation. The parties may agree to disclose information provided or obtained during mediation to the Court while engaged in further settlement negotiations with a District or Magistrate Judge. The parties may disclose to the Court the terms of settlement if either party seeks to enforce those terms.

c.   All mediation participants will inform the mediator, and each other, in advance of any mediation session of the names of all persons who will attend, participate, or observe any communications during or for the mediation. No person may attend, participate, or be allowed to observe or listen to the mediation without the prior consent of all parties and the mediator.

d.   Neither the mediator nor any participant may record or permit the recording of any part of a mediation session including audio, video, chat, closed-captions, or any other methods of communication whether the mediation session is conducted in person, or through telephone or video conference.

e.   Understanding that the security of any electronic or telephonic platform cannot be guaranteed, the mediator and all participants in a mediation conducted through telephone or video conference confirm that they will take appropriate security precautions, or disclose to the mediator and all participants that they are unable to do so in advance of any session. Such precautions shall include using a secure WiFi/Ethernet connection for all communications related to the mediation session, using secure meeting access codes, taking steps so that only intended participants have access to the session, and locking meetings once all participants have convened.

f.   Documents and information otherwise discoverable under the Federal Rules of Civil Procedure shall not be shielded from discovery merely because they are submitted or referred to in the mediation.

g.   The parties may not call the mediator as a witness or deponent, or compel the mediator to produce documents that the mediator received or prepared for mediation, in any subsequent proceedings related to the dispute in which the mediator served.

Scanned with CamScanner

h.   This Agreement may be signed via facsimile or pdf signature and each such signed copy may be deemed a duplicate original.

The undersigned have read and agree to comply with this agreement.

Dated: 5|2|2022

Plaintiff(s): _____          Defendant(s):

Attorney(s) for Plaintiff(s) _____      Attorney(s) for Defendant(s):

Interpreter(s):                                  Observer(s):

Mediator(s):

SDNY Mediation Confidentiality Form May 2020 p.2

31

Scanned with CamScanner

# EXHIBIT 4

**Eryn Kirby**

---

| | |
|---|---|
| **To:** | Alex Kaufman |
| **Subject:** | RE: SETTLEMENT COMMUNICATION [ |

---

**From:** Alex Kaufman
**Sent:** Thursday, May 12, 2022 4:24 PM
**To:** Holly Weiss <holly.weiss@hwhmediation.com>
**Subject:** Re: SETTLEMENT COMMUNICATION [

Thanks

> On May 12, 2022, at 2:19 PM, Holly Weiss <holly.weiss@hwhmediation.com> wrote:
>
> I have asked for confirmation.
>
> Holly H. Weiss
> HWH Mediation LLC
> 917.225.2848
> Pronouns: She/Her/Hers



> **From:** Alex Kaufman <AKaufman@hallboothsmith.com>
> **Date:** Thursday, May 12, 2022 at 3:53 PM
> **To:** Holly Weiss <holly.weiss@hwhmediation.com>
> **Subject:** Re: SETTLEMENT COMMUNICATION [
>
>
> Holly-
>
> Any word on our acceptance?
>
> Thanks,
>
> Alex

**Alex Kaufman**
**Admitted in AZ, DC, GA, MA, & NY**

Attorney at Law | Hall Booth Smith, P.C.

---

| | | |
|---|---|---|
| **O:** | 470.386.6900 | 2710 Old Milton Parkway, Suite 200 |
| **D:** | 404.586.6629 | Alpharetta, GA 30009 |

**M:** 404.964.5587                    hallboothsmith.com



ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

On May 11, 2022, at 12:24 PM, Holly Weiss <holly.weiss@hwhmediation.com> wrote:

Hi Alex – The USPA is unwilling to change its settlement offer.

Holly H. Weiss
HWH Mediation LLC
917.225.2848
Pronouns: She/Her/Hers



**From:** Alex Kaufman <AKaufman@hallboothsmith.com>
**Date:** Wednesday, May 11, 2022 at 12:02 PM
**To:** Holly Weiss <holly.weiss@hwhmediation.com>
**Subject:** Re: SETTLEMENT COMMUNICATION [

Holly-

Just checking in.

Thanks

**Alex Kaufman**
**Admitted in AZ, DC, GA, MA, & NY**
Attorney at Law | Hall Booth Smith, P.C.

| | |
|---|---|
| **O:** 470.386.6900 | 2710 Old Milton Parkway, Suite 200 |
| **D:** 404.586.6629 | Alpharetta, GA 30009 |
| **M:** 404.964.5587 | hallboothsmith.com |



ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

On May 10, 2022, at 2:20 PM, Holly Weiss <holly.weiss@hwhmediation.com> wrote:


I don't think we'll hear back today.

Holly H. Weiss
HWH Mediation LLC
917.225.2848
Pronouns: She/Her/Hers



---

**From:** Alex Kaufman <AKaufman@hallboothsmith.com>
**Date:** Tuesday, May 10, 2022 at 3:54 PM
**To:** Holly Weiss <holly.weiss@hwhmediation.com>
**Subject:** RE: SETTLEMENT COMMUNICATION [

Holly:

Mr. Garmashov will accept the following terms: In exchange for



Thanks for your efforts,

Alex



**Alex Kaufman**
**Admitted in AZ, DC, GA, MA, & NY**
Attorney at Law | Hall Booth Smith, P.C.

**O:** 470.386.6900        2710 Old Milton Parkway, Suite 200
**D:** 404.586.6629        Alpharetta, GA 30009
**M:** 404.964.5587        hallboothsmith.com



ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

**From:** Holly Weiss <holly.weiss@hwhmediation.com>
**Sent:** Tuesday, May 10, 2022 3:35 PM
**To:** Alex Kaufman <AKaufman@hallboothsmith.com>
**Subject:** Re: SETTLEMENT COMMUNICATION [

I am not finding the case in my email. It's a Second Circuit decision dated within the last month or so regarding the necessary terms for an enforceable mediation settlement. I believe that the material terms were written and signed off on (dollars, release), but some others were not addressed (e.g., confidentiality). The court enforced it.

Holly H. Weiss
HWH Mediation LLC
917.225.2848
Pronouns: She/Her/Hers



**From:** Alex Kaufman <AKaufman@hallboothsmith.com>
**Date:** Tuesday, May 10, 2022 at 1:50 PM
**To:** Holly Weiss <holly.weiss@hwhmediation.com>
**Cc:** Yuri Garmashov <yurig.garmashov@gmail.com>, Eric Underriner <EUnderriner@hallboothsmith.com>, 13785_0001 _ Garmashov_ Yuri v_ United States Parachute Association_ Inc_ E_Mail <{F1213922}.imanage@hbswcs02.hbss.net>
**Subject:** RE: SETTLEMENT COMMUNICATION [

Holly-

Just to clarify "AFP" is a typo and should be "AFF"

Thanks

**Alex Kaufman**
**Admitted in AZ, DC, GA, MA, & NY**
Attorney at Law | Hall Booth Smith, P.C.

**O:** 470.386.6900         2710 Old Milton Parkway, Suite 200
**D:** 404.586.6629         Alpharetta, GA 30009
**M:** 404.964.5587         hallboothsmith.com

4



**ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE**

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

**From:** Alex Kaufman
**Sent:** Tuesday, May 10, 2022 11:56 AM
**To:** Holly Weiss <holly.weiss@hwhmediation.com>
**Cc:** Yuri Garmashov <yurig.garmashov@gmail.com>; Eric Underriner
<EUnderriner@hallboothsmith.com>; 13785_0001 _ Garmashov_ Yuri
v_ United States Parachute Association_ Inc_ E_Mail
<{F1213922}.imanage@hbswcs02.hbss.net>
**Subject:** RE: SETTLEMENT COMMUNICATION [

Holly:

Thank you for your call.

Mr. Garmashov is willing to accept the following in exchange for mutual dismissal with prejudice and mutual general releases:



**From:** Holly Weiss <holly.weiss@hwhmediation.com>
**Sent:** Tuesday, May 10, 2022 11:38 AM
**To:** Alex Kaufman <AKaufman@hallboothsmith.com>
**Cc:** Yuri Garmashov <yurig.garmashov@gmail.com>; Eric Underriner
<EUnderriner@hallboothsmith.com>; 13785_0001 _ Garmashov_ Yuri
v_ United States Parachute Association_ Inc_ E_Mail
<{F1213922}.imanage@hbswcs02.hbss.net>
**Subject:** Re: SETTLEMENT COMMUNICATION [

Hi Alex, Here is the USPA's proposal:  Payment of
███████████████████████ This proposal firm and final.  The USPA will require an agreement with a confidentiality provision and no admission of liability, among other standard terms. Please call me if you would like to discuss.

Holly H. Weiss
HWH Mediation LLC
917.225.2848
Pronouns: She/Her/Hers



---

**From:** Alex Kaufman <AKaufman@hallboothsmith.com>
**Date:** Monday, May 9, 2022 at 6:36 PM
**To:** Holly Weiss <holly.weiss@hwhmediation.com>
**Cc:** Yuri Garmashov <yurig.garmashov@gmail.com>, Eric
Underriner <EUnderriner@hallboothsmith.com>, 13785_0001 _
Garmashov_ Yuri v_ United States Parachute Association_ Inc_
E_Mail <{F1213922}.imanage@hbswcs02.hbss.net>
**Subject:** Re: SETTLEMENT COMMUNICATION [IWOV-
imanage.FID1213922]

Thank you


**Alex Kaufman**
**Admitted in AZ, DC, GA, MA, & NY**
Attorney at Law | Hall Booth Smith, P.C.

| | |
|---|---|
| **O:** 470.386.6900 | 2710 Old Milton Parkway, Suite 200 |
| **D:** 404.586.6629 | Alpharetta, GA 30009 |
| **M:** 404.964.5587 | hallboothsmith.com |



ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

> On May 9, 2022, at 6:32 PM, Holly Weiss
> <holly.weiss@hwhmediation.com> wrote:
>
>  Received. I will get back to you.
>
> Holly H. Weiss
> HWH Mediation LLC
> 917.225.2848
> Holly.Weiss@HWHMediation.com

https://www.hwhmediation.com
Pronouns: she, her and hers

On May 9, 2022, at 3:26 PM, Alex
Kaufman
<AKaufman@hallboothsmith.com>
wrote:

Holly:

Mr. Garmashov is willing to accept:



Thank you for your efforts,

A;ex

### Alex Kaufman
**Admitted in AZ, DC, GA, MA, & NY**
Attorney at Law | Hall Booth Smith, P.C.

| | |
|---|---|
| **O:** 470.386.6900 | 2710 Old Milton Parkway, Suite 200 |
| **D:** 404.586.6629 | Alpharetta, GA 30009 |
| **M:** 404.964.5587 | hallboothsmith.com |



ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s
privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you a
contact the sender by reply email and destroy the original message and any copies.

# EXHIBIT 5

## MEDIATION SETTLEMENT AGREEMENT TERMS AND CONDITIONS

### Garmashov v. United States Parachute Association, Inc.

### 1:21-cv-04917-JGK-OTW

In exchange for the following good and valuable consideration the case is resolved by and between the parties on the following terms.



Agreed this 11th day of May 2022

_____
Yuri Garmashov

_____
Alex B. Kaufman, Esq.
Counsel for Yuri Garmashov

_____

_____
With express authority to bind the United States Parachute Association, Inc.

_____

_____, Esq.
Counsel for the United States Parachute Association, Inc.

CS CamScanner

# EXHIBIT 6

**Eryn Kirby**

---

**To:**                    Alex Kaufman
**Subject:**               RE: SETTLEMENT COMMUNICATION [

**From:** Alex Kaufman <AKaufman@hallboothsmith.com>
**Date:** Thursday, May 12, 2022 at 3:53 PM
**To:** Holly Weiss <holly.weiss@hwhmediation.com>
**Subject:** Re: SETTLEMENT COMMUNICATION [

Holly-

Any word on our acceptance?

Thanks,

Alex

**Alex Kaufman**
**Admitted in AZ, DC, GA, MA, & NY**
Attorney at Law | Hall Booth Smith, P.C.

**O:** 470.386.6900          2710 Old Milton Parkway, Suite 200
**D:** 404.586.6629          Alpharetta, GA 30009
**M:** 404.964.5587          hallboothsmith.com



ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

# EXHIBIT 7

**Eryn Kirby**

| | |
|---|---|
| **To:** | Alex Kaufman |
| **Subject:** | RE: Acceptance of terms/Agreement in Principle |

---

**From:** Alex Kaufman <AKaufman@hallboothsmith.com>
**Sent:** Wednesday, May 11, 2022 4:33 PM
**To:** Keith Roussel <roussel.k@wssllp.com>; Kenneth McLellan <mclellan.k@wssllp.com>; Holly Weiss <holly.weiss@hwhmediation.com>
**Cc:** Eric Underriner <EUnderriner@hallboothsmith.com>; Yuri Garmashov <yurig.garmashov@gmail.com>
**Subject:** Acceptance of terms/Agreement in Principle

Holly- Per our conversation, Mr. Garmashov has agreed to accept the following material terms. It is our understanding that we now have an agreement in principle.

Keith and Kevin- If you would please have your client and one of you sign this agreement we can move forward with giving notice to the Court and we can render a final agreement draft to you as well as provide instructions for remittance of payment.

I am glad that we have resolved this matter.

Alex Kaufman
Counsel for Yuri Garmashov

**ALEX B. KAUFMAN, Esq.**

Hall Booth Smith, P.C.
191 Peachtree Street, NE, Suite 2900
Atlanta, GA 30303 -1775
D: 404-586-6629
C: 404-964-5587
O: 404-954-5000 F: 404-954-5020
akaufman@hallboothsmith.com
www.hallboothsmith.com

**Alex Kaufman**
**Admitted in AZ, DC, GA, MA, & NY**
Attorney at Law | Hall Booth Smith, P.C.

| | |
|---|---|
| **O:** 470.386.6900 | 2710 Old Milton Parkway, Suite 200 |
| **D:** 404.586.6629 | Alpharetta, GA 30009 |
| **M:** 404.964.5557 | hallboothsmith.com |



**ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA**
**MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA**
**NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE**

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure

or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply
email and destroy the original message and any copies.

## MEDIATION SETTLEMENT AGREEMENT TERMS AND CONDITIONS

### Garmashov v. United States Parachute Association, Inc.

### 1:21-cv-04917-JGK-OTW

In exchange for the following good and valuable consideration the case is resolved by and between the parties on the following terms.



Agreed this 11th day of May 2022

_____
Yuri Garmashov

_____
Alex B. Kaufman, Esq.
**Counsel for Yuri Garmashov**

_____

_____
With express authority to bind the United States Parachute Association, Inc.

_____

_____, Esq.
**Counsel for the United States Parachute Association, Inc.**

48

CamScanner

# EXHIBIT 8

**Eryn Kirby**

---

**To:**               Alex Kaufman
**Subject:**      RE: Acceptance of terms/Agreement in Principle (Garmashov v. USPA)

---

**From:** Alex Kaufman <AKaufman@hallboothsmith.com>
**Sent:** Friday, May 13, 2022 12:14 PM
**To:** Kenneth McLellan <mclellan.k@wssllp.com>
**Cc:** Eric Underriner <EUnderriner@hallboothsmith.com>; Keith Roussel <roussel.k@wssllp.com>; Holly Weiss
<holly.weiss@hwhmediation.com>; Yuri Garmashov <yurig.garmashov@gmail.com>
**Subject:** RE: Acceptance of terms/Agreement in Principle (Garmashov v. USPA)

Here are the wire instructions. The w-9 will be forthcoming.

**ALEX B. KAUFMAN, Esq.**

Hall Booth Smith, P.C.
191 Peachtree Street, NE, Suite 2900
Atlanta, GA 30303 -1775
D: 404-586-6629
C: 404-964-5587
O: 404-954-5000 F: 404-954-5020
akaufman@hallboothsmith.com
www.hallboothsmith.com



ALABAMA | FLORIDA | GEORGIA
NEW JERSEY | NEW YORK | NORTH CAROLINA
SOUTH CAROLINA | TENNESSEE

**Alex Kaufman**
**Admitted in AZ, DC, GA, MA, & NY**
Attorney at Law | Hall Booth Smith, P.C.

| | | |
|---|---|---|
| **O:** 470.386.6900 | 2710 Old Milton Parkway, Suite 200 | |
| **D:** 404.586.6629 | Alpharetta, GA 30009 | |
| **M:** 404.964.5587 | hallboothsmith.com | |



ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

---

**From:** Kenneth McLellan <mclellan.k@wssllp.com>
**Sent:** Friday, May 13, 2022 12:07 PM

**To:** Alex Kaufman <AKaufman@hallboothsmith.com>
**Cc:** Eric Underriner <EUnderriner@hallboothsmith.com>; Keith Roussel <roussel.k@wssllp.com>; Holly Weiss <holly.weiss@hwhmediation.com>; Yuri Garmashov <yurig.garmashov@gmail.com>
**Subject:** Re: Acceptance of terms/Agreement in Principle (Garmashov v. USPA)

 Alex...no need to start talking about motions.... Is it your position that he will be seeking to reapply for membership? The point of this deal is that he goes away.   Do you have a different understanding?

Very truly yours,

Kenneth A. McLellan
Winget, Spadafora and Schwartzberg, LLP
Mobile:  646.265.4894
Office:  212.221.6900 Ext. 2680
Admitted in NY and NJ

www.wssllp.com

Please note this email may be attorney-client privileged or otherwise confidential.  If you have received it in error, please delete it along with any attachments. Thank you.

---

**From:** Alex Kaufman <AKaufman@hallboothsmith.com>
**Sent:** Friday, May 13, 2022 12:02:37 PM
**To:** Kenneth McLellan <mclellan.k@wssllp.com>
**Cc:** Eric Underriner <EUnderriner@hallboothsmith.com>; Keith Roussel <roussel.k@wssllp.com>; Holly Weiss <holly.weiss@hwhmediation.com>; Yuri Garmashov <yurig.garmashov@gmail.com>
**Subject:** RE: Acceptance of terms/Agreement in Principle (Garmashov v. USPA)

Kenneth:

As per your May 12th email at 8:35pm you agreed we have an agreement in principle. Those were the only terms discussed and agreed to. We will move to enforce the settlement agreement per the term sheet and acceptance email. Please confirm that this will not be necessary. If it is, we will seek additional costs and attorney fees for this effort.

Your revisionist history email of this morning interjects new terms ███████████████████████████████████

principle).  To be crystal clear – Mr. Garmashov has not and will not agree to those proposed covenants that have just appeared this morning – and certainly not at the agreed upon price of ██████ per the agreement in principle.

Please confirm that that you will not make us file a motion to enforce the agreement in principle per the term sheet and your acceptance email.

Please let me know no later than 5pm eastern time.

All rights reserved.

Govern yourselves accordingly.

Alex Kaufman
FOR YURI GARMASHOV

**ALEX B. KAUFMAN, Esq.**

Hall Booth Smith, P.C.
191 Peachtree Street, NE, Suite 2900
Atlanta, GA 30303 -1775
D: 404-586-6629
C: 404-964-5587
O: 404-954-5000 F: 404-954-5020
akaufman@hallboothsmith.com
www.hallboothsmith.com



## Alex Kaufman
### Admitted in AZ, DC, GA, MA, & NY
Attorney at Law | Hall Booth Smith, P.C.

| | |
|---|---|
| **O:** 470.386.6900 | 2710 Old Milton Parkway, Suite 200 |
| **D:** 404.586.6629 | Alpharetta, GA 30009 |
| **M:** 404.964.5587 | hallboothsmith.com |

 ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

**From:** Kenneth McLellan <mclellan.k@wssllp.com>
**Sent:** Friday, May 13, 2022 8:12 AM
**To:** Alex Kaufman <AKaufman@hallboothsmith.com>
**Cc:** Eric Underriner <EUnderriner@hallboothsmith.com>; Keith Roussel <roussel.k@wssllp.com>; Holly Weiss <holly.weiss@hwhmediation.com>
**Subject:** RE: Acceptance of terms/Agreement in Principle (Garmashov v. USPA)

The term sheet added mutual general releases, which I don't expect to be a problem and will recommend. I anticipate speaking with Mr. Berchtold today on the sheet.

The point of this settlement is that USPA pays money and, in return, does not have to deal with Mr. Garmashov any more. That is implicit in this deal, and will be spelled out in the formal settlement agreement. He doesn't come

back.  You don't come back.  No more applications to be in the USPA;  no demands for arbitration; no applications to get back in.

I want that to be clear.  Please confirm that we're in agreement on this.

Thanks.

-Ken


Very truly yours,

**_Kenneth A. McLellan_**
Partner
(Admitted in NY and NJ)
WINGET, SPADAFORA & SCHWARTZBERG, LLP
45 Broadway, 32nd Floor
New York, New York 10006
212.221.6900 (Office)
212.221.6989 (Fax)
646.265.4894 (Cell)
mclellan.k@wssllp.com

        -and-

65 East Route 4, Suite 201
River Edge, New Jersey 07661
973-221-8200 (Office)
973-221-8201 (Fax)
mclellan.k@wssllp.com


www.wssllp.com



PLEASE NOTE, THIS MESSAGE IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR OTHERWISE PROTECTED FROM DISCLOSURE UNDER APPLICABLE LAW.  IF YOU ARE NOT THE INTENDED RECIPIENT OR OTHERWISE HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY RETURN EMAIL, AND DELETE THIS MESSAGE AND ALL ATTACHMENTS FROM YOUR COMPUTER SYSTEM.

IRS CIRCULAR 230 DISCLOSURE: TO ENSURE COMPLIANCE WITH U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE, WE INFORM YOU THAT:     ANY U.S. TAX ADVICE CONTAINED IN THIS COMMUNICATION (INCLUDING ATTACHMENTS) WAS NOT WRITTEN TO BE USED FOR AND CANNOT BE USED FOR (I) PURPOSES OF AVOIDING ANY TAX RELATED PENALTIES THAT MAY BE IMPOSED UNDER FEDERAL TAX LAWS, OR (II) THE PROMOTION, MARKETING OR RECOMMENDING TO ANOTHER PARTY OF ANY TRANSACTION OR MATTER ADDRESSED HEREIN.

THE INFORMATION IN THIS E-MAIL AND IN ANY ATTACHMENTS IS CONFIDENTIAL AND MAY BE PRIVILEGED. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE DESTROY THIS COMMUNICATION AND NOTIFY THE SENDER IMMEDIATELY. YOU SHOULD NOT RETAIN, COPY OR USE THIS E-MAIL FOR ANY PURPOSE, NOR DISCLOSE ALL OR ANY PART OF ITS CONTENTS TO ANY OTHER PERSON OR PERSONS.

**From:** Alex Kaufman [mailto:AKaufman@hallboothsmith.com]
**Sent:** Thursday, May 12, 2022 11:06 PM
**To:** Kenneth McLellan <mclellan.k@wssllp.com>
**Cc:** Eric Underriner <EUnderriner@hallboothsmith.com>; Keith Roussel <roussel.k@wssllp.com>; Holly Weiss <holly.weiss@hwhmediation.com>
**Subject:** Re: Acceptance of terms/Agreement in Principle (Garmashov v. USPA)

Can you please confirm that the term sheet is accepted?

**Alex Kaufman**
**Admitted in AZ, DC, GA, MA, & NY**
Attorney at Law | Hall Booth Smith, P.C.

| | |
|---|---|
| **O:** 470.386.6900 | 2710 Old Milton Parkway, Suite 200 |
| **D:** 404.586.6629 | Alpharetta, GA 30009 |
| **M:** 404.964.5587 | hallboothsmith.com |



ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

On May 12, 2022, at 8:35 PM, Kenneth McLellan <mclellan.k@wssllp.com> wrote:

Alex-

Holly Weiss asked that I respond to this email to confirm that we have an agreement in principle, which we do.  We sent the term sheet to our client for signature.   If you want to move the process along, please end a draft formal proposed settlement agreement.

Carriers generally require an executed IRS W-9 form and written payment instructions.

I took Mr. Garmashov off this email, as I don't want to communicate directly with your client.

5

Thanks.

-Ken


Very truly yours,

**Kenneth A. McLellan**
Partner
(Admitted in NY and NJ)
WINGET, SPADAFORA & SCHWARTZBERG, LLP
45 Broadway, 32nd Floor
New York, New York 10006
212.221.6900 (Office)
212.221.6989 (Fax)
646.265.4894 (Cell)
mclellan.k@wssllp.com

        -and-

65 East Route 4, Suite 201
River Edge, New Jersey 07661
973-221-8200 (Office)
973-221-8201 (Fax)
mclellan.k@wssllp.com


www.wssllp.com



PLEASE NOTE, THIS MESSAGE IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR OTHERWISE PROTECTED FROM DISCLOSURE UNDER APPLICABLE LAW.  IF YOU ARE NOT THE INTENDED RECIPIENT OR OTHERWISE HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY RETURN EMAIL, AND DELETE THIS MESSAGE AND ALL ATTACHMENTS FROM YOUR COMPUTER SYSTEM.

IRS CIRCULAR 230 DISCLOSURE: TO ENSURE COMPLIANCE WITH U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE, WE INFORM YOU THAT:     ANY U.S. TAX ADVICE CONTAINED IN THIS COMMUNICATION (INCLUDING ATTACHMENTS) WAS NOT WRITTEN TO BE USED FOR AND CANNOT BE USED FOR (I) PURPOSES OF AVOIDING ANY TAX RELATED PENALTIES THAT MAY BE IMPOSED UNDER FEDERAL TAX LAWS, OR (II) THE PROMOTION, MARKETING OR RECOMMENDING TO ANOTHER PARTY OF ANY TRANSACTION OR MATTER ADDRESSED HEREIN.

THE INFORMATION IN THIS E-MAIL AND IN ANY ATTACHMENTS IS CONFIDENTIAL AND MAY BE PRIVILEGED. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE DESTROY THIS COMMUNICATION AND NOTIFY THE SENDER

IMMEDIATELY. YOU SHOULD NOT RETAIN, COPY OR USE THIS E-MAIL FOR ANY PURPOSE, NOR DISCLOSE ALL OR ANY PART OF ITS CONTENTS TO ANY OTHER PERSON OR PERSONS.

**From:** Alex Kaufman [mailto:AKaufman@hallboothsmith.com]
**Sent:** Wednesday, May 11, 2022 4:33 PM
**To:** Keith Roussel <roussel.k@wssllp.com>; Kenneth McLellan <mclellan.k@wssllp.com>; Holly Weiss <holly.weiss@hwhmediation.com>
**Cc:** Eric Underriner <EUnderriner@hallboothsmith.com>; Yuri Garmashov <yurig.garmashov@gmail.com>
**Subject:** Acceptance of terms/Agreement in Principle

Holly- Per our conversation, Mr. Garmashov has agreed to accept the following material terms. It is our understanding that we now have an agreement in principle.

Keith and Kevin- If you would please have your client and one of you sign this agreement we can move forward with giving notice to the Court and we can render a final agreement draft to you as well as provide instructions for remittance of payment.

I am glad that we have resolved this matter.

Alex Kaufman
Counsel for Yuri Garmashov


**ALEX B. KAUFMAN, Esq.**

Hall Booth Smith, P.C.
191 Peachtree Street, NE, Suite 2900
Atlanta, GA 30303 -1775
D: 404-586-6629
C: 404-964-5587
O: 404-954-5000 F: 404-954-5020
akaufman@hallboothsmith.com
www.hallboothsmith.com

**Alex Kaufman**
**Admitted in AZ, DC, GA, MA, & NY**
Attorney at Law | Hall Booth Smith, P.C.

**O:** 470.386.6900        2710 Old Milton Parkway, Suite 200
**D:** 404.586.6629        Alpharetta, GA 30009
**M:** 404.964.5587        hallboothsmith.com

7



ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

# Trust Account Wire Instructions

## Domestic

Bank Name:          SunTrust Bank
Address:            25 park Place, 13th Floor, Atlanta, Ga  30303
Routing/ABA#:       ████████
Account Name:       Hall Booth Smith, PC
Account Number:     ████████████

## International

Bank Name:          SunTrust Bank
Address:            25 park Place, 13th Floor, Atlanta, Ga  30303
Swift Code:         ████████
Account Name:       Hall Booth Smith, PC
Account Number:     ████████████

# EXHIBIT 9

**Eryn Kirby**

| | |
|---|---|
| **From:** | Alex Kaufman |
| **Sent:** | Tuesday, May 17, 2022 2:47 PM |
| **To:** | Daniele Dezago |
| **Subject:** | FW: Garmashov v. USPA |
| **Attachments:** | image001.png; 2022.05.14, Garmashov Term Sheet.pdf |

**Alex Kaufman**

**Admitted in AZ, DC, GA, MA, & NY**

Attorney at Law | Hall Booth Smith, P.C.

| | |
|---|---|
| **O:** 470.386.6900 | 2710 Old Milton Parkway, Suite 200 |
| **D:** 404.586.6629 | Alpharetta, GA 30009 |
| **M:** 404.964.5587 | hallboothsmith.com |



ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

**From:** Alex Kaufman <AKaufman@hallboothsmith.com>
**Sent:** Saturday, May 14, 2022 6:49 PM
**To:** Kenneth McLellan <mclellan.k@wssllp.com>
**Cc:** Holly Weiss <holly.weiss@hwhmediation.com>; Eric Underriner <EUnderriner@hallboothsmith.com>; Keith Roussel <roussel.k@wssllp.com>; Yuri Garmashov <yurig.garmashov@gmail.com>
**Subject:** Re: Garmashov v. USPA

This attempt to renegotiate the agreement in principle terms is rejected. We will proceed with enforcing the agreement in principle terms.

All rights reserved,

Alex Kaufman
For Yuri Garmashov

**Alex Kaufman**

**Admitted in AZ, DC, GA, MA, & NY**

Attorney at Law | Hall Booth Smith, P.C.

| | |
|---|---|
| **O:** 470.386.6900 | 2710 Old Milton Parkway, Suite 200 |
| **D:** 404.586.6629 | Alpharetta, GA 30009 |

1



**M:** 404.964.5587                    hallboothsmith.com

**ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE**

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

On May 14, 2022, at 5:54 PM, Kenneth McLellan <mclellan.k@wssllp.com> wrote:

Dear Holly:

Thanks very much for meeting with us this afternoon.

As we mentioned, by copy of this email, we are presenting our term sheet to Plaintiff's counsel Mr. Kaufman.  These are the terms we agreed to in principle earlier in the week.

As we mentioned, the intent of the settlement is for the parties to go the separate ways and end the litigation permanently.

Thank you for your assistance in this matter, and particularly for spending hours on the weekend working on this case with us.

-Ken

Very truly yours,

*Kenneth A. McLellan*
Partner
(Admitted in NY and NJ)
WINGET, SPADAFORA & SCHWARTZBERG, LLP
45 Broadway, 32nd Floor
New York, New York 10006
212.221.6900 (Office)
212.221.6989 (Fax)
646.265.4894 (Cell)
mclellan.k@wssllp.com

          -and-

65 East Route 4, Suite 201
River Edge, New Jersey 07661
973-221-8200 (Office)
973-221-8201 (Fax)
mclellan.k@wssllp.com

www.wssllp.com

PLEASE NOTE, THIS MESSAGE IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR OTHERWISE PROTECTED FROM DISCLOSURE UNDER APPLICABLE LAW.  IF YOU ARE NOT THE INTENDED RECIPIENT OR OTHERWISE HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY RETURN EMAIL, AND DELETE THIS MESSAGE AND ALL ATTACHMENTS FROM YOUR COMPUTER SYSTEM.

IRS CIRCULAR 230 DISCLOSURE: TO ENSURE COMPLIANCE WITH U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE, WE INFORM YOU THAT:     ANY U.S. TAX ADVICE CONTAINED IN THIS COMMUNICATION (INCLUDING ATTACHMENTS) WAS NOT WRITTEN TO BE USED FOR AND CANNOT BE USED FOR (I) PURPOSES OF AVOIDING ANY TAX RELATED PENALTIES THAT MAY BE IMPOSED UNDER FEDERAL TAX LAWS, OR (II) THE PROMOTION, MARKETING OR RECOMMENDING TO ANOTHER PARTY OF ANY TRANSACTION OR MATTER ADDRESSED HEREIN.

THE INFORMATION IN THIS E-MAIL AND IN ANY ATTACHMENTS IS CONFIDENTIAL AND MAY BE PRIVILEGED. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE DESTROY THIS COMMUNICATION AND NOTIFY THE SENDER IMMEDIATELY. YOU SHOULD NOT RETAIN, COPY OR USE THIS E-MAIL FOR ANY PURPOSE, NOR DISCLOSE ALL OR ANY PART OF ITS CONTENTS TO ANY OTHER PERSON OR PERSONS.

**MEDIATION TERM SHEET**

***Yuri Garmashov v. United States Parachute Association, Inc. ("USPA")***

**U.S.D.C., S.D.N.Y., Case No. 1:21-cv-04917-JGK**



Dated:  New York, New York
        May 14, 2022


_____        _____
Plaintiff, Yuri Garmashov                          Defendant, USPA by:
                                                   Albert Berchtold, Exec. Dir.

# EXHIBIT 10

# Trust Account Wire Instructions

## Domestic

**Bank Name:**        **SunTrust Bank**
**Address:**           **25 park Place, 13th Floor, Atlanta, Ga  30303**
**Routing/ABA#:**
**Account Name:**      **Hall Booth Smith, PC**
**Account Number:**

## International

**Bank Name:**        **SunTrust Bank**
**Address:**           **25 park Place, 13th Floor, Atlanta, Ga  30303**
**Swift Code:**
**Account Name:**      **Hall Booth Smith, PC**
**Account Number:**

Form **W-9**
(Rev. October 2018)
Department of the Treasury
Internal Revenue Service

## Request for Taxpayer
## Identification Number and Certification

Go to www.irs.gov/FormW9 for instructions and the latest information.

Give Form to the
requester. Do not
send to the IRS.

1 Name (as shown on your income tax return). Name is required on this line; do not leave this line blank.

Yuriy Garmashov

2 Business name/disregarded entity name, if different from above

3 Check appropriate box for federal tax classification of the person whose name is entered on line 1. Check only one of the following seven boxes.

[X] Individual/sole proprietor or single-member LLC

[ ] C Corporation

[ ] S Corporation

[ ] Partnership

[ ] Trust/estate

[ ] Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=Partnership) ▶ _____

Note: Check the appropriate box in the line above for the tax classification of the single-member owner. Do not check LLC if the LLC is classified as a single-member LLC that is disregarded from the owner unless the owner of the LLC is another LLC that is not disregarded from the owner for U.S. federal tax purposes. Otherwise, a single-member LLC that is disregarded from the owner should check the appropriate box for the tax classification of its owner.

[ ] Other (see instructions) ▶

4 Exemptions (codes apply only to certain entities, not individuals; see instructions on page 3):

Exempt payee code (if any) _____

Exemption from FATCA reporting code (if any) _____

(Applies to accounts maintained outside the U.S.)

5 Address (number, street, and apt. or suite no.) See instructions.

991 Johner way

6 City, state, and ZIP code

Sacramento, CA 95831 r

Requester's name and address (optional)

7 List account number(s) here (optional)

**Part I**   Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on line 1 to avoid backup withholding. For individuals, this is generally your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the instructions for Part I, later. For other entities, it is your employer identification number (EIN). If you do not have a number, see How to get a TIN, later.

Note: If the account is in more than one name, see the instructions for line 1. Also see What Name and Number To Give the Requester for guidelines on whose number to enter.

Social security number

Employer identification number

**Part II**   Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3. I am a U.S. citizen or other U.S. person (defined below); and

4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

Certification instructions. You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions for Part II, later.

Sign Here

Signature of U.S. person ▶

Date  05/13/2022

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

Future developments. For the latest information about developments related to Form W-9 and its instructions, such as legislation enacted after they were published, go to www.irs.gov/FormW9.

## Purpose of Form

An individual or entity (Form W-9 requester) who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) which may be your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN), to report on an information return the amount paid to you, or other amount reportable on an information return. Examples of information returns include, but are not limited to, the following.

• Form 1099-INT (interest earned or paid)

• Form 1099-DIV (dividends, including those from stocks or mutual funds)

• Form 1099-MISC (various types of income, prizes, awards, or gross proceeds)

• Form 1099-B (stock or mutual fund sales and certain other transactions by brokers)

• Form 1099-S (proceeds from real estate transactions)

• Form 1099-K (merchant card and third party network transactions)

• Form 1098 (home mortgage interest), 1098-E (student loan interest), 1098-T (tuition)

• Form 1099-C (canceled debt)

• Form 1099-A (acquisition or abandonment of secured property)

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN.

If you do not return Form W-9 to the requester with a TIN, you might be subject to backup withholding. See What is backup withholding, later.

Cat. No. 10231X    66    Form **W-9** (Rev. 10-2018)

By signing the filled-out form, you:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income, and

4. Certify that FATCA code(s) entered on this form (if any) indicating that you are exempt from the FATCA reporting, is correct. See What is FATCA reporting, later, for further information.

Note: If you are a U.S. person and a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

Definition of a U.S. person. For federal tax purposes, you are considered a U.S. person if you are:

• An individual who is a U.S. citizen or U.S. resident alien;

• A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States;

• An estate (other than a foreign estate); or

• A domestic trust (as defined in Regulations section 301.7701-7).

Special rules for partnerships. Partnerships that conduct a trade or business in the United States are generally required to pay a withholding tax under section 1446 on any foreign partners' share of effectively connected taxable income from such business. Further, in certain cases where a Form W-9 has not been received, the rules under section 1446 require a partnership to presume that a partner is a foreign person, and pay the section 1446 withholding tax. Therefore, if you are a U.S. person that is a partner in a partnership conducting a trade or business in the United States, provide Form W-9 to the partnership to establish your U.S. status and avoid section 1446 withholding on your share of partnership income.

In the cases below, the following person must give Form W-9 to the partnership for purposes of establishing its U.S. status and avoiding withholding on its allocable share of net income from the partnership conducting a trade or business in the United States.

• In the case of a disregarded entity with a U.S. owner, the U.S. owner of the disregarded entity and not the entity;

• In the case of a grantor trust with a U.S. grantor or other U.S. owner, generally, the U.S. grantor or other U.S. owner of the grantor trust and not the trust; and

• In the case of a U.S. trust (other than a grantor trust), the U.S. trust (other than a grantor trust) and not the beneficiaries of the trust.

Foreign person. If you are a foreign person or the U.S. branch of a foreign bank that has elected to be treated as a U.S. person, do not use Form W-9. Instead, use the appropriate Form W-8 or Form 8233 (see Pub. 515, Withholding of Tax on Nonresident Aliens and Foreign Entities).

Nonresident alien who becomes a resident alien. Generally, only a nonresident alien individual may use the terms of a tax treaty to reduce or eliminate U.S. tax on certain types of income. However, most tax treaties contain a provision known as a "saving clause." Exceptions specified in the saving clause may permit an exemption from tax to continue for certain types of income even after the payee has otherwise become a U.S. resident alien for tax purposes.

If you are a U.S. resident alien who is relying on an exception contained in the saving clause of a tax treaty to claim an exemption from U.S. tax on certain types of income, you must attach a statement to Form W-9 that specifies the following five items.

1. The treaty country. Generally, this must be the same treaty under which you claimed exemption from tax as a nonresident alien.

2. The treaty article addressing the income.

3. The article number (or location) in the tax treaty that contains the saving clause and its exceptions.

4. The type and amount of income that qualifies for the exemption from tax.

5. Sufficient facts to justify the exemption from tax under the terms of the treaty article.

Example. Article 20 of the U.S.-China income tax treaty allows an exemption from tax for scholarship income received by a Chinese student temporarily present in the United States. Under U.S. law, this student will become a resident alien for tax purposes if his or her stay in the United States exceeds 5 calendar years. However, paragraph 2 of the first Protocol to the U.S.-China treaty (dated April 30, 1984) allows the provisions of Article 20 to continue to apply even after the Chinese student becomes a resident alien of the United States. A Chinese student who qualifies for this exception (under paragraph 2 of the first protocol) and is relying on this exception to claim an exemption from tax on his or her scholarship or fellowship income would attach to Form W-9 a statement that includes the information described above to support that exemption.

If you are a nonresident alien or a foreign entity, give the requester the appropriate completed Form W-8 or Form 8233.

## Backup Withholding

What is backup withholding? Persons making certain payments to you must under certain conditions withhold and pay to the IRS 24% of such payments. This is called "backup withholding." Payments that may be subject to backup withholding include interest, tax-exempt interest, dividends, broker and barter exchange transactions, rents, royalties, nonemployee pay, payments made in settlement of payment card and third party network transactions, and certain payments from fishing boat operators. Real estate transactions are not subject to backup withholding.

You will not be subject to backup withholding on payments you receive if you give the requester your correct TIN, make the proper certifications, and report all your taxable interest and dividends on your tax return.

Payments you receive will be subject to backup withholding if:

1. You do not furnish your TIN to the requester,

2. You do not certify your TIN when required (see the instructions for Part II for details),

3. The IRS tells the requester that you furnished an incorrect TIN,

4. The IRS tells you that you are subject to backup withholding because you did not report all your interest and dividends on your tax return (for reportable interest and dividends only), or

5. You do not certify to the requester that you are not subject to backup withholding under 4 above (for reportable interest and dividend accounts opened after 1983 only).

Certain payees and payments are exempt from backup withholding. See Exempt payee code, later, and the separate Instructions for the Requester of Form W-9 for more information.

Also see Special rules for partnerships, earlier.

## What is FATCA Reporting?

The Foreign Account Tax Compliance Act (FATCA) requires a participating foreign financial institution to report all United States account holders that are specified United States persons. Certain payees are exempt from FATCA reporting. See Exemption from FATCA reporting code, later, and the Instructions for the Requester of Form W-9 for more information.

## Updating Your Information

You must provide updated information to any person to whom you claimed to be an exempt payee if you are no longer an exempt payee and anticipate receiving reportable payments in the future from this person. For example, you may need to provide updated information if you are a C corporation that elects to be an S corporation, or if you no longer are tax exempt. In addition, you must furnish a new Form W-9 if the name or TIN changes for the account; for example, if the grantor of a grantor trust dies.

## Penalties

Failure to furnish TIN. If you fail to furnish your correct TIN to a requester, you are subject to a penalty of $50 for each such failure unless your failure is due to reasonable cause and not to willful neglect.

Civil penalty for false information with respect to withholding. If you make a false statement with no reasonable basis that results in no backup withholding, you are subject to a $500 penalty.

Criminal penalty for falsifying information. Willfully falsifying certifications or affirmations may subject you to criminal penalties including fines and/or imprisonment.

Misuse of TINs. If the requester discloses or uses TINs in violation of federal law, the requester may be subject to civil and criminal penalties.

# Specific Instructions

## Line 1

You must enter one of the following on this line; do not leave this line blank. The name should match the name on your tax return.

If this Form W-9 is for a joint account (other than an account maintained by a foreign financial institution (FFI)), list first, and then circle, the name of the person or entity whose number you entered in Part I of Form W-9. If you are providing Form W-9 to an FFI to document a joint account, each holder of the account that is a U.S. person must provide a Form W-9.

a. Individual. Generally, enter the name shown on your tax return. If you have changed your last name without informing the Social Security Administration (SSA) of the name change, enter your first name, the last name as shown on your social security card, and your new last name.

Note: ITIN applicant: Enter your individual name as it was entered on your Form W-7 application, line 1a. This should also be the same as the name you entered on the Form 1040/1040A/1040EZ you filed with your application.

b. Sole proprietor or single-member LLC. Enter your individual name as shown on your 1040/1040A/1040EZ on line 1. You may enter your business, trade, or "doing business as" (DBA) name on line 2.

c. Partnership, LLC that is not a single-member LLC, C corporation, or S corporation. Enter the entity's name as shown on the entity's tax return on line 1 and any business, trade, or DBA name on line 2.

d. Other entities. Enter your name as shown on required U.S. federal tax documents on line 1. This name should match the name shown on the charter or other legal document creating the entity. You may enter any business, trade, or DBA name on line 2.

e. Disregarded entity. For U.S. federal tax purposes, an entity that is disregarded as an entity separate from its owner is treated as a "disregarded entity." See Regulations section 301.7701-2(c)(2)(iii). Enter the owner's name on line 1. The name of the entity entered on line 1 should never be a disregarded entity. The name on line 1 should be the name shown on the income tax return on which the income should be reported. For example, if a foreign LLC that is treated as a disregarded entity for U.S. federal tax purposes has a single owner that is a U.S. person, the U.S. owner's name is required to be provided on line 1. If the direct owner of the entity is also a disregarded entity, enter the first owner that is not disregarded for federal tax purposes. Enter the disregarded entity's name on line 2, "Business name/disregarded entity name." If the owner of the disregarded entity is a foreign person, the owner must complete an appropriate Form W-8 instead of a Form W-9. This is the case even if the foreign person has a U.S. TIN.

## Line 2

If you have a business name, trade name, DBA name, or disregarded entity name, you may enter it on line 2.

## Line 3

Check the appropriate box on line 3 for the U.S. federal tax classification of the person whose name is entered on line 1. Check only one box on line 3.

| IF the entity/person on line 1 is a(n) . . . | THEN check the box for . . . |
|---|---|
| • Corporation | Corporation |
| • Individual<br>• Sole proprietorship, or<br>• Single-member limited liability company (LLC) owned by an individual and disregarded for U.S. federal tax purposes. | Individual/sole proprietor or single-member LLC |
| • LLC treated as a partnership for U.S. federal tax purposes,<br>• LLC that has filed Form 8832 or 2553 to be taxed as a corporation, or<br>• LLC that is disregarded as an entity separate from its owner but the owner is another LLC that is not disregarded for U.S. federal tax purposes. | Limited liability company and enter the appropriate tax classification. (P= Partnership; C= C corporation; or S= S corporation) |
| • Partnership | Partnership |
| • Trust/estate | Trust/estate |

## Line 4, Exemptions

If you are exempt from backup withholding and/or FATCA reporting, enter in the appropriate space on line 4 any code(s) that may apply to you.

Exempt payee code.

• Generally, individuals (including sole proprietors) are not exempt from backup withholding.

• Except as provided below, corporations are exempt from backup withholding for certain payments, including interest and dividends.

• Corporations are not exempt from backup withholding for payments made in settlement of payment card or third party network transactions.

• Corporations are not exempt from backup withholding with respect to attorneys' fees or gross proceeds paid to attorneys, and corporations that provide medical or health care services are not exempt with respect to payments reportable on Form 1099-MISC.

The following codes identify payees that are exempt from backup withholding. Enter the appropriate code in the space in line 4.

1—An organization exempt from tax under section 501(a), any IRA, or a custodial account under section 403(b)(7) if the account satisfies the requirements of section 401(f)(2)

2—The United States or any of its agencies or instrumentalities

3—A state, the District of Columbia, a U.S. commonwealth or possession, or any of their political subdivisions or instrumentalities

4—A foreign government or any of its political subdivisions, agencies, or instrumentalities

5—A corporation

6—A dealer in securities or commodities required to register in the United States, the District of Columbia, or a U.S. commonwealth or possession

7—A futures commission merchant registered with the Commodity Futures Trading Commission

8—A real estate investment trust

9—An entity registered at all times during the tax year under the Investment Company Act of 1940

10—A common trust fund operated by a bank under section 584(a)

11—A financial institution

12—A middleman known in the investment community as a nominee or custodian

13—A trust exempt from tax under section 664 or described in section 4947

The following chart shows types of payments that may be exempt from backup withholding. The chart applies to the exempt payees listed above, 1 through 13.

| IF the payment is for . . . | THEN the payment is exempt for . . . |
|---|---|
| Interest and dividend payments | All exempt payees except for 7 |
| Broker transactions | Exempt payees 1 through 4 and 6 through 11 and all C corporations. S corporations must not enter an exempt payee code because they are exempt only for sales of noncovered securities acquired prior to 2012. |
| Barter exchange transactions and patronage dividends | Exempt payees 1 through 4 |
| Payments over $600 required to be reported and direct sales over $5,000[1] | Generally, exempt payees 1 through 5[2] |
| Payments made in settlement of payment card or third party network transactions | Exempt payees 1 through 4 |

[1] See Form 1099-MISC, Miscellaneous Income, and its instructions.

[2] However, the following payments made to a corporation and reportable on Form 1099-MISC are not exempt from backup withholding: medical and health care payments, attorneys' fees, gross proceeds paid to an attorney reportable under section 6045(f), and payments for services paid by a federal executive agency.

Exemption from FATCA reporting code. The following codes identify payees that are exempt from reporting under FATCA. These codes apply to persons submitting this form for accounts maintained outside of the United States by certain foreign financial institutions. Therefore, if you are only submitting this form for an account you hold in the United States, you may leave this field blank. Consult with the person requesting this form if you are uncertain if the financial institution is subject to these requirements. A requester may indicate that a code is not required by providing you with a Form W-9 with "Not Applicable" (or any similar indication) written or printed on the line for a FATCA exemption code.

A—An organization exempt from tax under section 501(a) or any individual retirement plan as defined in section 7701(a)(37)

B—The United States or any of its agencies or instrumentalities

C—A state, the District of Columbia, a U.S. commonwealth or possession, or any of their political subdivisions or instrumentalities

D—A corporation the stock of which is regularly traded on one or more established securities markets, as described in Regulations section 1.1472-1(c)(1)(i)

E—A corporation that is a member of the same expanded affiliated group as a corporation described in Regulations section 1.1472-1(c)(1)(i)

F—A dealer in securities, commodities, or derivative financial instruments (including notional principal contracts, futures, forwards, and options) that is registered as such under the laws of the United States or any state

G—A real estate investment trust

H—A regulated investment company as defined in section 851 or an entity registered at all times during the tax year under the Investment Company Act of 1940

I—A common trust fund as defined in section 584(a)

J—A bank as defined in section 581

K—A broker

L—A trust exempt from tax under section 664 or described in section 4947(a)(1)

M—A tax exempt trust under a section 403(b) plan or section 457(g) plan

Note: You may wish to consult with the financial institution requesting this form to determine whether the FATCA code and/or exempt payee code should be completed.

## Line 5

Enter your address (number, street, and apartment or suite number). This is where the requester of this Form W-9 will mail your information returns. If this address differs from the one the requester already has on file, write NEW at the top. If a new address is provided, there is still a chance the old address will be used until the payor changes your address in their records.

## Line 6

Enter your city, state, and ZIP code.

# Part I. Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. If you are a resident alien and you do not have and are not eligible to get an SSN, your TIN is your IRS individual taxpayer identification number (ITIN). Enter it in the social security number box. If you do not have an ITIN, see How to get a TIN below.

If you are a sole proprietor and you have an EIN, you may enter either your SSN or EIN.

If you are a single-member LLC that is disregarded as an entity separate from its owner, enter the owner's SSN (or EIN, if the owner has one). Do not enter the disregarded entity's EIN. If the LLC is classified as a corporation or partnership, enter the entity's EIN.

Note: See What Name and Number To Give the Requester, later, for further clarification of name and TIN combinations.

How to get a TIN. If you do not have a TIN, apply for one immediately. To apply for an SSN, get Form SS-5, Application for a Social Security Card, from your local SSA office or get this form online at www.SSA.gov. You may also get this form by calling 1-800-772-1213. Use Form W-7, Application for IRS Individual Taxpayer Identification Number, to apply for an ITIN, or Form SS-4, Application for Employer Identification Number, to apply for an EIN. You can apply for an EIN online by accessing the IRS website at www.irs.gov/Businesses and clicking on Employer Identification Number (EIN) under Starting a Business. Go to www.irs.gov/Forms to view, download, or print Form W-7 and/or SS-4.  Or, you can go to www.irs.gov/OrderForms to place an order and have Form W-7 and/or SS-4 mailed to you within 10 business days.

If you are asked to complete Form W-9 but do not have a TIN, apply for a TIN and write "Applied For" in the space for the TIN, sign and date the form, and give it to the requester. For interest and dividend payments, and certain payments made with respect to readily tradable instruments, generally you will have 60 days to get a TIN and give it to the requester before you are subject to backup withholding on payments. The 60-day rule does not apply to other types of payments. You will be subject to backup withholding on all such payments until you provide your TIN to the requester.

Note: Entering "Applied For" means that you have already applied for a TIN or that you intend to apply for one soon.

Caution: A disregarded U.S. entity that has a foreign owner must use the appropriate Form W-8.

# Part II. Certification

To establish to the withholding agent that you are a U.S. person, or resident alien, sign Form W-9. You may be requested to sign by the withholding agent even if item 1, 4, or 5 below indicates otherwise.

For a joint account, only the person whose TIN is shown in Part I should sign (when required). In the case of a disregarded entity, the person identified on line 1 must sign. Exempt payees, see Exempt payee code, earlier.

Signature requirements. Complete the certification as indicated in items 1 through 5 below.

1. Interest, dividend, and barter exchange accounts opened before 1984 and broker accounts considered active during 1983. You must give your correct TIN, but you do not have to sign the certification.

2. Interest, dividend, broker, and barter exchange accounts opened after 1983 and broker accounts considered inactive during 1983. You must sign the certification or backup withholding will apply. If you are subject to backup withholding and you are merely providing your correct TIN to the requester, you must cross out item 2 in the certification before signing the form.

3. Real estate transactions. You must sign the certification. You may cross out item 2 of the certification.

4. Other payments. You must give your correct TIN, but you do not have to sign the certification unless you have been notified that you have previously given an incorrect TIN. "Other payments" include payments made in the course of the requester's trade or business for rents, royalties, goods (other than bills for merchandise), medical and health care services (including payments to corporations), payments to a nonemployee for services, payments made in settlement of payment card and third party network transactions, payments to certain fishing boat crew members and fishermen, and gross proceeds paid to attorneys (including payments to corporations).

5. Mortgage interest paid by you, acquisition or abandonment of secured property, cancellation of debt, qualified tuition program payments (under section 529), ABLE accounts (under section 529A), IRA, Coverdell ESA, Archer MSA or HSA contributions or distributions, and pension distributions. You must give your correct TIN, but you do not have to sign the certification.

## What Name and Number To Give the Requester

| For this type of account: | Give name and SSN of: |
|---|---|
| 1. Individual | The individual |
| 2. Two or more individuals (joint account) other than an account maintained by an FFI | The actual owner of the account or, if combined funds, the first individual on the account[1] |
| 3. Two or more U.S. persons (joint account maintained by an FFI) | Each holder of the account |
| 4. Custodial account of a minor (Uniform Gift to Minors Act) | The minor[2] |
| 5. a. The usual revocable savings trust (grantor is also trustee) | The grantor-trustee[1] |
| b. So-called trust account that is not a legal or valid trust under state law | The actual owner[1] |
| 6. Sole proprietorship or disregarded entity owned by an individual | The owner[3] |
| 7. Grantor trust filing under Optional Form 1099 Filing Method 1 (see Regulations section 1.671-4(b)(2)(i)(A)) | The grantor* |

| For this type of account: | Give name and EIN of: |
|---|---|
| 8. Disregarded entity not owned by an individual | The owner |
| 9. A valid trust, estate, or pension trust | Legal entity[4] |
| 10. Corporation or LLC electing corporate status on Form 8832 or Form 2553 | The corporation |
| 11. Association, club, religious, charitable, educational, or other tax-exempt organization | The organization |
| 12. Partnership or multi-member LLC | The partnership |
| 13. A broker or registered nominee | The broker or nominee |

| For this type of account: | Give name and EIN of: |
|---|---|
| 14. Account with the Department of Agriculture in the name of a public entity (such as a state or local government, school district, or prison) that receives agricultural program payments | The public entity |
| 15. Grantor trust filing under the Form 1041 Filing Method or the Optional Form 1099 Filing Method 2 (see Regulations section 1.671-4(b)(2)(i)(B)) | The trust |

[1] List first and circle the name of the person whose number you furnish. If only one person on a joint account has an SSN, that person's number must be furnished.

[2] Circle the minor's name and furnish the minor's SSN.

[3] You must show your individual name and you may also enter your business or DBA name on the "Business name/disregarded entity" name line. You may use either your SSN or EIN (if you have one), but the IRS encourages you to use your SSN.

[4] List first and circle the name of the trust, estate, or pension trust. (Do not furnish the TIN of the personal representative or trustee unless the legal entity itself is not designated in the account title.) Also see Special rules for partnerships, earlier.

*Note: The grantor also must provide a Form W-9 to trustee of trust.

Note: If no name is circled when more than one name is listed, the number will be considered to be that of the first name listed.

## Secure Your Tax Records From Identity Theft

Identity theft occurs when someone uses your personal information such as your name, SSN, or other identifying information, without your permission, to commit fraud or other crimes. An identity thief may use your SSN to get a job or may file a tax return using your SSN to receive a refund.

To reduce your risk:

• Protect your SSN,

• Ensure your employer is protecting your SSN, and

• Be careful when choosing a tax preparer.

If your tax records are affected by identity theft and you receive a notice from the IRS, respond right away to the name and phone number printed on the IRS notice or letter.

If your tax records are not currently affected by identity theft but you think you are at risk due to a lost or stolen purse or wallet, questionable credit card activity or credit report, contact the IRS Identity Theft Hotline at 1-800-908-4490 or submit Form 14039.

For more information, see Pub. 5027, Identity Theft Information for Taxpayers.

Victims of identity theft who are experiencing economic harm or a systemic problem, or are seeking help in resolving tax problems that have not been resolved through normal channels, may be eligible for Taxpayer Advocate Service (TAS) assistance. You can reach TAS by calling the TAS toll-free case intake line at 1-877-777-4778 or TTY/TDD 1-800-829-4059.

Protect yourself from suspicious emails or phishing schemes. Phishing is the creation and use of email and websites designed to mimic legitimate business emails and websites. The most common act is sending an email to a user falsely claiming to be an established legitimate enterprise in an attempt to scam the user into surrendering private information that will be used for identity theft.

The IRS does not initiate contacts with taxpayers via emails. Also, the IRS does not request personal detailed information through email or ask taxpayers for the PIN numbers, passwords, or similar secret access information for their credit card, bank, or other financial accounts.

If you receive an unsolicited email claiming to be from the IRS, forward this message to phishing@irs.gov. You may also report misuse of the IRS name, logo, or other IRS property to the Treasury Inspector General for Tax Administration (TIGTA) at 1-800-366-4484. You can forward suspicious emails to the Federal Trade Commission at spam@uce.gov or report them at www.ftc.gov/complaint. You can contact the FTC at www.ftc.gov/idtheft or 877-IDTHEFT (877-438-4338). If you have been the victim of identity theft, see www.IdentityTheft.gov and Pub. 5027.

Visit www.irs.gov/IdentityTheft to learn more about identity theft and how to reduce your risk.

## Privacy Act Notice

Section 6109 of the Internal Revenue Code requires you to provide your correct TIN to persons (including federal agencies) who are required to file information returns with the IRS to report interest, dividends, or certain other income paid to you; mortgage interest you paid; the acquisition or abandonment of secured property; the cancellation of debt; or contributions you made to an IRA, Archer MSA, or HSA. The person collecting this form uses the information on the form to file information returns with the IRS, reporting the above information. Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation and to cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their laws. The information also may be disclosed to other countries under a treaty, to federal and state agencies to enforce civil and criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism. You must provide your TIN whether or not you are required to file a tax return. Under section 3406, payers must generally withhold a percentage of taxable interest, dividend, and certain other payments to a payee who does not give a TIN to the payer. Certain penalties may also apply for providing false or fraudulent information.

## CERTIFICATION OF SERVICE

Alex Kaufman, an attorney admitted to practice in the Courts of the State of New York, hereby certifies as follows:

I am an attorney licensed to practice in the State of New York, and licensed to practice before this Court.  I am a partner at the law firm of Hall Booth Smith, P.C.  I am over eighteen years of age.  I am not a party to this action.

On May 20, 2022, I caused a copy (1) Notice of Motion, and (2) Memorandum of Law in Support of Motion to Enforce Settlement Agreement and Attorneys Fees, to be served on the following party, via ECF/PACER, which was provided to the Court and is currently reflected on the docket:


Winget, Spadafora & Schwartzberg, LLP
45 Broadway, 32nd Floor
New York, New York 10006
(212) 221-6900
Kenneth McLellan mclellan.k@wssllp.com
and Keith Roussel Roussel.k@wssllp.com

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 20, 2022
       New York, New York

By: _____
       Alex Kaufman (5362264)