IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YURI GARMASHOV,<br><br>　　Plaintiff,<br><br>v.<br><br>UNITED STATES PARACHUTE ASSOCIATION, INC.,<br><br>　　Defendant. | New York State<br><br>Civil Action Case No.: 1:21-cv-04917-JGK |

**REPLY AFFIRMATION IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE THE SETTLEMENT AGREEMENT REACHED AT MEDIATION AND FOR ATTORNEY'S FEES**

　　　　　　　　　　　　　　　　　　　　HALL BOOTH SMITH, P.C.
　　　　　　　　　　　　　　　　　　　　Attorneys For Plaintiff
　　　　　　　　　　　　　　　　　　　　366 Madison Avenue, 5th floor
　　　　　　　　　　　　　　　　　　　　New York, New York 10017
　　　　　　　　　　　　　　　　　　　　akaufman@hallboothsmith.com
　　　　　　　　　　　　　　　　　　　　(404) 964-5587

Alex Kaufman, Esq.

Bar Number: 5362264

i

## TABLE OF CONTENTS

**Page No.**

PRELIMINARY STATEMENT …………………………….....…………….1

STATEMENT OF FACTS…………………………………....…….……...1

LAW AND LEGAL ARGUMENT …………………………....…....….……3

CONCLUSION………………….……………………………....…………7

# **TABLE OF AUTHORITIES**

## **CASES**

*Hostcentric Technologies, Inc., v. Republic Thunderbolt, LLC,* 2005,
WL 1377853 (S.D.N.Y. June 9, 2005),………………………………………………….………2

*Scheinmann v. Dykstra,* 2017 WL 1422972 (S.D. New York, 2017)…………………..……..3

*Red Ball Interior Demolition Corp. v. Palmadessa,* 173 F.3d 481, 484 (2d Cir. 1999)…..…..3

*Register.com, Inc. v. Verio, Inc.,* 356 F.3d 393, 427 (2d Cir. 2004)…………………………..3

*Rightnour v Tiffany & Co.*,16 Civ. 3527, 2017 WL 878448 at 5 (S.D.N.Y. Mar. 6, 2017)…...3

*Sullivan v. Ruvoldt,* 16 Civ. 583, 2017 WL 1157150 at 6 (S.D.N.Y. Mar. 27, 2017)…………3

*Winston v. Mediafare Entm't Corp.,* 777 F.2d 78, 80 (2d Cir. 1985),…………………………4

**PRELIMINARY STATEMENT**

1. Plaintiff submits the within Reply Affirmation in further support of the motion to enforce the settlement agreement, for attorney's fees and in response to Plaintiff's opposition.

2. Plaintiff will not respond to Defense Counsel's alleged reasons why Plaintiff's membership was revoked since that is not at issue in the present motion. The basis for the motion is to enforce the Mediation Settlement Agreement entered into by all parties on May 12, 2022, all other arguments made by defense counsel are not within the rules of contract construction and are distractions from the sole issue before the Court.

**STATEMENT OF FACTS**

3. Plaintiff incorporates by reference the Statement of Facts identified in Plaintiff's original Memorandum of Law on pages 1-3.

**LEGAL ARGUMENT**

4. Defendant argues that there are two distinct types of preliminary contracts that can be enforced, in sum, Type I, occurs when the parties have reached complete agreement on all issues perceived to require negotiation; and Type II, is one that expresses mutual commitment to contact on agreed major terms, while recognizing the existence of open terms that need to be negotiated. See Defendant's paragraph 27.

5. Defendant attempts to muddy the waters before this Honorable Court by claiming the parties entered into a Type II preliminary binding contract by stating that the Mediation Settlement Agreement Terms and Conditions was not the final document, when in reality, the Mediation Settlement Agreement Terms and Conditions was the final document as there was no qualification or reservation provision and the Agreement's terms were clear and unambiguous.

1

Moreover, Defendant prepared the offer terms. The Plaintiff merely accepted them and rendered them to a writing.

6.     Defendant avoids the e-mail correspondence they provided on May 12, 2022 that *there was an agreement in principle and that the term sheet was sent to their client for signature*. (Emphasis added). See Plaintiff's Exhibit 8.

7.     Specifically, Defendant responds to Plaintiff's e-mail and references the mediator, Holly Weiss, by stating, "Holly Weiss asked that I respond to this email to confirm that we have an agreement in principle, which we do.  We sent the term sheet to our client for signature.  If you want to move the process along, please end[sic] a draft formal proposed settlement agreement. Carriers generally require an executed IRS W-9 form and written payment instructions." See Plaintiff's Exhibit 8.

8.     Defendant's response on May 12, 2022, makes no reference to their later proposed amendment (covenant not to reaaply) which they claim should have been included in the Mediation Settlement Agreement Terms and Conditions.

9.     Defendants May 12, 2022 response, is a clear acceptance of the Mediation Settlement Agreement Terms and Conditions provided and signed by the Plaintiff, Yuri Garmashov.  See Plaintiff's Exhibit 8.

10.    Plaintiff complied with Defendant's request for the W-9 and wire instructions. See Plaintiff's Exhibit 10.

11.    At no point during this exchange did the Defendant make any such statements that there was an issue with Mediation Settlement Agreement Terms and Conditions.  It was not until the following day, May 13, 2022 at 8:12 a.m., that Defendant then attempts to renegotiate the terms of the Settlement Agreement. See Exhibit 8.

2

12.     Plaintiff again relies upon the arguments made in Hostcentric Technologies, Inc., v. Republic Thunderbolt, LLC, 2005 WL 1377853 (S.D.N.Y. June 9, 2005), where the Courts found that a settlement agreement documented in an e-mail was valid.  As is the case here, there was an agreement in principle, that agreement was then reduced to writing and signed by Plaintiff with the expectation and anticipation it would be signed by Defendant based upon earlier correspondence.  (See Exhibits 5 and 8).

13.     In Scheinmann v. Dykstra, 2017 WL 1422972 (S.D. New York, 2017), the Court found that "[s]ettlement agreements are contracts and must therefore be construed according to general principles of contract law." Citing Red Ball Interior Demolition Corp. v. Palmadessa, 173 F.3d 481, 484 (2d Cir. 1999).  The parties further disagreed whether a binding contract was formed by the e-mail between the parties.  "To form a valid contract under New York law, there must be an offer, acceptance, consideration, mutual assent and intent to be bound." Register.com, Inc. v. Verio, Inc., 356 F.3d 393, 427 (2d Cir. 2004).  "The lynchpin of any settlement agreement is the mutual assent of parties to the terms of the settlement."  Rightnour v Tiffany & Co.,16 Civ. 3527, 2017 WL 878448 at 5 (S.D.N.Y. Mar. 6, 2017).  "An exchange of emails may constitute an enforceable agreement if the writings include all of the agreements essential terms, including the fee, or other cost involved." Sullivan v. Ruvoldt, 16 Civ. 583, 2017 WL 1157150 at 6 (S.D.N.Y. Mar. 27, 2017).

14.     In the instant action, the e-mails sent on May 11, 2022 and May 12, 2022 between Plaintiff and Defendant constitute an offer of the terms of the settlement agreement, acceptance, consideration, mutual assent and intent to be bound. See Exhibits 5 and 8.

15. There contractual elements of offer and acceptance were met when Plaintiff and Defendant communicated on May 11 and 12, 2022 wherein Defendant in no uncertain terms wrote in an e-mail, "there was an agreement in principle…" See Exhibit 8.

16. The consideration element was met as identified by the terms of the Agreement as identified in Exhibit 5.

17. The elements of mutual assent and intent to be bound were created when Defendant drafted an e-mail that read, "The Mediation Settlement Agreement Terms and Conditions was sent to their client for signature." See Exhibit 7.

18. The Defendant intended to be bound by the Mediation Settlement Agreement Terms and Conditions when they unequivocally stated in an e-mail that there was an agreement in principle and the document had been sent to their client for signature. There was no mention at that time of any additions, changes or amendments. See Exhibits 7 and 8.

19. The Plaintiff wholeheartedly relied upon the May 12, 2022 e-mail as the Defendant's acceptance of the terms and conditions and considered the matter closed.

20. "[O]nce reached, a settlement agreement constitutes a contract that is binding and conclusive and the parties are bound to the terms of the contract even if a party has a change of heart between the time of the agreement to the terms of the settlement and the time it is reduced to writing." "Moreover, [a] district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." Scheinmann v. Dykstra, 2017 WL 1422972 (S.D. New York, 2017).

21. As is the case at hand, Defendant appears to have had a change of heart as to the terms of the Mediation Settlement Agreement Terms and Conditions based upon their e-mail on

4

May 13, 2022. However, their prior correspondence on May 11 and 12, 2022 constitutes a binding contract that should be enforced.

22. The enforcement of an agreement is supported by four factors set forth in <u>Winston v. Mediafare Entm't Corp.</u>, 777 F.2d 78, 80 (2d Cir. 1985), (1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon and (4) whether the agreement at issue is the type of contract that is usually committed to writing.

23. In the instant action as indicated by the numerous e-mail communications between the parties with the assistance of the mediator, there was no express or implied reservation by either party of the right not to be bound absent a signed writing. The e-mails from May 11, 2022 and May 12, 2022 indicate a clear and concise offer and acceptance of that offer, with evidence of the intent that the parties had a deal. See Exhibits 5, 7 and 8.

24. There was also no indication or communication that the agreement was to be reduced in writing, but the terms were reduced to writing as evidenced by the Settlement Agreement. See Exhibit 5.

25. Turning to the second factor, there was no partial performance because Defendant repudiated the agreement. This factor was found to be neutral in the <u>Hostcentric Techs., Inc., v. Republic Thunderbolt, LLC</u> 2005 WL 1377853 at 8, case. The instant action is identical to <u>Hostcentric</u>, in that Defendant too repudiated the agreement, albeit, after the Settlement Agreement was reduced to writing.

26. The third factor, whether the material terms had been agreed to was met when Defendant, agreed to the Settlement Agreement in principle. See Exhibits 7 and 8.

27. The fourth factor, whether the agreement at issue was the type of contract that is usually committed to writing has also been met as the terms of the agreement were immediately reduced to writing, not only in the e-mails between the parties but then formally by way of the Settlement Agreement. See Exhibits 5, 7 and 8.

28. Turning to Defendant's argument that attorneys' fees are without merit. It can be said at this time and based upon the above law and argument, that Defendant has acted in 'bad faith, vexatiously, and wantonly" by forcing Plaintiff's hand to file a motion to enforce in light of their failure to comply with the Settlement Agreement. See Hostcentric.

## CONCLUSION

29. Plaintiff having shown that based on applicable case law and statutes, the e-mails exchanged between the parties concerning the settlement agreement are valid and enforceable. The Defendant is therefore bound by the Settlement Agreement and should be ordered to release the funds as so stipulated and perform all terms of the Settlement Agreement, in addition to such other and further relief as this Court may deem just and proper.

Dated:  June 1, 2022                                Yours, etc.,
        New York, New York

                                                    **HALL BOOTH SMITH, P.C.**

                                                    By:  _____
                                                         Alex B. Kaufman
                                                         366 Madison Avenue
                                                         5th Floor
                                                         New York, NY 10017
                                                         (404) 964-5587
                                                         akaufman@hallboothsmith.com

7