**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

YURI GARMASHOV,

     Plaintiff,

v.

UNITED STATES PARACHUTE
ASSOCIATION, INC.,

     Defendant.


-------------------------------------------------------------X

Case No.: **1:21-cv-04917-JGK-OTW**

**FIRST REQUEST FOR**
**PRODUCTION OF DOCUMENTS**
**FROM PLAINTIFF PURSUANT**
**TO F.R.C.P. 34**

TO: (VIA ECF)

HALL BOOTH SMITH, P.C.
Attn: Alex B. Kaufman, Esq.
366 Madison Avenue
5th Floor
New York, NY 10017
(212)-805-3630
(404)-954-5020 (fax)
*Counsel for Plaintiff Yuri Garmashov*

     **PLEASE TAKE NOTICE** that Defendant UNITED STATES PARACHUTE

ASSOCIATION, INC., (Hereafter "Defendant" or "USPA"), demands that Plaintiff YURI

GARMASHOV ("Plaintiff") within 30 days produce the following for copying and/or inspection,

at the offices of Winget, Spadafora & Schwartzberg, LLP, 45 Broadway, 32nd Floor, New York,

NY 10006, within the form and substance prescribed by Federal Rule of Civil Procedure, **Rule 34**:

## **DEFINITIONS**

A.     As used herein, the following terms shall have the following meanings unless the context
requires otherwise.

     1.     Unless specifically noted otherwise, the terms "you," "your" "and "Plaintiff" refers
to YURI GARMASHOV.

2.      "Defendant" refers to Defendant, UNITED STATES PARACHUTE
        ASSOCIATION, INC.

3.      "Person" includes the plural as well as the singular and means any natural person
        and any firm, company, corporation, association." or partnership or other form of
        legal, business or governmental entity of kind whatsoever, unless the context
        requires otherwise.      ·

4.      "Document" and "documents" are used in their broadest sense and mean any
        written, typed, printed, recorded or graphic matter of any kind however produced
        or reproduced, and all non-identical copies thereof, whether different because of
        notes made thereon or otherwise, including but not limited to, bordereaux., letters
        or other correspondence, messages, telegrams, telexes, memoranda, notations,
        reports, analyses, summaries, charts, graphs, studies, tabulations, statements, notes,
        notebooks, work papers, notations, telephone toll records, invoices, books,
        pamphlets, brochures, press releases, diaries, minutes of meetings or conferences,
        transcripts of telephone conversations, transcripts of testimony, cost sheets,
        financial reports, accountants' work paper, opinions or reports of consultants,
        checks (front and back), check stubs, receipts, ledgers, purchase orders, pictures,
        photographs, contracts, agreements, advertisements, films, tapes, tape records,
        indices, microfilm, other data compilations, including computer data,. or the
        memory units containing such data from which information can be obtained or
        translated into usable form, drafts of any of the foregoing and all similar documents.

5.      The words "and" and "or" mean "and/or" and shall be construed conjunctively as
        necessary to bring within the scope of these requests all information and/or
        documents which might otherwise be construed to be outside of the scope of these
        requests.

6.      The singular shall be deemed to include the plural and vice versa as necessary to
        bring within the scope of these requests all information d/or documents that might
        otherwise be construed to be outside of the scope of these requests.

7.      The phrase "including but not limited to" means "including, without in anyway
        qualifying, limiting or restricting the foregoing."

8.      The word "communications" means "communications of any kind whatsoever,
        including, without limitation, discussions, meetings or negotiations, statements,
        representations transmissions or conversations, face-to-face or otherwise."

9.      The word "information" means "information of any kind whatsoever."

10.     The phrase "all documents that constitute, relate or refer to" means "all documents
        that in any way, whether directly or indirectly, refer, relate or pertain to, or contain,
        constitute, reflect, record, embody, memorialize, discuss, underlie, comment upon,

form the basis for, analyze, mention, comprise, consider, explain, show or describe the subject matter of the paragraph containing the phrase.

11.    The words "identify" and "identity:

(a)    When used with reference to a natural person: means to state, in the answer in each instance, his or her full name, present or last known address, and his or her occupation or business (including the name and address of his or present employer), position and the dates of employment, if known.  When used with reference to any particular person, the information other than the full name need be given only once.

(b)    When used with reference to a corporation, partnership, association, joint venture, subsidiary, managing agent, syndicate, firm or other business enterprise or legal entity:  means to state, in the answer in each instance, the full name and address. of such entity, its affiliation, including in the case of a corporation, its parent, if any, and in the case of a partnership or joint venture, its partners or members of the venture, and a brief description of the primary business in which such entity is engaged. When used with respect to any particular entity, the information other than the full name need be given only once.

(c)    When used in connection with a writing or document: means to state, in the answer in each instance, whether or not such document is known to be in existence at the time of making the answer, and to set forth: (i) the date, type of document (e.g., letter, memoranda, etc.), author, addressee,  all recipients, title and filing identification number; (ii) the present or last known location and custodian of the document and all copies thereof; and (iii) a summary of the contents of the writing or document.

(d)    When used in connection with an oral communication:  means to state, in the answer in each instance, (i) the identities of the persons communicating; (ii) the recipient and intended recipient of the communication; (iii) the  identity  of each person  present  or  otherwise aware of the substance of the communications; (iv) the date and time when and the place where it was  made; (v)  the identity of any document  or writing which embodies, records, reflects or otherwise refers to such oral communication; and (vi) the contents of the communication.

## <u>CONTINUING REQUESTS</u>

B.    These requests are continuing in character so as to require you to produce additional information and/or documents if you locate or obtain possession, custody or control of. such additional responsive information and/or documents at any time prior to trial herein. The Defendant reserves the right to serve additional requests.

## TIME PERIOD

C.    Unless otherwise specified herein, the periods of time covered by these requests are all time periods implicated by the Complaint to the date of these requests (the "relevant" period).

## PRIVILEGED OR PROPRIETARY MATTER

D.    If any Interrogatory is deemed to call for the production of privileged or work product materials and such privilege or work product is asserted, identify in writing each document so withheld and provide the following information:

1.    the reason for withholding the document;
2.    a statement of the basis for the claim of privilege, work product or other ground of nondisclosure; .
3.    a brief description of the document; including:
    a)    the number of pages, attachments and appendices;
    b)    the name(s) of its author, authors, or preparers and an identification by employment and title of each such person;
    c)    the name of each person who was sent, shown, or bound or carbon copied the document or who has or has had access to or custody of the document, together with an identification of each such person;
    d)    the present custodian; and
    e)    the subject matter of the document, and in the case of any document relating or referring to a meeting or conversation, identification of such meeting or conversation.

If any request is deemed to call for disclosure of propriety data, the Defendant is prepared to received such data pursuant to an appropriate protective order with requests for confidentiality.

## LOST OR DESTROYED DOCUMENTS

E.    If any documents responsive to any Interrogatory herein was at one time in existence, but has been lost, discarded or destroyed, identify each such document as completely as possible, providing as much of the following information as possible:

1.    the type of document;
2.    its date;
3.    the date or approximate date it was lost, discarded or destroyed;
4.    the circumstances and manner in which it was lost, discarded or destroyed;
5.    the reason or reasons for disposing of the document (if discarded or destroyed);
6.    the identity of all persons authorizing or having knowledge of the circumstances surrounding the disposal of the document;
7.    the identity of the person(s) who lost, discarded or destroyed the documents; and
8.    the identity of all persons having knowledge of the contents thereof.

## INSTRUCTIONS

F.      It is requested that all documents be produced in the file folders and file cartons in which they have been maintained or stored, clipped, stapled or otherwise in the same form and manner as they were found. If you choose to produce the documents requested corresponding with the categories in the requests, it is requested that you also identify the file folders, drawers or cartons in which the documents were originally maintained and the person or persons in whose custody or control such files are or were maintained.

G.      Each Interrogatory included herein encompasses all information and/or every document in your possession, custody or control, including each document known to you that can be located, discovered or obtained by reasonably diligent efforts.

H.      If you contend that it would be unreasonably burdensome to obtain and provide any of the documents called for in response to any one of these requests, then in response to the appropriate requests:

     1,      Produce all documents and set forth all such information as is available to you without undertaking what you contend to be an unreasonable burden;

     2.      Describe with particularity the efforts made by you or on your behalf to secure such documents or information, including, without limitation, identification of persons consulted, description of files, records, and documents reviewed, and identification of each person who participated in the gathering of such information, with specification of the amount of time spent and nature of work done by each such person; and

     3.      State with particularity the grounds on which you contend that additional efforts to obtain such. information would be unreasonably burdensome.

## DOCUMENTS TO PRODUCE

1.      Provide copies of all legal bills for which Plaintiff seeks reimbursement in this action.

2.      Provide any documentary evidence of lost future earnings or income based on alleged actions taken by Defendant USPA.

3.      Provide copies of documents showing the earnings Plaintiff made related to Skydiving prior to the USPA's revocation of his membership and instructional ratings.

4.      Provide copies of all documents evidencing earnings Plaintiff has made related to Skydiving outside of the United States, including but not limited to Russia, since the USPA revocation of his membership.

5.      Provide a copy of the skydiving magazine showing Plaintiff on the cover including any article that mentions him in that same skydiving magazine.

6.      Provide copies of all Plaintiff's log books for skydiving for the three years prior to his membership and instructional ratings being revoked.

7.      Provide copies of all correspondence, including but not limited to letters and e-mails, between him and the U.S. Attorney's office concerning the United States District Court, Eastern District of California action, Case No. 2:21-cr-00111-WBS against Robert Pooley.

8.      Provide copies of all correspondence, including but not limited to letters and e-mails, between Plaintiff's attorney and the U.S. Attorney's office concerning the United States District Court, Eastern District of California action, Case No. 2:21-cr-00111-WBS against Robert Pooley.

9.      Provide copies of any U.S. Attorney's office subpoena for Plaintiff to testify in the United States District Court, Eastern District of California action, Case No. 2:21-cr-00111-WBS against Robert Pooley.

10.      Provide copies of any U.S. Attorney's office subpoena for Plaintiff to produce documents concerning the United States District Court, Eastern District of California action, Case No. 2:21-cr-00111-WBS against Robert Pooley.

11.     Provide a copy of all of Plaintiff's responses to any subpoena from U.S. Attorney's office concerning the United States District Court, Eastern District of California action, Case No. 2:21-cr-00111-WBS against Robert Pooley.

12.     Provide a complete copy of all documents referenced in your Complaint.

13.     Provide all documents which quantity and or evidence the damages alleged in the Complaint.

14.     Provide any and all documents that Plaintiff may use to support his claims.

15.     Identify and list the names and addresses for the skydiving training courses that Plaintiff alleges he has taught across the world as alleged in Paragraph "12" of the Complaint.

16.     Provide copies of all correspondence, including but not limited to letters and e-mails, between Robert Pooley and Plaintiff between August of 2015 and August of 2016.

17.     Provide copies of all documents from U.S. Attorney's office and any other law enforcement agency related to the prosecution of Robert Pooley provided to Plaintiff or his counsel.

Dated: New York, New York
        September 6, 2022

                    **WINGET, SPADAFORA &
                    SCHWARTZBERG, LLP**
                    *Attorneys for Defendant United States
                    Parachute Association, Inc.*

        By:     */s/ Keith Roussel*
                Kenneth A. McLellan
                Keith Roussel
                45 Broadway, 32nd Floor
                New York, New York 10006

(212)-221-6900
(212)-221-6989 (facsimile)

## CERTIFICATE OF SERVICE

We hereby certify that on this 6th day of September 2022, we caused a true and correct

copy of the foregoing:

    (1)        Notice of Plaintiff Yuri Garmashov' s Deposition; and

    (2)        First Request for Production of Documents Pursuant to F.R.C.P 34.

 to be served upon the following persons by the following means:

**Via ECF on the following users:**

HALL BOOTH SMITH, P.C.
Attn: Alex B. Kaufman, Esq.
366 Madison Avenue
5th Floor
New York, NY 10017
(212)-805-3630
(404)-954-5020 (fax)
*Counsel for Plaintiff Yuri Garmashov*