# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YURI GARMASHOV,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES PARACHUTE<br>ASSOCIATION, INC.,<br><br>  Defendant. | CASE NO.<br><br>1:21-CV-04917-JGK |

## PLAINTIFF YURI GARMASHOV'S MOTION FOR CONTEMPT

**Chalmers, Adams, Backer &
Kaufman, LLC**

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
AKaufman@ChalmersAdams.com
(404) 964-5587
*Counsel for Plaintiff Yuri Garmashov*

Attorneys:
Alex B. Kaufman, Esq.

I.  BACKGROUND........................................................................................3

II. STANDARD ON CIVIL CONTEMPT........................................................6

III. USPA SHOULD BE HELD IN CIVIL CONTEMPT.....................................7

IV. STANDARD FOR CIVIL CONTEMPT SANCTIONS..................................11

V. THE COURT SHOULD AWARD PLAINTIFF HIS FEES AND COSTS.14

VI. CONCLUSION........................................................................................17

CERTIFICATION OF COMPLIANCE.......................................................22

**Table of Contents**

Plaintiff Yuri Garmashov ("Mr. Garmashov" or "Plaintiff"), respectfully moves this Court for entry of civil contempt sanctions against Defendant United States Parachute Association, Inc. ("USPA" or "Defendant") for USPA's failure to comply with the Court's order entered November 29, 2022. In willful defiance of the Court's Order, the USPS has failed to comply by *executing* the settlement agreement and transferring $150,000.00 to Mr. Garmashov in accordance with the Agreement terms and the clear and unambiguous Order. These flagrant violations can only be addressed by entry of civil contempt sanctions, including the award of attorney's fees, interest on the unpaid settlement amount, and a *per diem* fine until such time as USPA complies with the Order and the Agreement.

Plaintiff submits this memorandum of law and attached Affidavit in support of his Motion for Contempt.

## I. Background

Mr. Garmashov is a professional skydiving instructor and was a member of USPA—a self-governing association for the sport of skydiving—from 2000 through 2016. See Compl. at ¶¶ 12, 25 [ECF Doc. # 3].

On or around August 6, 2016, and prior to the suspension of Mr. Garmashov's USPA membership, a former skydiving instructor named Rob Pooley, whom the USPA had previously suspended, forged Mr. Garmashov's signature on certification paperwork for an instructor involved in a tandem skydive jump in California. Mr.

Garmashov was out of the country when Mr. Pooley forged his signature. That jump resulted in two fatalities.

By letter dated October 13, 2016, Jan Meyer, USPA's National Secretary at the time, informed Mr. Garmashov, that the USPA Board had revoked his membership and terminated all instructor "ratings." See Oct. 13, 2016 USPA Letter from Jan Meyer to Yuri Garmashov. The USPA did not, however, follow the suspension procedures set forth in the 2016 USPA Governance Manual. Mr. Garmashov was not provided with any of the evidence used against him in that decision-making process nor was he allowed to have an attorney represent him.

Thereafter, Mr. Garmashov initiated the instant breach of contract action. All claims set forth in Mr. Garmashov's Complaint arise from this 2016 revocation and termination. Subsequent to October 13, 2016, Mr. Garmashov has never been a USPA member.

USPA moved to compel arbitration, but the Court denied that motion. ECF No. 25. The Court referred the parties to mediation. Id. On May 11, 2022, the parties participated in a mediation via videoconference with court-appointed mediator Holly H. Weiss, Esq. During the mediation process, the parties reached an agreement, and concluded the mediation.

On May 11, 2022, Plaintiff executed the document entitled "Mediation Settlement Agreement Terms and Conditions," and that draft was circulated to

defense counsel, with a copy to the mediator. The terms of that agreement were that the case would settle for a specified sum of $150,000, with mutual dismissals with prejudice, mutual general releases of all claims and allegations, mutual confidentiality as to the terms of the Agreement, and no admission of liability by any party. See ECF No. 37 ¶ 20; Id., Ex. 5.

On May 13, 2022, counsel for the USPA confirmed via email that "we have an agreement in principle" and that the term sheet was sent to his client for signature. Id., Ex. 8.

On May 14, 2022, counsel for USPA attempted to add a term to the Agreement barring Mr. Garmashov from applying for membership in the USPA. Id. Counsel for the Plaintiff explicitly rejected such term. Id.

On May 20, 2022, the Plaintiff filed a motion to enforce the settlement Agreement and for attorney's fees incurred in preparing the motion. ECF No. 36.

On November 29, 2022, this Court held that the parties reached an enforceable agreement on May 11, 2022, and ordered USPA to comply with that agreement. See Memorandum Opinion and Order [ECF Doc. # 63]. Since that time, the Defendant has failed to take the necessary steps to comply, including, but not limited to remitting the $150,000 lump sum settlement payment per the Memorandum Opinion and Order which ratified the Agreement.

## II. Standard on Civil Contempt

Courts have the inherent power to hold parties who violate clear orders in civil contempt. See Playboy Enters., Inc. v. Chuckleberry Publ'g, Inc., 939 F. Supp. 1032, 1035 (S.D.N.Y. 1996). The underlying concern is "disobedience to the orders of the [j]udiciary," not "merely the disruption of court proceedings." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (quoting Young v. United States ex rel. Vuitton et Fils, S.A., 481 U.S. 787, 798 (1987)). The Court need only find that (1) the order with which the party allegedly failed to comply is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted in a reasonably manner to comply. See Huebner v. Midland Credit Mgmt., Inc., 897 F.3d 42, 53 (2d Cir. 2018); see also King v. Allied Vision Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995).

Regarding the first finding, "[a] clear and unambiguous order is one that leaves 'no uncertainty in the minds of those to whom it is addressed.'" King, 65 F.3d at 1058 (quoting Hess v. New Jersey Transit Rail Operations, Inc., 846 F.2d 114, 116 (2d Cir. 1988)); see also Gucci America, Inc., 07 Civ. 6820, 2009 WL 440463 ("To be clear and unambiguous, the order must be 'specific and definite enough to apprise those within its scope of the conduct that is being proscribed.'" (quoting Mingoia v. Crescent Wall Systems, No. 03 Civ. 7143, (S.D.N.Y. 2005)).

As to the second finding, "[i]n the context of civil contempt, the clear and convincing standard requires a quantum of proof adequate to demonstrate a 'reasonable certainty' that a violation occurred." Levin v. Tiber Holding Corp., 277 F.3d 243, 250 (2d Cir.2002).

Finally, as to the third finding, "[r]easonable diligence, at the very least, requires a party to develop reasonably effective methods of compliance." Zino Davidoff SA v. CVS Corp., 06 Civ. 15332, 2008 (S.D.N.Y. 2008). "Although the Second Circuit has not been squarely confronted with the question of what constitutes 'reasonable diligence,' it has noted that 'substantial compliance' is the appropriate standard in evaluating noncompliance in a contempt case." Yurman Studio, Inc. v. Castaneda, 07 Civ. 1241, (S.D.N.Y. Feb. 23, 2009).

### III. USPA Should Be Held in Civil Contempt

Examination of the three required findings discussed *supra* results in a determination that USPA is in contempt.

First, this Court issued an order which was clear and unambiguous. The Order stated multiple times that "the motion to enforce the settlement agreement is granted." Memorandum Opinion and Order [ECF Doc. # 63]. Furthermore, the Order explains that the agreement was binding under the factors set out in Winston v. Mediafare Ent. Corp., 777 F.2d 78, 80 (2d Cir. 1985). Id. The Agreement provides that "[t]he case would settle for a specified sum of $150,000, with mutual dismissals

with prejudice, mutual general releases of all claims and allegations, mutual confidentiality as to the terms of the Agreement, and no admission of liability by any party." ECF No. 37 ¶ 20. Additionally, the Court ordered that "[t]he Magistrate Judge should supervise the **execution** of the settlement Agreement and the dismissal of this case in accordance with the settlement agreement." Memorandum Opinion and Order [ECF Doc. # 63](emphasis added).

Noticeably absent from the Order is a requirement for the Parties to render the Agreement into a more formal settlement agreement, attempt to negotiate additional terms, and/or prerequisites – which has been Defendant's position. Plaintiff, by and through his undersigned counsel repeatedly demanded Defendant's compliance and repeatedly reminded Defense counsel that the Order was clear and unambiguous and required no additional documentation. Despite the Agreement's simplicity and the clarity of the Order, to date, USPA has failed to comply.

Moreover, according to Merriam-Webster's definition of the word "execution" means "the act or process of executing **:** PERFORMANCE" as well as "the process of enforcing a legal judgment (as against a debtor) also : a judicial writ directing such enforcement." Despite being reminded the plain English meaning of the word "execution," Defendant failed to remit the Agreement's Ordered Payment of $150,000. Rather, Defense counsel, presumably on behalf of their client, delayed and attempted to renegotiate the Agreement and thwart the Order for nearly three (3)

months. In an effort to avoid returning to this honorable court and with the hope to minimize Mr. Garmashov's attorney fees and potentially expedite his receipt of the Agreement's Ordered payment of $150,000.00 the undersigned attempted to accommodate and placate Defendant and its counsel to attempt to put the Agreement's clear and unambiguous terms into a formalized settlement agreement. Unfortunately, these efforts were to no avail as Defendant repeatedly inserted new terms and preconditions – which ranged (in part) from requiring a notary (which was impossible given that Mr. Garmashov is currently staying in Southern Russia and hundreds of miles away from the US Embassy in Moscow and Russian notaries require a legal and certified translation of the entire agreement in Russian to requiring indemnifications and California version releases.

It has now been more than two and a half months since the Order was issued on November 22, 2022, and yet, USPA has still failed to execute the settlement Agreement or remit the settlement amount. In fact, even as of February 7, 2022, USPA appears to believe that the parties are still "working to reach an agreement" and that "there are issues concerning language in the agreement that have arisen that the parties have not been able to resolve." ECF No. 64. Of course, the Agreement was reached on May 11, 2022, and the Court ordered USPA to follow that Agreement on November 22, 2022. The only issue that needs to be worked out is

USPA's noncompliance with the Agreement and the Court's Order and what the cost and penalty should be for the Defendant's failure to comply.

Lastly, USPA's continuous refusal to execute the Agreement, deliver even a portion of the agreed upon settlement amount or place the $150,000.00 in either the undersigned's trust account, in an escrow account, or in the registry of the Court is clear evidence that the Defendant has not diligently attempted to comply with the Court's Order in a reasonable manner. In no way could USPA's lack of action be considered substantial compliance with the Court's Order.

Civil contempt sanctions against USPA and additional monetary payment are warranted in this case. Defendant has acted in a willful, vexatious, and wanton manner to the Defendant for the entirety of these proceedings and particularly after the Court's clear and unambiguous order. Moreover, the Defendant has thumbed its nose at the Court and its Order. Plaintiff contends that the contempt sanctions against USPA should be substantial enough to coerce USPA to comply with the Order and to compensate the Plaintiff for the costs of bringing this motion and the interest on the settlement amount. Further, Defendant should be penalized at a rate of $410.96[1] per day until it fully complies with the Order or at an amount that this Honorable Court deems just and necessary under the circumstances.

---

[1] $150,000/365 days = $410.96 per day

## IV. Standard for Civil Contempt Sanctions

Civil contempt "seeks to coerce the contemnor into compliance with the court's order or to compensate the complaining party for losses incurred as a result of the contemnor's conduct." Eros Entertainment, Inc. v. Melody Spot, L.L.C., 99 Civ. 1157 (E.D.N.Y. 2005). A sanction may "be both coercive and compensatory." N.Y. State NOW v. Terry, 886 F.2d 1339, 1353 (2d Cir. 1989); see United Fabrics Int'l, Inc. v. Metro 22, Inc., No. 16-MC-00253 (JGK), 2016 WL 6310775, at *2 (S.D.N.Y. Oct. 27, 2016). "[M]onetary sanctions for civil contempt traditionally have been awarded to compensate the plaintiff for injury caused by past noncompliance or to prevent continued disobedience." Manhattan Indus., Inc. v. Sweater Bee by Banff, Ltd., 885 F.2d 1, 5 (2d Cir. 1989); see also Nat'l Research Bureau, Inc. v. Kucker, 481 F. Supp. 612, 614 (S.D.N.Y. 1979) ("Civil contempt is not a discretionary matter; if a court order has been violated, the court must make the injured party whole.").

Additionally, this Court's Local Rules provide in relevant part:

> A proceeding to adjudicate a person in civil contempt . . . shall be commenced by the service of a notice of motion or order to show cause. The affidavit upon which such notice of motion or order to show cause is based shall set out with particularity the misconduct complained of, the claim, if any, for *damages occasioned thereby* and such evidence as

to the amount of damages as may be available to the moving party. *A reasonable counsel fee, necessitated by the contempt proceedings, may be included as an item of damage.* L.R. 83.6(a) (emphasis added).

In compensating plaintiffs for damages caused by a defendant's noncompliance, courts have awarded prejudgment interest. See Torres v. Costich, 935 F. Supp. 232, 235 (W.D.N.Y. 1996) (awarding prejudgment interest where defendant failed to pay settlement amount thereby depriving plaintiff of ability to earn interest). "Overall, courts should award prejudgment interest if doing so would be 'fair, equitable and necessary to compensate the wronged party fully.'" Glob. Gold Mining LLC v. Caldera Res., Inc., No. 18 CIV. 4419 (KPF), 2019 WL 367824, at *6 (S.D.N.Y. Jan. 30, 2019) (quoting Wickham Contracting Co. v. Local Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO, 955 F.2d 831, 835 (2d Cir. 1992)).

Moreover, "[i]t is well settled in this Circuit that costs, including reasonable attorney's fees, may be awarded to the party who prosecutes a contempt motion as an appropriate compensatory sanction for contumacious behavior." N.Y. State NOW v. Terry, 886 F.2d 1339, 1353 (2d Cir. 1989). An award of attorney's fees is particularly appropriate where the contemnor's conduct was willful. Weitzman v. Stein, 98 F.3d 717, 719 (2d Cir. 1996) ("[W]hile willfulness may not necessarily be a prerequisite to an award of fees and costs, a finding of willfulness strongly supports granting them."). Even where a defendant puts forward a "half-hearted" effort to

comply with an order, defendant's disobedience may still be considered willful and necessitate the award of attorneys' fees. Andre Matenciot, Inc. v. David & Dash, Inc., 422 F. Supp. 1199, 1211 (S.D.N.Y. 1976). Assuming arguendo, a defendant's noncompliance not to be willful, an award of attorney's fees for prosecution of a contempt motion may still be proper. See Shady Records, Inc. v. Source Enters., Inc., 351 F. Supp. 2d 64, 67-68 (S.D.N.Y. 2004).[2]

In Matenciot, the Court considered defendant's "half-hearted" efforts to comply with its orders as willful noncompliance where defendant merely pointed out the difficulties of compliance and where defendant sought "clarification" at the eleventh hour in "an attempt to avoid the consequences of its failure of compliance." Andre Matenciot, Inc., 422 F. Supp. 1199, 1211 (S.D.N.Y. 1976).

Finally, in imposing coercive sanctions, "the district court has broad discretion to design a remedy that will bring about compliance." Perfect Fit Indus., Inc. v. Acme Quilting Co., 673 F.2d 53, 57 (2d Cir. 1982).

> In imposing a coercive remedy, the Court must consider: "(1) the character and magnitude of the harm threatened by the continued contumacy; (2) the probable effectiveness of any suggested sanction in bringing about compliance; and (3) the contemner's financial resources and the consequent seriousness of the burden of the sanction upon him."

---

[2] Plaintiff's counsel is prepared to provide and defend its Attorney's fees at the time and manner requested by the Court.

Haru Holding Corp. v. Haru Hana Sushi, Inc., No. 13 CIV. 7705 (RWS), 2016 WL 1070849, at *2–3 (S.D.N.Y. Mar. 15, 2016) (internal citations omitted).  "A per-diem fine is widely recognized as an effective coercive tool." Raghavendra v. Trustees of Columbia Univ. in the City of New York, No. 06CIV6841PACHBP, 2017 WL 6000553, at *4 (S.D.N.Y. Dec. 1, 2017) (citing e.g., CE Int'l Res. Holdings LLC v. S.A. Minerals, Ltd., No. 12-CV-8087 CM, 2013 WL 324061, at *3 (S.D.N.Y. Jan. 24, 2013) (imposing a monetary sanction of $5,000 per day for each day of non-compliance with the court's order); Comverse, Inc. v. Am. Telecommunications, Inc. Chile S.A., No. 07-cv-11121 PKL, 2009 WL 464446, at *1 (S.D.N. Y, Feb. 24, 2009) (imposing a monetary sanction of $250 per day for each day that a party fails to fully respond to a subpoena)).

### V. The Court Should Award Plaintiff His Fees and Costs

Here, as discussed in Section III *supra*, USPA is in contempt for its continued failure to follow the Order, execute the settlement, and deliver the settlement amount to Plaintiff. This Court should craft a sanction of USPA that is not only compensatory but also coercive. In doing so, the Court should order USPA to pay interest on the settlement amount, award Plaintiff attorney's fees for prosecution of this contempt motion and impose a coercive *per diem* fine on USPA until it complies.

First, to fully compensate the Plaintiff, this Court should require interest on the settlement amount be paid by USPA dating back to at least November 22, 2022,

and continuing up until the time USPA follows the Order and pays the settlement amount. See Mattel, Inc. v. Wolfgang Wind, No. 07 CIV. 2422 (JGK), 2008 WL 5025016, at *1 (S.D.N.Y. Dec. 8, 2008) (citing Spectacular Venture, L.P. v. World Star Int'l, Inc., 927 F.Supp. 683, 686 (S.D.N.Y.1996)); see also CBS Broad. Inc. v. FilmOn.com, Inc., No. 10 CIV. 7532 NRB, 2013 WL 4828592, at *9 (S.D.N.Y. Sept. 10, 2013) (holding defendant in contempt and ordering defendant to pay settlement amount plus interest).

Second, attorney's fees are proper here to compensate Plaintiff for having to bring this motion. USPA's refusal to comply with this Court's Order is willful. USPA knows their obligations, but up until the filing of this motion, USPA has refused to comply with them. Even if this Court does not believe USPA's actions to be blatantly willful, at best they can be described as a "half-hearted effort." USPA's February 7, 2023 letter to the magistrate is merely an attempt to kick the can down the road and to avoid the failure of USPA's compliance. See Andre Matenciot, Inc., 422 F. Supp. 1199 (S.D.N.Y. 1976) (awarding attorney's fees). Based upon the law and arguments herein, USPA has acted in 'bad faith, vexatiously, and wantonly" by forcing Plaintiff's hand to file this motion in light of USPA's failure to comply with the Order. Hostcentric Techs., Inc., v. Republic Thunderbolt, LLC 2005 WL 1377853 at 8. Plaintiff is entitled to attorney's fees here.

Finally, this Court should impose a coercive *per diem* sanction upon USPA until such time as it complies. See United Fabrics Int'l, Inc. v. Metro 22, Inc., No. 16-MC-00253 (JGK), 2016 WL 6310775 (S.D.N.Y. Oct. 27, 2016) (ordering both a compensatory sanction and a coercive *per diem* sanction); City of Almaty, Kazakhstan v. Ablyazov, No. 15-CV-5345 (JGK), 2022 WL 12399283, at *1 (S.D.N.Y. Oct. 21, 2022) (ordering defendant be fined $1,000 per day for contempt as "[a] per-diem fine is widely recognized as an effective coercive tool.") (internal citation omitted).

The character and magnitude of the harm threatened by USPA's continued noncompliance are serious. The parties reached a settlement agreement back in May of 2022 which USPA subsequently tried to alter, forcing Plaintiff to move to enforce the agreement. This Court agreed with Plaintiff via its Order of November 22, 2022, yet over 9 months after the agreement was reached and nearly three months after the Court ordered the enforcement of the agreement, USPA has continued its noncompliance. At this juncture, it would appear the only effective manner to bring about USPA's compliance is for the Court to impose a *per diem* sanction. Upon information and belief, USPA has more than 40,000 members with yearly revenue in the millions. USPA has the resources to comply with a coercive sanction and, importantly, the ability to remedy future sanctions by simply complying with this Court's Order and the settlement agreement. See Casale v. Kelly, 710 F. Supp. 2d

347, 363 (S.D.N.Y. 2010) (holding coercive sanctions appropriate where "the contemnor is able to purge the contempt . . . by committing an affirmative act, and thus carries the keys of his prison in his own pocket.") (internal citation omitted).

## VI. Conclusion

For the foregoing reasons, Mr. Garmashov respectfully requests this Court hold in contempt USPA for not complying with this Court's Order, award interest on the settlement amount, award Mr. Garmashov his fees and costs incurred as a result of USPA's contempt, and impose *per diem* sanctions until USPA has fully complied.

Respectfully submitted this 10th day of February, 2023,

**Chalmers, Adams, Backer & Kaufman, LLC**

*/s/ Alex B. Kaufman*

Alex B. Kaufman, Esq.
*Counsel for Plaintiff Yuri Garmashov*

## TABLE OF AUTHORITIES

1. 2016 USPA Governance Manual.

2. <u>Andre Matenciot, Inc. v. David & Dash, Inc.</u>, 422 F. Supp. 1199, 1211 (S.D.N.Y. 1976).

3. <u>Casale v. Kelly</u>, 710 F. Supp. 2d 347, 363 (S.D.N.Y. 2010).

4. <u>CBS Broad. Inc. v. FilmOn.com, Inc.</u>, No. 10 CIV. 7532 NRB, 2013 WL 4828592, at *9 (S.D.N.Y. Sept. 10, 2013).

5. <u>CE Int'l Res. Holdings LLC v. S.A. Minerals, Ltd.</u>, No. 12-CV-8087 CM, 2013 WL 324061, at *3 (S.D.N.Y. Jan. 24, 2013).

6. <u>City of Almaty, Kazakhstan v. Ablyazov</u>, No. 15-CV-5345 (JGK), 2022 WL 12399283, at *1 (S.D.N.Y. Oct. 21, 2022).

7. <u>Comverse, Inc. v. Am. Telecommunications, Inc. Chile S.A.</u>, No. 07-cv-11121 PKL, 2009 WL 464446, at *1 (S.D.N. Y, Feb. 24, 2009).

8. ECF Doc. # 3.

9. ECF Doc. # 63.

10. ECF No. 25.

11. ECF No. 36.

12. ECF No. 37 ¶ 20; <u>Id.</u>, Ex. 5, Ex. 8.

13. <u>Eros Entertainment, Inc. v. Melody Spot, L.L.C.</u>, 99 Civ. 1157 (E.D.N.Y. 2005).

14. <u>Glob. Gold Mining LLC v. Caldera Res., Inc.</u>, No. 18 CIV. 4419 (KPF), 2019 WL 367824, at *6 (S.D.N.Y. Jan. 30, 2019).

15. <u>Gucci America, Inc.</u>, 07 Civ. 6820, 2009 WL 440463.

16. <u>Haru Holding Corp. v. Haru Hana Sushi, Inc.</u>, No. 13 CIV 7705 (RWS), 2016 WL 1070849, at *2–3 (S.D.N.Y. Mar. 15, 2016).

17. <u>Hess v. New Jersey Transit Rail Operations, Inc.</u>, 846 F.2d 114, 116 (2d Cir. 1988).

18. <u>Hostcentric Techs., Inc., v. Republic Thunderbolt, LLC</u> 2005 WL 1377853 at 8.

19. <u>Huebner v. Midland Credit Mgmt., Inc.</u>, 897 F.3d 42, 53 (2d Cir. 2018).

20. <u>King v. Allied Vision Ltd.</u>, 65 F.3d 1051, 1058 (2d Cir. 1995).

21. L.R. 83.6(a)

22. Levin v. Tiber Holding Corp., 277 F.3d 243, 250 (2d Cir.2002).

23. <u>Manhattan Indus., Inc. v. Sweater Bee by Banff, Ltd.</u>, 885 F.2d 1, 5 (2d Cir. 1989).

24. <u>Mattel, Inc. v. Wolfgang Wind</u>, No. 07 CIV 2422 (JGK), 2008 WL 5025016, at *1 (S.D.N.Y. Dec. 8, 2008).

25. <u>Merriam-Webster Dictionary</u>. Last updated January 30, 2023.

26. <u>Mingoia v. Crescent Wall Systems</u>, No. 03 Civ. 7143, (S.D.N.Y. 2005).

27. <u>N.Y. State NOW v. Terry</u>, 886 F.2d 1339, 1353 (2d Cir. 1989).

28. <u>Nat'l Research Bureau, Inc. v. Kucker</u>, 481 F. Supp. 612, 614 (S.D.N.Y. 1979).

29. Oct. 13, 2016 USPA Letter from Jan Meyer to Yuri Garmashov.

30. <u>Perfect Fit Indus., Inc. v. Acme Quilting Co.</u>, 673 F.2d 53, 57 (2d Cir. 1982).

31. <u>Playboy Enters., Inc. v. Chuckleberry Publ'g, Inc.</u>, 939 F. Supp. 1032, 1035 (S.D.N.Y. 1996).

32. Raghavendra v. Trustees of Columbia Univ. in the City of New York, No. 06CIV6841PACHBP, 2017 WL 6000553, at *4 (S.D.N.Y. Dec. 1, 2017).

33. <u>Shady Records, Inc. v. Source Enters., Inc.</u>, 351 F. Supp. 2d 64, 67-68 (S.D.N.Y. 2004).

34. <u>Spectacular Venture, L.P. v. World Star Int'l, Inc.</u>, 927 F.Supp. 683, 686 (S.D.N.Y.1996)

35. <u>Torres v. Costich</u>, 935 F. Supp. 232, 235 (W.D.N.Y. 1996).

36. <u>United Fabrics Int'l, Inc. v. Metro 22, Inc.</u>, No. 16-MC-00253 (JGK), 2016 WL 6310775, at *2 (S.D.N.Y. Oct. 27, 2016).

37. <u>United Fabrics Int'l, Inc. v. Metro 22, Inc.</u>, No. 16-MC-00253 (JGK), 2016 WL 6310775 (S.D.N.Y. Oct. 27, 2016).

38. <u>Weitzman v. Stein</u>, 98 F.3d 717, 719 (2d Cir. 1996).

39. <u>Wickham Contracting Co. v. Local Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO</u>, 955 F.2d 831, 835 (2d Cir. 1992).

40. <u>Winston v. Mediafare Ent. Corp.</u>, 777 F.2d 78, 80 (2d Cir. 1985).

41. <u>Yurman Studio, Inc. v. Castaneda</u>, 07 Civ. 1241, (S.D.N.Y. Feb. 23, 2009).

42. <u>Zino Davidoff SA v. CVS Corp.</u>, 06 Civ. 15332, 2008 (S.D.N.Y. 2008).

## <u>CERTIFICATION OF COMPLIANCE</u>

The undersigned hereby certifies that the foregoing **PLAINTIFF YURI GARMASHOV'S MOTION FOR CONTEMPT** contains 3,434 words and complies with the formatting rules set forth in Hon. John G. Koeltl's Individual Practices, dated July 6, 2022.

Dated: New York, NY

February 10, 2023

**Chalmers, Adams, Backer & Kaufman, LLC**

*/s/ Alex B. Kaufman*

Alex B. Kaufman, Esq.

*Counsel for Plaintiff Yuri Garmashov*

## CERTIFICATE OF SERVICE

I hereby certify that I have filed Plaintiff Yuri Garmashov's Motion for Contempt upon all counsel of record by using the Court's PACER system.

February 10, 2023


_/S/Alex B. Kaufman, Esq._