# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Yuri Garmashov** <br> Plaintiff, | ) <br> ) <br> ) |
| v. | ) 1:21 CV 01497JGK <br> ) |
| **United States Parachute Association** <br> Defendant. | ) <br> ) <br> ) <br> ) |

## ALEX B. KAUFMAN, ESQ. AFFIDAVIT IN SUPPORT OF YURI GARMASHOV'S MOTION FOR CONTEMPT

Personally appeared before the undersigned officer authorized to administer oaths, Alex B. Kaufman, who after being duly sworn, deposes and states under oath as follows:

1.

My name is Alex B. Kaufman. I am an adult citizen of the State of Georgia, I suffer no known disabilities, and I am testifying herein to matters which are within my personal knowledge and which are known by me to be true and correct.

2.

I, along with the law firms of Hall, Booth, Smith P.C. and Chalmers, Adams, Backer, Kaufman, LLC. ("Counsel"), have been and are counsel for Plaintiff Yuri Garmashov ("Mr. Garmashov") in the above-styled action.

3.

I am a duly licensed member of the State Bars of Arizona, Georgia, New York, Massachusetts, and Washington D.C. having more than thirteen years of experience.

4.

I am a former Partner of Hall, Booth, Smith, P.C. and Member of Chalmers, Adams, Backer, and Kaufman, LLC and I am personally familiar with the method by which K&F creates and keeps attorneys' fees invoices for purposes relating to the services that K&F renders to its clients.

5.

My current billing rate of Five Hundred Dollars and No Cents ($500.00) per hour is commensurate with the billing rates of lawyers of similar experience and ability in the Atlanta metropolitan area.

6.

I have worked with associates and partners/members at Hall Booth Smith, P.C. and Chalmers, Adams, Backer & Kaufman, LLC.

7.

Associates and Partners/Members current billing rates of $300.00-$500.00 per hour is commensurate with the billing rates of lawyers of similar experience and ability in the Atlanta metropolitan area.

8.

I am familiar with all aspects of Hall Booth Smith, P.C. and Chalmers, Adams, Backer & Kaufman, LLC's legal representation of Mr. Garmashov, including the contributions made by other attorneys and staff.

9.

I have personally participated in the supervision of all aspects of the litigation.

10.

I have personally worked "elbow-to-elbow" with other attorneys and staff, and I have personally reviewed all of the billing records for legal services that Hall, Booth, Smith, P.C. and Chalmers, Adams, Backer & Kaufman, LLC provided in this matter.

11.

Mr. Garmashov has incurred in excess of $5,000.00 in attorney fees since his Motion to Enforce the Settlement Agreement was granted by Judge Koeltl.

12.

Judge Koeltl found that there was an Agreement between the Parties.

13.

Given Judge Koeltl's Order, was no further need to render the Agreement to any additional writing.

14.

Despite Judge Koeltl's Order requiring Defendant to make payment of $150,000 to Mr. Garmashov, to date, Defendant has refused to comply with the Order.

15.

Rather, Defendant, by and through its counsel, have attempted to require Mr. Garmashov notarize the Agreement, despite Mr. Garmashov presently living in Southern Russia and without access to a Notary.

16.

Defendant, by and through its counsel, have attempted to require Mr. Garmashov sign a California Release, despite the matter being governed by New York Law and adjudicated in the Southern District of New York.

17.

Defendant, by and through its counsel, have attempted, among other terms that are not part of the Agreement nor required to be rendered to writing, to have Mr. Garmashov consent to the redaction of portions of Judge Koeltl's Order as a prerequisite to receipt of the Court Ordered Settlement Payment of $150,000.00 to Mr. Garmashov.

18.

None of the above referenced Defendant demands are part of Judge Koeltl's clear and unambigious Order whereby the Court Ordered the Enforcement and **execution** of the Settlement Agreement which the Court found and ordered the Parties to be bound.

19.

Mr. Garmashov's legal counsel has prepared their billing records in the ordinary and necessary course of business, and it is in the regular and ordinary course of business to keep and maintain such records.

20.

Accordingly, the attached billing records for the Plaintiff show that through the date of this affidavit, a total of in excess of $5,000.00 in attorneys' fees have accrued that are directly traceable to seeking compliance with the Court's Order granting the enforcement of this Settlement Agreement, including but not limited to the filing of Mr. Garmashov's Motion for Contempt as well as numerous requests for payment to Defendant's Counsel as we well as revisions of unnecessary settlement agreement drafts initiated by Defense counsel, correspondence to co-counsel, and written and telephonic correspondence with Mr. Garmashov concerning Defendant's failure to comply with the Settlement Agreement.

21.

These fees, costs, and expenses were reasonable and necessary to address Defendants' willful and vexatious behavior.

22.

The time and services were tracked contemporaneously with when Mr. Garmashov's counsel provided the legal services.

**FURTHER AFFIANT SAYETH NOT.**

_____
Alex B. Kaufman, Esq.
Counsel for Mr. Yuri Garmashov

Sworn to and subscribed before me,
this 10th day of February, 2023.

_Melodie Skinner_
Notary Public
My Commission Expires: 10-30-2025
[NOTARY SEAL]