UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
YURI GARMASHOV,

                                 Plaintiff,

-against-

UNITED STATES PARACHUTE
ASSOCIATION, INC.,

                                 Defendant.
---------------------------------------------------------------

Civil Action No.: 1:21-cv-04917-JGK-OTW

_____

**DEFENDANT UNITED STATES PARACHUTE ASSOCIATION, INC.'S ("USPA") MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF YURI GARMASHOV'S ("PLAINTIFF") MOTION FOR CONTEMPT**
_____


By:    Kenneth A. McLellan
         Keith R.M. Roussel
         *Attorneys for Defendant*
         *United States Parachute Association, Inc.*

## TABLE OF CONTENTS

**Page No.**

PRELIMINARY STATEMENT ...............................................................................................1

PROCEDURAL DEFECTS .....................................................................................................2

FACTUAL BACKGROUND ...................................................................................................3

LEGAL STANDARD ...............................................................................................................6

Argument ...................................................................................................................................6

    I.    Plaintiff Failed to Establish that the Order Clearly And Unambiguously Required USPA to Have Already Paid the Settlement Amount ..............................6

    II.    Plaintiff Failed to Establish that USPA's Alleged Noncompliance Was Clear and Convincing ................................................................................................8

    III.    Plaintiff Failed to Establish that USPA Failed to Make A Reasonable Effort to Comply with the Order .............................................................................8

CONCLUSION ........................................................................................................................10

# **TABLE OF AUTHORITIES**

## **CASES**

*CBS Broadcasting, Inc. v. FilmOn.com, Inc.*, 814 F.3d 91 (2nd Cir. 2016) ...................................6

*Gucci America v. Weixing Li*, 768 F.2d 122 (2nd Cir. 2014) ..........................................................6

*In re Weiss*, 703 F.2d 653 (2nd Cir. 1983) ......................................................................................6

## **RULES AND STATUTES**

Local Rule 83........................................................................................................................................2

Local Rule 7.1.......................................................................................................................................2

Local Rule 83.6(a) ...............................................................................................................................2

Local Rule 7.1(a)(1) .............................................................................................................................2

Defendant United States Parachute Association ("USPA") respectfully submits this Memorandum of Law in Opposition to plaintiff Yuri Garmashov's ("Plaintiff") Motion for Contempt filed by Plaintiff on February 10, 2023 (See ECF Doc. 65).

## **PRELIMINARY STATEMENT**

Plaintiff's contempt motion is meritless and should be denied. In short, Plaintiff argues that USPA has failed to make reasonable efforts to comply with the Court's November 29, 2022 order (the "Order") granting Plaintiff's motion to enforce the parties' settlement agreement (See ECF Doc. 63) because USPA has not paid the settlement amount. While it is true that USPA has not yet paid the settlement amount, it's not because USPA has failed to make reasonable efforts to comply with the Order. In fact, the opposite is true. USPA has made substantial efforts to comply with the Order, and recently accomplished that goal by finalizing a long form settlement agreement. Pursuant to the parties' long form settlement agreement, which the parties finalized on February 22, USPA will wire the settlement amount to Plaintiff's counsel within 3 business days following Plaintiff's execution of the agreement. As requested by Plaintiff, the settlement agreement does not preclude Plaintiff from moving forward with this contempt motion. If Plaintiff was truly concerned about receiving the settlement payment (as Plaintiff argues is the basis of his contempt motion), he would have signed the settlement agreement on February 22 and received payment on February 27 – nearly 3 weeks ago.

But payment of the settlement amount is not what this contempt motion is about. Instead, it's about leverage to obtain more money and more concessions from USPA (e.g. USPA's reinstatement of Plaintiff's membership and instrument ratings) that were proposed during settlement negotiations but ultimately not agreed to as explained in the Order. Unfortunately, Plaintiff's contempt motion is part of a pattern in this case. Prior to filing this contempt motion,

1

Plaintiff twice sought sanctions against USPA in the form of attorneys' fees, and the Court denied both requests. (See ECF Doc. Nos. 30, 31 and 32.) For example, on April 4, 2022, Plaintiff filed a Letter Motion for Contempt and a Letter Motion for Rule 11 Sanctions. Both of these motions were denied *sua sponte* on April 6, 2022. (See ECF Doc. No. 32.)

The Court should deny Plaintiff's third attempt at sanctions through this contempt motion for multiple reasons. First, Plaintiff's motion is procedurally deficient. Second, Plaintiff has failed to establish *any* of the elements necessary to prevail on its contempt motion. Third, even if Plaintiff's contempt motion had any merit (it doesn't), Plaintiff waived its claim by waiting over two months to file this motion and engaging in the very same conduct (negotiating a long form settlement agreement) that Plaintiff claims constitutes USPA's "clear and convincing" evidence of failing to make a reasonable effort to comply with the Order.

## **PROCEDURAL DEFECTS**

As an initial matter, Plaintiff's contempt motion is procedurally defective in multiple ways, each of which is a separate basis to deny the motion. First, Plaintiff failed to comply with Local Rule 83 and Local Rule 7.1 by failing to serve a notice of motion or an order to show cause in connection with the contempt motion. Local Rule 83.6(a) provides, in pertinent part, "…proceeding to adjudicate a person in civil contempt … shall be commenced by the service of a notice of motion or order to show cause." Local Rule 7.1(a)(1) provides, in pertinent part, "all motions shall include the following motion papers: [a] notice of motion, or an order to show cause signed by the Court, which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion[.]" Plaintiff's motion should be denied for failure to comply with comply with Local Rules 7.1(a)(1) and 83.6(a).

Plaintiff also violated Magistrate Judge Ona T. Wang's individual practice rule III.b. by failing to seek a Pre-Motion Conference before filing this motion. Plaintiff knew that Judge Wang's individual practice rules applied to this motion because it pertains to USPA's alleged failure to comply with the Order, which expressly states, "The Magistrate Judge should supervise the execution of the settlement agreement…." (See ECF No. 63 at p. 12.) Accordingly, Plaintiff's motion should be denied based on Plaintiff's failure to comply with Judge Wang's individual practice rule III.b.

Plaintiff's procedural violations are particularly egregious because this is not the first time that Plaintiff has filed motions in violation of the Court's rules and procedures. And Plaintiff's previous failure to comply with this Court's rules and procedures was one of many reasons why the Court denied those motions. (See e.g., ECF Doc. No. 32.) The Court should do the same with this motion.

## **FACTUAL BACKGROUND**

The Order at issue granted Plaintiff's motion to enforce a settlement agreement. The dispute concerned what terms constituted the parties' Type 1 binding preliminary settlement. The Order did not instruct USPA to take any specific action nor did it find that USPA had breached the parties' agreement by failing to take any action. The Order ended by stating, "The Magistrate Judge should supervise the execution of the settlement agreement and the dismissal of this case in accordance with the settlement agreement." (See ECF Doc. No. 63, p. 12.) USPA interpreted this language as requiring the parties to proceed as Plaintiff's counsel had proposed when he sent the sent USPA's counsel the term sheet summarizing the principal terms of the parties' settlement – draft a long form settlement agreement based on the terms that the Court determined were part of the parties' Type 1 preliminary settlement agreement. (See ECF Doc. No. 37, Ex. 7 (In the cover

3

email attaching the term sheet, Plaintiff's counsel states, "If you would please have your client and one of you sign this agreement [the term sheet] *we can move forward…and we can render a final draft agreement to you*….") (emphasis added).)  And this was consistent with the parties' discussions during mediation.  (See ECF Doc. No. 37. Ex. 4 (Mediator Weiss's May 10, 2022 email at 11:38 am states, in relevant part, "The USPA will require an agreement with a confidentiality provision and no admission of liability, among other standard terms.").)

Following entry of the Order on November 29, 2022, the parties worked on finalizing a long form settlement agreement that could be "executed" as required by the Order.  On December 5, USPA sent an initial draft of the long form agreement.  Although Plaintiff maintained that a long form agreement was not required by the Order, Plaintiff nonetheless proceeded to work with USPA on preparing a long form agreement.  On December 14, USPA sent Plaintiff a revised long form agreement and discussions continued.  For example, on December 16, Plaintiff requested that payment of the settlement amount be made via wire instead of check.  On December 20, Plaintiff requested that the parties not be required to have their execution of the long form agreement notarized.  And the parties discussed a number of other items over the ensuing weeks, as is typical in finalizing a long form settlement agreement.  During that time, Plaintiff sent several revised versions of the long form agreement.  When it appeared that we had reached an impasse, USPA requested a conference with Judge Wang since the Order stated that she would supervise execution of the settlement agreement.  (See ECF Doc. No. 64.)  Three days later, on February 10, Plaintiff filed this contempt motion, which this Court, *sua sponte*, stayed in an order on February 13, 2023 which also scheduled an in-person conference for April 4, 2023.  (See ECF Doc. No. 66.)

4

Despite Plaintiff's contempt motion, USPA continued to make efforts to finalize the long form agreement. On February 20, USPA sent an updated long form agreement. (See **Exhibit A**.)[1] Notably, USPA proposed shortening the payment deadline to 3 business days after execution of the long form agreement (instead of 10 days as the parties had previously agreed). On February 21, Plaintiff proposed a couple of changes to this updated version of the long form agreement. (See **Exhibit B**.) USPA agreed to all Plaintiff's changes and sent Plaintiff a new version of the long form agreement incorporating his requested changes. (See **Exhibit C**.) On February 22, Plaintiff agreed that this version of the long form agreement "mirrors" the Order but raised concerns about executing the agreement given his pending contempt motion. (See **Exhibit D**.) Later that night, USPA sent Plaintiff an updated version of the long form agreement to change the dates and address Plaintiff's concerns that executing the agreement would interfere with his contempt motion. (See **Exhibit E**.) USPA further stipulated that it would not oppose Plaintiff's pending contempt motion on the basis that Plaintiff's execution of the long form agreement constituted a waiver of Plaintiff's contempt claim. (Id.) Plaintiff still refused to sign the long form agreement unless USPA paid more money and agreed to other concessions that Plaintiff had proposed during settlement negotiations but were ultimately not agreed to (*e.g.* reinstating Plaintiff's USPA membership and instructional ratings).

Plaintiff's attempt to use the contempt motion as a basis to renegotiate the settlement and refuse to sign the finalized long form settlement agreement is bad faith in the extreme. It also explains why Plaintiff, incredibly, opposed USPA's request to lift the stay on his contempt motion. (See ECF Doc. No. 68.)

---

[1] All cited Exhibits are attached to the March 17, 2023 Declaration of Kenneth A. McLellan.

**LEGAL STANDARD**

"A court may hold a party in contempt if (1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner." See CBS Broadcasting, Inc. v. FilmOn.com, Inc., 814 F.3d 91 (2nd Cir. 2016).  Plaintiff bears the burden of proving noncompliance by clear and convincing evidence.

Importantly, "unless the parties can ascertain from the four corners of the order precisely what acts are forbidden, the order cannot form the basis for contempt." See Gucci America v. Weixing Li, 768 F.2d 122 (2nd Cir. 2014) (internal quotations and citations omitted).  There must be "willful disobedience to clear and unambiguous orders of the court constitute contempt of court." In re Weiss, 703 F.2d 653, 660, (2nd Cir. 1983).  As the court in In re Weiss explained, "The exercise of this power [to punish for contempt] has a two-fold aspect, namely: first, the proper punishment of the guilty party for his disrespect to the court or its order, and the second, to compel his performance of some act or duty required of him by the court, which he refuses to perform. [internal citation omitted]."

Setting aside the multiple procedural failures with Plaintiff's contempt motion, the motion must be denied because Plaintiff has failed to satisfy any of the three elements necessary to prevail on a contempt motion.

**ARGUMENT**

I. Plaintiff Failed to Establish that the Order Clearly And Unambiguously Required USPA to Have Already Paid the Settlement Amount.

Plaintiff alleges that Defendant failed to comply with the Order by not "remitting the [$xxx] lump sum payment." (See ECF Doc. No. 65, p. 5.)  But the Order does not state that the

6

settlement payment was past due nor does it instruct USPA to pay the settlement amount by any specific date. The Order is entirely silent on when (or how) USPA is to make the settlement payment. And this explains why Plaintiff does not state in its motion what specific date USPA was required to make the payment, which is strange considering that Plaintiff's motion is based on USPA's alleged failure to timely pay the settlement amount.

Moreover, the terms that the Court determined constituted a Type 1 preliminary contract, which Plaintiff summarized in a term sheet (See ECF Doc. No. 37, Ex. 7), also do not provide when the settlement amount must be paid or what method of payment USPA must use. These were two of several details that the parties would address in preparing the long form agreement that Plaintiff's counsel said was the next step in his email to USPA's counsel attaching the term sheet. (See ECF Doc. No. 37, Ex. 7 ("If you would please have your client and one of you sign this agreement [the term sheet] ***we can move forward…and we can render a final draft agreement to you***….") (emphasis added).)

Of course, the Court could have taken a different approach in crafting the Order. For example, the Court could have said that USPA shall pay the settlement amount to Plaintiff via wire transfer by X date, and within 3 days of receiving the settlement payment the Plaintiff must file all papers necessary to dismiss this action with prejudice. But the Court decided on a different path, which allowed the parties, under the Magistrate's supervision, to work out these details. And that's exactly what USPA has attempted to do since the Court issued the Order.

Based on the foregoing, Plaintiff has failed to satisfy the first element necessary to establish its contempt claim against USPA.

II.   <u>Plaintiff Failed to Establish that USPA's Alleged Noncompliance Was Clear and Convincing.</u>

Following the Order, USPA made significant efforts to comply with the Order according to its reasonable interpretation of the Order. Due to USPA's efforts, the parties have now finalized a long form agreement that, as Plaintiff has admitted, "mirrors" the Order. Thus, even if USPA has in some way not fully complied with the Order, Plaintiff has failed to establish that this non-compliance was clear and convincing. And, of course, if USPA had truly not complied with the Order in a clear and convincing way, Plaintiff would not have waited over two months to file this contempt motion (or seek proper relief from the Court to ensure that USPA's compliance). Accordingly, Plaintiff has failed to establish the second element necessary to prevail on his contempt motion.

III.   <u>Plaintiff Failed to Establish that USPA Failed to Make A Reasonable Effort to Comply with the Order.</u>

Even if USPA misunderstood the Order and failed to take certain actions required under the Order, Plaintiff has failed to prove that USPA did not make a reasonable effort to comply. Following the Order, USPA's counsel communicated extensively with Plaintiff's counsel in an attempt to finalize a long form settlement agreement and exchanged numerous drafts of a long form settlement agreement. Moreover, it was USPA's counsel, not Plaintiff's counsel, who first reached out to the Magistrate requesting a conference to help the parties finalize the long form settlement agreement in their effort to comply with the Order. (<u>See</u> ECF Doc. No. 64.) It was only after USPA requested the Magistrate's help in complying with the Order that Plaintiff filed this contempt motion.

Although Plaintiff claims to disagree with USPA's reasonable (and, we believe, correct) interpretation of the Order – that the parties should, as they had previously agreed, proceed with

8

preparing a long form agreement to fill in the missing details of their agreement so that it may be executed (*e.g.* the date and method of the settlement payment, the timing of the dismissal papers, the specific language of the release, the specific language of the confidentiality agreement) – Plaintiff worked with USPA for months (including after filing the contempt motion) to finalize a long form agreement, which the parties finally achieved on February 22.  As Plaintiff admits in its contempt motion, "the undersigned [Plaintiff's counsel] attempted to…put the Agreement's clear and unambiguous terms into a formalized settlement agreement."  (See ECF Doc. No. 65, p. 9.)

If Plaintiff truly believed that the Order clearly and unambiguously required the parties (or USPA specifically) to take different action or truly believed that USPA was not making a reasonable effort to comply with the Order, Plaintiff would not have waited over two months to seek relief from the Court.  And the reality is that although Plaintiff may not have agreed with USPA's interpretation of the Order, Plaintiff knows that USPA's interpretation is, at the very least, reasonable.  Plaintiff's counsel acknowledged as much in his initial email to USPA's counsel following entry of the Order.  In that email, Plaintiff's counsel took the position that a long form agreement was not necessary but asked USPA's counsel if USPA interpreted the Order as requiring a long form agreement because Plaintiff's counsel knew that this was a reasonable interpretation and was consistent with what the parties had always agreed would be the next step. (See **Exhibit F** ("As there is an Order in place, we do not see the need to insure [*sic*] the cost of preparation of a formal settlement agreement.  *__Please let us know if you take a different view__*.").)  And Plaintiff proceeded to work with USPA in drafting a long form agreement – even after filing this contempt motion – because Plaintiff knew that USPA's interpretation was not only reasonable, but likely correct.

Based on the foregoing, Plaintiff has failed to establish the third element necessary to prevail on its contempt motion.

## CONCLUSION

For all the foregoing reasons, USPA respectfully requests that Plaintiff's contempt motion be denied.

Dated: New York, New York
       March 17, 2023

Respectfully submitted,

**WINGET SPADAFORA SCHWARTZBERG, LLP**

By: */s/ Kenneth A. McLellan*

Kenneth A. McLellan
Keith R.M. Roussel
45 Broadway, 32nd Floor
New York, New York, 10006
Telephone (212)-221-6900
Facsimile (212)-221-6989
*Attorneys for United States Parachute Association, Inc.*