# Exhibit "D"

**Kenneth McLellan**

| | |
|---|---|
| **From:** | Alex Kaufman <akaufman@chalmersadams.com> |
| **Sent:** | Wednesday, February 22, 2023 10:28 AM |
| **To:** | Kenneth McLellan |
| **Cc:** | eunderriner@hallboothsmith.com; Keith Roussel |
| **Subject:** | Re: Garmashov v USPA |

For settlement negotiation purposes only under 408

Ken-

I'm not going to revisit the issue of the plain language of the word "execution" or the concept that the court enforced a settlement agreement- I.e. that the found agreement is that was to be executed (meaning performed) not write a more comprehensive version as an agreement existed

The issue, now that you have finally (albeit unnecessarily) made a comprehensive draft that mirrors the enforced agreement, is it has a mutual release, and Mr. Garmashov wishes to attempt to recover his additionally incurred damages as a result of your actions and that of USPA -which occurred after the Order.

So as discussed previously in these negotiations- USPA is encouraged to finally perform its obligations that they have been delinquent in doing so since November. Mr. Garmashov still wishes to address many of the issues raised in his contempt motion. Of course, if USPA performs, he will dismiss his contempt motion, but will still seek his fees and the back interest.

Mr. Garmashov is prepared the execute the unnecessary comprehensive draft so long as there is a carve out that allows him to pursue USPA and its counsel for his damages. Alternatively, and what is Mr. Garmashov's preference, is to negotiate a final resolution whereby his additional damages and/or reinstatement is satisfactorily addressed in lieu of appearing before the magistrate on April 4.


# Alex B. Kaufman, Esq.
**Member**



Chalmers, Adams, Backer & Kaufman, LLC
11770 Haynes Bridge Road
G# 205-219
Alpharetta, Georgia 30009-1968
Direct: (404) 964-5587
AKaufman@ChalmersAdams.com
https://www.chalmersadams.com/

CONFIDENTIALITY NOTICE

This message is being sent by or on behalf of a lawyer and nothing contained within this message should be relied on unless you have a fee agreement with this law firm.  This message is intended exclusively for the individual(s) or

1

entity(ies) to which it is addressed in the "To" or "cc" lines and if you are not one of those individual(s) or entity(ies), then you rely on any information at your own peril.  This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure.  If you are not the named addressee, then this message is deemed to be an inadvertent disclosure, and you are not authorized to read, print, retain, copy or disseminate this message or any part of it.  If you have received this message in error, please notify the sender immediately by electronic mail and delete all copies of this message.

IRS Circular 230 Disclosure
To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.


> On Feb 22, 2023, at 9:44 AM, Kenneth McLellan <mclellan.k@wsllp.com> wrote:
>
> Alex-
>
> Thanks for your email.
>
> I've removed Mr. Garmashov's email address to the reply, as I don't communicate directly with clients.
>
> Judge Koeltl's Order clearly required further writing which is why the Order states, "The Magistrate should supervise **the execution of the settlement agreement**…."  (emphasis added).  If no further writing was required, then there would be nothing to "execute" and nothing for the Magistrate to supervise.  And this is consistent with the parties' communications and actions following the mediation and Judge Koeltl's Order.
>
> In an effort to resolve any disagreements, misunderstandings or confusion regarding the language of the Settlement Agreement, USPA provided Mr. Garmashov a revised, streamlined version of the Settlement Agreement on 2/21 that was not only consistent with Judge Koeltl's Order but also provided for faster payment than the parties had previously agreed.
>
> In response to this revised version of the Settlement Agreement, Mr. Garmashov objected to only two paragraphs – the second and third paragraphs of Section 8.  Although USPA believed (and still believes) that those paragraphs are consistent with Judge Koeltl's Order, USPA agreed to remove those paragraphs in order to finalize the Settlement Agreement and move forward.
>
> Despite the fact that the parties have now agreed to the language of the Settlement Agreement, Mr. Garmashov is refusing to sign the Settlement Agreement unless USPA agrees to a separate settlement agreement to resolve Mr. Garmashov's recently filed contempt motion.
>
> Mr. Garmashov's position makes no sense and is highly improper.
>
> As you know, the Magistrate stayed the contempt motion.  If the stay is lifted and Mr. Garmashov wants to continue to pursue that motion following the parties' execution of the Settlement Agreement, he is free to do so and USPA will respond at the proper time.
>
> -Ken

Very truly yours,

Kenneth A. McLellan
*Partner*
(Admitted in NY and NJ)
WINGET, SPADAFORA & SCHWARTZBERG, LLP
45 Broadway, 32nd Floor
New York, New York 10006
212.221.6900 (Office)
212.221.6989 (Fax)
646.265.4894 (Cell)
mclellan.k@wssllp.com

    -and-

65 East Route 4, Suite 201
River Edge, New Jersey 07661
973-221-8200 (Office)
973-221-8201 (Fax)
mclellan.k@wssllp.com

www.wssllp.com

**Connect with us**

<image001.png>

**WSSLLP.com | Mailing List**

<image002.png>

PLEASE NOTE, THIS MESSAGE IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR OTHERWISE PROTECTED FROM DISCLOSURE UNDER APPLICABLE LAW.  IF YOU ARE NOT THE INTENDED RECIPIENT OR OTHERWISE HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY RETURN EMAIL, AND DELETE THIS MESSAGE AND ALL ATTACHMENTS FROM YOUR COMPUTER SYSTEM.

IRS CIRCULAR 230 DISCLOSURE: TO ENSURE COMPLIANCE WITH U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE, WE INFORM YOU THAT:     ANY U.S. TAX ADVICE CONTAINED IN THIS COMMUNICATION (INCLUDING ATTACHMENTS) WAS NOT WRITTEN TO BE USED FOR AND CANNOT BE USED FOR (I) PURPOSES OF AVOIDING ANY TAX RELATED PENALTIES THAT MAY BE IMPOSED UNDER FEDERAL TAX LAWS, OR (II) THE PROMOTION, MARKETING OR RECOMMENDING TO ANOTHER PARTY OF ANY TRANSACTION OR MATTER ADDRESSED HEREIN.

THE INFORMATION IN THIS E-MAIL AND IN ANY ATTACHMENTS IS CONFIDENTIAL AND MAY BE PRIVILEGED. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE DESTROY THIS COMMUNICATION AND NOTIFY THE SENDER IMMEDIATELY. YOU SHOULD NOT RETAIN, COPY OR USE THIS E-MAIL FOR ANY PURPOSE, NOR DISCLOSE ALL OR ANY PART OF ITS CONTENTS TO ANY OTHER PERSON OR PERSONS.

**From:** Alex Kaufman <akaufman@chalmersadams.com>
**Sent:** Tuesday, February 21, 2023 7:15 PM
**To:** Kenneth McLellan <mclellan.k@wssllp.com>
**Cc:** eunderriner@hallboothsmith.com; Keith Roussel <roussel.k@wssllp.com>; Yuri Garmashov <yurig.garmashov@gmail.com>
**Subject:** Re: Garmashov v USPA

For Settlement Negotiation Purposes Only. Not admissible for any purposes

Ken-

I have conferred with Mr. Garmashov. As suspected, your overture is too little too late. It should have been done in November 2022 at the latest. As discussed, the Order does not require any further writing, and USPA should have executed its obligations immediately per the Order. At this juncture, due to the nearly ▬▬▬ in added and unnecessary expenses at your and your client's hands, Mr. Garmashov's position remains the same as yesterday in most respects. You are welcome to, and encouraged, to avoid the contempt action by complying in full with the order. In which case, we will withdraw the contempt action but seek an action against those responsible for the approximately ▬▬▬ in interest and attorney's fees incurred.

Alternatively, Mr. Garmashov is prepared to negotiate a complete resolution upon receipt of the ▬▬▬ as well as additional funds to cover his costs and lost interest (which he is open to reasonably negotiate) and/or re-admission of his membership and ratings.

We encourage you to take this offer to the entire USPA Board as well as your partners.

Alex

**Alex B. Kaufman, Esq.**
**Member**
Chalmers, Adams, Backer & Kaufman, LLC
Direct: (404) 964-5587
11770 Haynes Bridge Road, G-205
Alpharetta, GA 30009-1968
AKaufman@ChalmersAdams.com
https://www.chalmersadams.com/

CONFIDENTIALITY NOTICE

This message is being sent by or on behalf of a lawyer and nothing contained within this message should be relied on unless you have a fee agreement with this law firm.  This message is intended exclusively for the individual(s) or entity(ies) to which it is addressed in the "To" or "cc" lines and if you are not one of those individual(s) or entity(ies), then you rely on any information at your own peril.  This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure.  If you are not the named addressee, then this message is deemed to be an inadvertent disclosure, and you are not authorized to read, print, retain, copy or disseminate this message or any part of it.  If you have received this message in error, please notify the sender immediately by electronic mail and delete all copies of this message.

IRS Circular 230 Disclosure
To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.


This message and any attached materials are intended solely for the use of the intended recipient and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this e-mail is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by return email and then delete the original message.