# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

YURI GARMASHOV,

     Plaintiff,

v.

UNITED STATES PARACHUTE
ASSOCIATION, INC.,

     Defendant.

CASE NO.

1:21-CV-04917-JGK

**PLAINTIFF YURI GARMASHOV'S REPLY TO DEFENDANT'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF YURI
GARMASHOV'S ("PLAINTIFF") MOTION FOR CONTEMPT**

**Chalmers, Adams, Backer &
Kaufman, LLC**

11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968
AKaufman@ChalmersAdams.com
(404) 964-5587
*Counsel for Plaintiff Yuri Garmashov*

Attorneys:
Alex B. Kaufman, Esq.

Plaintiff Yuri Garmashov ("Mr. Garmashov" or "Plaintiff"), respectfully submits this Reply to Defendant's Memorandum of Law in Opposition to Plaintiff Yuri Garmashov's Motion for Contempt filed by Defendant on March 17, 2023 See ECF Doc. 70.

## PRELIMINARY STATEMENT

Defendant United States Parachute Association, Inc. ("USPA" or "Defendant") has failed to comply with this Court's order entered November 29, 2022. This Court's order clearly and unambiguously directed Defendant to **execute** the settlement agreement and transferring $150,000.00 ("Settlement Amount") to Mr. Garmashov. To date, Defendant has failed to execute the agreement which the court recognized and enforced on November 29, 2022. Consequently, Mr. Garmashov is entitled to the lost interest on five (5) months of $150,000 as well as the additional costs and attorney fees which he has incurred in an effort to recover the Settlement Amount as well as such other relief that this Court deems just and necessary under the circumstances of Defendant's willful disregard for this Court's order.

## PROCEDURAL COMPLIANCE

Simultaneously with filing this response, Plaintiff filed a notice of motion and prays upon this Court to find the lack of an earlier notice to be excusable neglect.

Secondly, Plaintiff's motion for contempt was filed under the belief that it would be submitted to District Judge John G. Koeltl. The basis for finding contempt concerns Defendant's failure to comply with Judge Koeltl's order. While Magistrate Judge Ona T. Wang was directed to "supervise the execution of the settlement agreement," rendering a decision on a motion for contempt was not interpreted by the undersigned as part of that assigned duty. See ECF No. 63 at p. 12. Accordingly, Mr. Garmashov did not seek a Pre-Motion Conference because Judge Koeltl's individual practice rules do not require a party to do so prior to filing a motion for contempt. The undersigned meant no disrespect to Magistrate Wang, the Court's local rules, or the Southern District of New York. Contemporaneous with Mr. Garmashov's filing of this Reply, he is filing a submission in compliance with Judge Wang's rules.

If Mr. Garmashov's motion for contempt is denied on procedural grounds, Mr. Garmashov will restart the process to ensure Defendant is held accountable for their contemptuous behavior, but in an effort to defray costs and fees as well as judicial economy, Mr. Garmashov and the undersigned pray that this Honorable Court hear Mr. Garmashov's Motion for Contempt on April 4, 2023, as currently set.

## FACTUAL BACKGROUND

This Court's Order stated ". . . the terms are very simple, involving in essence

only a single monetary payment." See ECF No. 63 at p. 10. Furthermore, this Court found that "[w]hile the terms of the general releases and confidentiality provisions had not been drafted, there was no indication, even in the subsequent 11:06 p.m. email, that there would be a problem." Id. at 9. Moreover, this Court did not and could not order the Parties to agree to a future agreement. Rather, the Court found that an Agreement existed by and between the Parties, and consequently, the only remaining action was performance, which to date, Defendant has failed to perform, to wit; pay Mr. Garmashov the Settlement Amount. The Parties would then file a mutual dismissal with prejudice which would have acted as a mutual general release.

## LEGAL STANDARD

Courts have the inherent power to hold parties who violate clear orders in civil contempt. See Playboy Enters., Inc. v. Chuckleberry Publ'g, Inc., 939 F. Supp. 1032, 1035 (S.D.N.Y. 1996). The underlying concern is "disobedience to the orders of the [j]udiciary," not "merely the disruption of court proceedings." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (quoting Young v. United States ex rel. Vuitton et Fils, S.A., 481 U.S. 787, 798 (1987)). The Court need only find that (1) the order with which the party allegedly failed to comply is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted in a reasonably manner to comply. See Huebner v. Midland Credit Mgmt., Inc., 897 F.3d 42, 53 (2d Cir. 2018); see also King v. Allied Vision Ltd., 65 F.3d

1051, 1058 (2d Cir. 1995).

"The exercise of this power [to punish for contempt] has a two-fold aspect, namely: first, the proper punishment of the guilty party for his disrespect to the court or its order, and the second, to compel his performance of some act or duty required of him by the court, which he refuses to perform. (internal citations omitted) See In re Weiss, 703 F.2d 653, 660, (2nd Cir. 1983). Here, the court is faced with the latter scenario. Defendant has continually refused to follow this Court's Order to pay Mr. Garmashov $150,000.00.

## ARGUMENT

I.    The Order Clearly and Unambiguously Required USPA to Have Already Paid the Settlement Amount.

This Court granted Mr. Garmashov's motion to enforce the Settlement Agreement. Within that memo, Mr. Garmashov asked for four things: (1) a finding that Defendant is bound by the Settlement Agreement; (2) Defendant be ordered to release the funds as so stipulated; (3) Defendant perform all terms of the Settlement Agreement; and (4) attorney's fees. See ECF No. 37 at p. 10.

This Court ultimately ruled "the motion to enforce the settlement agreement is **granted**, and the motion for attorney's fees is **denied**." See ECF No. 63 at p. 12. Logically, this means the first three (3) requests were granted while the fourth was denied. Based on Defendant's most recent Memorandum of Law, it may be necessary to briefly discuss each of Mr. Garmashov's granted requests. First, this

Court clearly found that Defendant are bound by the Settlement Agreement. See ECF No. 63.

The last two (2) requests are where Defendant seems to find confusion. These requests are distinct from one another and must be treated as such. Therefore, Defendant's, regardless of working towards a long-form settlement agreement, should have released the funds as so stipulated. Performing the terms of the Settlement Agreement are a separate part of the Order and did not affect Defendant's obligation to release the funds to Mr. Garmashov.

Ultimately, Defendant was ordered by this Court to release the funds and chose not to do so. While the Court did not indicate a specific date by which Defendant must release such funds, they have failed to do so in a reasonable amount of time. A "motion to enforce a settlement agreement is fundamentally 'a claim for breach of a contract.'" Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir. 2015) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994)). Accordingly, settlement agreements "must . . . be construed according to general principles of contract law." United States v. Prevezon Holdings, Ltd., 289 F. Supp. 3d 446, 450 (S.D.N.Y. 2018) (citation omitted); See Red Ball Interior Demolition Corp. v. Palmadessa, 173 F.3d 481, 484 (2d Cir. 1999).

When a settlement agreement does not provide for payment within a specific time, the law implies a requirement to pay within a reasonable time. See Hall v.

People to People Health Foundation, Inc., 493 F.2d 311, 313 (2d Cir.1974)

(interpreting New York law); Bruce Realty Company of Florida v. Berger, 327

F.Supp. 507, 513 (S.D.N.Y.1971) (interpreting New York Law).

In determining what constitutes reasonable time to fulfill a contract obligation,

courts consider (1) the nature and object of the contract; (2) the previous conduct of

the parties; (3) the presence or absence of good faith; (4) the experience of the

parties; and (5) the possibility of prejudice or hardship to either one, as well as the

specific number of days provided for performance. Smith Barney v.

Leichtensteinische Landesbank, 866 F.Supp. 114, 117 (S.D.N.Y. 1994).

II.    USPA's Noncompliance was Clear and Unambiguous.

The Mediation Settlement Agreement Terms and Conditions were clear,

unambiguous, and unequivocal. The case would settle for a specified sum of

$150,000, with mutual dismissals with prejudice, mutual general releases of all

claims and allegations, mutual confidentiality as to the terms of the Agreement, and

no admission of liability by any party.

As of Defendant's May 12, 2022, 8:35 p.m. email, "the terms of th[e] simple

settlement agreement had been agreed to." See ECF No. 63 at p. 8. It has now been

more than four (4) months since the Order to Enforce the Settlement Agreement was

issued on November 22, 2022, and yet, USPA has still failed to release the settlement

amount.

Defendant's argument Mr. Garmashov's decision to wait over two months to file his contempt motion somehow shows that Defendant has not failed to comply with the Order in a clear and convincing way, holds no merit. In fact, it further reveals Mr. Garmashov's willingness to wait a reasonable amount of time to receive payment. After waiting over two and a half (2.5) months, Mr. Garmashov was forced to seek this Courts inference to compel payment of the settlement amount.

III.     USPA Failed to Make A Reasonable Effort to Comply with the Order.

Noticeably absent from the Order is a requirement for the Parties to render the Settlement Agreement into a more formal settlement agreement or attempt to negotiate additional terms and/or prerequisites. Mr. Garmashov, by and through his undersigned counsel repeatedly demanded Defendant's compliance and repeatedly reminded Defense counsel that the Order was clear and unambiguous and required no additional documentation. Despite the Agreement's simplicity and the clarity of the Order, to date, USPA has failed to comply. All of Mr. Garmashov's actions in working towards a long-form settlement agreement has been conducted in good faith and not required by him.

Furthermore, Mr. Garmashov's efforts were undertaken with the hope to minimize his attorney fees and potentially expedite his receipt of the Agreement's Ordered payment of $150,000.00. Unfortunately, these efforts were to no avail as Defendant repeatedly inserted new terms and preconditions. The continued addition

of such terms and preconditions now appears to be a strategy (albeit one that violates this Court's Order) to delay payment of the settlement amount.

Secondly, as discussed *supra*, Mr. Garmashov allowed two and a half (2.5) months for USPA to release the funds as directed by this Court's Order. This was far more time than he needed to wait. Lastly, Defendant's argument that Plaintiff's counsel's inquiry as to their views of the order would imply that a differing view would be reasonable falls short. Asking if counsel had a different view was nothing more than a common courtesy. If their argument was the case, then every time someone were to ask if opposing counsel had a different view, they would admitting any other view would be reasonable.

## **CONCLUSION**

For the foregoing reasons, Mr. Garmashov respectfully requests this Court hold in contempt USPA for not complying with this Court's Order, award interest on the settlement amount, award Mr. Garmashov his fees and costs incurred as a result of USPA's contempt and impose *per diem* sanctions until USPA has fully complied as well as such other relief as this Court deems justice and necessary under the circumstances.

Respectfully submitted this 31st day of March, 2023,

**Chalmers, Adams, Backer &
Kaufman, LLC**

*/s/ Alex B. Kaufman*

Alex B. Kaufman, Esq.
*Counsel for Plaintiff Yuri Garmashov*

## <u>CERTIFICATION OF COMPLIANCE</u>

The undersigned hereby certifies that the foregoing **PLAINTIFF YURI GARMASHOV'S MOTION FOR CONTEMPT** contains 3,434 words and complies with the formatting rules set forth in Hon. John G. Koeltl's Individual Practices, dated July 6, 2022.

    Dated: New York, NY

          March 31, 2023

**Chalmers, Adams, Backer & Kaufman, LLC**

*/s/ Alex B. Kaufman*

Alex B. Kaufman, Esq.

*Counsel for Plaintiff Yuri Garmashov*

## CERTIFICATE OF SERVICE

I hereby certify that I have filed Plaintiff Yuri Garmashov's Motion for Contempt upon all counsel of record by using the Court's PACER system.

March 31, 2023

*/S/Alex B. Kaufman, Esq.*

Alex B. Kaufman, Esq.

*Counsel for Plaintiff Yuri Garmashov*