**C A B K | Chalmers, Adams, Backer & Kaufman, LLC**

11770 HAYNES BRIDGE ROAD, #205-219
ALPHARETTA, GEORGIA 30009-1968
(404) 282-9453
akaufman@chalmersadams.com

May 17, 2023

**VIA ECF**

The Honorable Ona T. Wang
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St. Room 20D
New York, NY 10007-1312
(212)-805-0260

    Re: Garmashov v. United States Parachute Association, Inc.
    Case no.: 1:21-cv-04917-JGK-OTW

Dear Judge Wang:

    The Parties met and conferred per your May 3, 2023, Order. Unfortunately, there was no agreement to resolve the outstanding issues pertaining to Plaintiff's Contempt Action (ECF Doc 65) which the Court orally converted to a Motion for Costs and Attorney's Fees. The Parties were unable to adhere to your Order requiring us to file a joint letter as Defense Counsel was unwilling to clarify the you had converted the aforementioned Motion for Contempt to a Motion for Cost and Attorney's fees prior to their decision to file their own letter (ECF Doc 79).

    The Parties do not believe that any discovery issues exist, other than Plaintiff's request, as suggested by the Court, that the Court review Defendant's counsel's time records from the end of November 2022 up to the date that Plaintiff' counsel produced in his affidavit of costs and attorney's fees, and the Court input those hours as represented by Defense counsel's November – February records at Plaintiff's hourly rate and include them in addition to Plaintiff's affidavit (ECF Doc 75).

    Further, Plaintiff believes that the executed Settlement Agreement (ECF Doc 77) (the initialed and signed Court Order Enforcing the Settlement Terms) should not be sealed. Plaintiff believes that since the District Judge's Koeltl's November 29, 2022, Order Enforcing the Settlement Agreement (ECF Doc 63)

is already in the public domain, and that Defendant's did not file a timely motion to seal ECF Doc 63, it would be inappropriate to seal the Settlement Agreement.  It has also come to my attention that ECF Doc 63 has been disseminated on web chat forums and other mediums (not by Plaintiff). Therefore, as the Settlement Agreement's terms are already in the public domain, it would be inappropriate to permanently seal the Settlement Agreement. Moreover, it was due to Defendant's actions that the Motion to Enforce needed to be filed and subsequent Order (ECF Doc 63) came into the public record, and as Defendant sat on its hands and did not attempt to move to Seal ECF Doc 63, that they should not be rewarded with the sealing of the Settlement Agreement. Moreover, to date, no motion to seal ECF Doc 63 is pending, and even if it were, it would be untimely and therefore such an attempted exercise would be moot.

Thank you for your time and attention to this matter. Mr. Garmashov looks forward to you awarding him his costs and attorney's fees and for such other relief as you deem just and appropriate under these unfortunate circumstances.

Very truly yours,

Alex B. Kaufman, Esq.

COUNSEL FOR YURI GARMASHOV