

NEW YORK:

45 Broadway
32nd Floor
New York, NY 10006

P (212) 221-6900
F (212) 221-6989
McLellan.K@wssllp.com

May 26, 2023

**VIA ECF**

The Honorable Ona T. Wang
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St. Room 20D
New York, NY 10007-1312
(212)-805-0260

      Re:    *Garmashov v. United States Parachute Association, Inc.*
               Case no.: 1:21-cv-04917-JGK-OTW

Dear Judge Wang:

      We represent Defendant United States Parachute Association, Inc. ("USPA") in the above-referenced matter.  We write in response to Your Honor's Order to Show Cause, issued May 22, 2023, ordering USPA show cause why the written settlement agreement USPA and Plaintiff executed during the May 3, 2023 status conference (the "Executed Written Settlement Agreement") should remain under seal.  (ECF Doc. No. 82.)

      The Court should remove the Executed Written Settlement Agreement from its docket or permanently seal it.  The reason is simple:  the settlement agreement is confidential, and confidentiality is one of the key terms of the parties' settlement agreement.  *See* Doc. No. 63 at p. 3.  The fact that the parties executed the settlement agreement during a court status conference does not change the confidential nature of the agreement or somehow constitute an amendment to the settlement agreement removing the confidentiality provision, nor does the fact that Your Honor filed a copy of the Executed Written Settlement Agreement under seal.  Although there was no need for the Court to file a copy of the Executed Written Settlement Agreement, the Court filed it under seal precisely because the settlement agreement is confidential.  And there is no public policy basis for unsealing the Executed Written Settlement Agreement (if the Court does not simply remove it from the docket).

      The Court has the discretionary power to control and seal records.  *See In re Franklin Nat. Bank Securities Lit.*, 92 F.R.D. 468, 471 (E.D.N.Y. 1981); *see also U.S. v. Glens Falls Newspapers*, 160 F.3d. 853 (2nd Cir. 1998) ("[T]he district court's power to seal documents takes

Honorable Ona T. Wang
Garmashov v. United States Parachute Association, Inc.
Case No.: 1:21-cv-04917-JGK-OTW
May 26, 2023
Page 2 of 2

precedence over FOIA rules that would otherwise allow those [settlement] documents to be disclosed.") (internal quotations and citations omitted).  Just like the settlement in *In re Franklin*, confidentiality was critical to the settlement in this case.  *Id.* at 470.  USPA would not have agreed to any settlement absent confidentiality.  The court in *In re Franklin* declined to unseal the settlement agreement in that case because, like here, "[t]he settlement agreement…reli[ed] on the condition of secrecy [and] [f]or the court to…decline to support the parties in their reliance would work an injustice on these litigants and make future settlements predicated upon confidentiality less likely."  *Id.* at 472.  *See also Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143-44 (2nd Cir. 2004) (holding that it would be an abuse of discretion for the trial court to reveal the settlement amount of a confidential settlement even though the amount was disclosed in court and contained in a transcript filed on the court docket).  There is even more reason to keep the Executed Written Settlement Agreement sealed in this case because, unlike *In re Franklin*, no third party has requested access to it and it was the Court – not either of the parties – who filed (under seal) the Executed Written Settlement Agreement.

In short, USPA's request that the Court continue to keep the Executed Written Settlement Agreement sealed, or in the alternative remove the Executed Written Settlement Agreement from the docket, is simply a request to respect the parties' agreement that the settlement is confidential – nothing more, nothing less.

We thank the Court for its attention to this matter.

Respectfully Submitted,

*/s/ Kenneth A. McLellan*

Kenneth A. McLellan

cc: **VIA ECF**

Mr. Eric M. Underriner, Esq.

Mr. Alex B Kaufman, Esq.

Mr. Steven Campbell, Esq.

Winget | Spadafora | Schwartzberg | LLP