**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
YURI GARMASHOV,

        Plaintiff,

        -against-

UNITED STATES PARACHUTE ASSOCIATION, INC.,

        Defendant.
------------------------------------------------------------x

21-CV-4917 (JGK) (OTW)

**REPORT & RECOMMENDATION TO THE HON. JOHN G. KOELTL**

**ONA T. WANG**, **United States Magistrate Judge**:

**I.    BACKGROUND**

In May 2022, the parties reached an agreement on material terms to settle Plaintiff Yuri Garmashov's ("Plaintiff") breach of contract claim. When it came time to formalize the agreement, however, Defendant United States Parachute Association, Inc. ("Defendant") sought to add additional material term(s) to the agreement. After another conference before Judge Koeltl, another mediation session, and at least three telephonic settlement calls, we determined that further settlement discussions would be fruitless. Ultimately, on November 29, 2022, Judge Koeltl granted Plaintiff's motion to enforce the settlement on the original terms agreed to months earlier, denied Plaintiff's motion for attorneys' fees for moving to enforce the settlement agreement, and closed as follows: "The Magistrate Judge should supervise the execution of the settlement agreement and the dismissal of this case in accordance with the settlement agreement." (ECF 63 at 12).

More than two months later, in February 2023, Defendant and then Plaintiff filed motions regarding the settlement. (ECF Nos. 64 and 65). Notwithstanding Judge Koeltl's clear

1

articulation of the terms of the settlement, Defendant sought my assistance to resolve "issues concerning language in the agreement" (ECF 64), while Plaintiff filed a motion for contempt, alleging that Defendant sought a written agreement that included "new terms and preconditions," including requiring indemnifications, "California version releases," and requiring that Plaintiff Garmashov's signature be notarized.[1] (ECF 65 at 9).

At the May 3, 2023 conference, the parties (with Plaintiff's counsel signing on his client's behalf) signed page three of Judge Koeltl's opinion as the settlement agreement, which was entered on the docket the next day. (ECF 77). By order to show cause (ECF 82), the parties were allowed to brief whether the settlement agreement should remain under seal, and I ruled that it should not. (ECF 84). The only remaining issue in this case is Plaintiff's original motion for contempt (ECF 65), which has been fully briefed and referred to me. (*See* ECF Nos. 65, 70, 73, 74, 75, and 85).

II. **MOTION FOR CONTEMPT**

Plaintiff seeks civil contempt sanctions, invoking the Court's inherent power. (ECF 65 at 6). The elements of civil contempt are: (1) a clear and unambiguous order; (2) clear and convincing proof of non-compliance; and (3) "the contemnor has not diligently attempted to comply in a reasonable manner." *In re Lehman Brothers Holdings*, 526 B.R. 481, 496 (S.D.N.Y. 2014) (upholding bankruptcy judge's civil contempt sanctions). "Civil contempt sanctions are intended 'to secure future compliance with court orders and to compensate the party that has been wronged.'" *Rodriguez v. New Generation Hardware Store Corp.*, No. 22-CV-4422 (LJL),

---

[1] Counsel explained that for Plaintiff's signature to be notarized would be "impossible given that Mr. Garmashov is currently staying in Southern Russia and hundreds of miles away from the US Embassy in Moscow and Russian notaries require a legal and certified translation of the entire agreement in Russian[.]" *Id.* at 9.

2024 WL 1406953, at *2 (S.D.N.Y. Apr. 2, 2024) (quoting *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 657 (2d Cir. 2004)). Although the alleged contemnor's conduct was before me, this motion for contempt relates to a violation of Judge Koeltl's order. Accordingly, the Court addresses Plaintiff's motion as a Report and Recommendation.

  Judge Koeltl's opinion articulating the terms of the settlement was clear and unambiguous. The terms of the settlement themselves were clear and unambiguous. Indeed, they were clear enough that the parties signed a single page of the opinion as the settlement agreement after they were unable to consummate the settlement on their own. (ECF 77). There is also clear and convincing proof of Defendant's noncompliance, notwithstanding their selective and self-serving filings and attached email submissions. (*See* ECF Nos. 64 and 70). The day after Judge Koeltl issued his opinion, Plaintiff's counsel contacted Defendant noting that a long-form settlement agreement was unnecessary, and requesting confirmation that Defendant would transmit the settlement payment shortly. (ECF 70-7, Exhibit F). Defendant claims that it "misinterpreted" Judge Koeltl's opinion to mean that the parties needed to execute a "long form" settlement agreement. (ECF 70 at 6). Defendant then blames Plaintiff for drafting and sending numerous versions of a "long form" agreement, and taking time to negotiate changes such as a wire transfer instead of check payment, and requesting to remove the notarization requirement, as if Plaintiff had requested all these new, disadvantageous terms in the first place. *Id*.

  Defendant then tried to race Plaintiff to the courthouse by filing a motion for a conference days before Plaintiff filed his contempt motion. (ECF 64). Only after Plaintiff filed

the contempt motion (ECF 65), does it appear that Defendant withdrew the new terms in the proposed contract. (*See* ECF 70-2, Exhibit A). It is exactly this type of conduct — adding new terms to the agreement — that led to Plaintiff's motion to enforce the settlement agreement in the first place. (*See* ECF 65 at 5).

Defendant does not deny that it tried to insert additional requirements, and Defendant's withdrawal of such requirements does not appear to have begun until around February 20 or 21, ten days <u>after</u> Plaintiff filed his contempt motion. There are no examples of Defendant's good faith performance of their end of the settlement, nor examples of good faith in drafting and finalizing a "long form" settlement agreement, if they indeed believed that such an agreement was necessary. This conduct is nothing more than a subsequent remedial measure adopted to suggest that Defendant had been working in good faith to finalize the settlement since November 29, 2022. Indeed, even the withdrawal of the additional terms and professed readiness to pay the settlement amount was predicated on Plaintiff withdrawing the contempt motion that he had already filed. None of these events suggest diligent attempts to comply in a reasonable manner.

In sum, the terms of the settlement, as articulated by Judge Koeltl in November 2022, were clear and unambiguous. Whether Judge Koeltl contemplated the parties enter into a written settlement agreement is of no moment, because Defendant's clear and convincing noncompliance was their attempt to add additional unnecessary terms and requirements to the settlement agreement that was being drafted. Defendant did not make a reasonable effort to comply with the terms of the settlement until after Plaintiff filed his motion for contempt, which, by Plaintiff's own words, was simply "too little[,] too late." (ECF 70-5, Exhibit D).

III. **CONCLUSION**

Accordingly, I respectfully recommend that Defendant be found in contempt, and that they be sanctioned in the amount of **$20,126.43**, which represents fees and costs[2] incurred by Plaintiff enforcing the settlement from the date of Judge Koeltl's order (ECF 77) through April 3, 2023. (*See* ECF 75 at 3; ECF 75-1, Exhibit A; ECF 75-2, Exhibit B).[3]

The Court further notes that Defendant attached numerous documents that were partially or wholly redacted, including multiple drafts of the proposed long-form settlement agreement, which were not the subject of a prior or contemporaneous motion to seal. (*See* ECF 70). Additionally, for the reasons articulated in ECF 84, there does not appear to be any reason to seal these filings, and they should be re-filed in unredacted version within seven (7) days after Judge Koeltl rules on this Report and Recommendation.

The Clerk of Court is respectfully directed close ECF 73.

IV. **OBJECTIONS**

In accordance with 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days (including weekends and holidays) from receipt of this Report to file written objections. *See also* FED. R. CIV. P. 6 (allowing three (3) additional days for service by mail). A party may respond to any objections within fourteen (14) days after being served. Such objections, and any responses to objections, shall be addressed to the Honorable John G. Koeltl,

---

[2] $16,025.00 in fees and $1,271.43 in costs were incurred by Chalmers, Adams, Backer & Kaufman, LLC and $2,830.00 in fees were incurred by Hall Booth Smith, P.C. (ECF 75 at 3).
[3] Plaintiff also seeks post-judgment interest. (ECF 75 at 5). Since no judgment has been entered, the Court cannot recommend granting it.

United States District Judge. Any requests for an extension of time for filing objections must be directed to Judge Koeltl.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS <u>WILL</u> RESULT IN A WAIVER OF OBJECTIONS AND <u>WILL</u> PRECLUDE APPELLATE REVIEW.** *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

**Respectfully submitted,**

_/s/ Ona T. Wang_

Dated: April 29, 2024  
New York, New York

**Ona T. Wang**  
United States Magistrate Judge