UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

YURI GARMASHOV,

                        Plaintiff,

-against-

UNITED STATES PARACHUTE
ASSOCIATION, INC.,

                        Defendant.

--------------------------------------------------------X

Civil Action No.: 1:21-cv-04917-JGK-OTW

---

**DEFENDANT UNITED STATES PARACHUTE ASSOCIATION, INC.'S
OBJECTIONS TO THE REPORT AND RECOMMENDATION,
DATED APRIL 29, 2024 (ECF DKT. NO. 86), RELATED TO
PLAINTIFF YURI GARMASHOV'S MOTION FOR CONTEMPT**

---

WINGET, SPADAFORA &
SCHWARTZBERG, LLP
*Attorneys for Defendant*
45 Broadway, 32nd Floor
New York, New York 10006
Telephone: (212) 221-6900
Facsimile: (212) 221-6989

*Of Counsel:*    Anthony D. Green, Esq. [AG-0227]

# TABLE OF CONTENTS

**Page No.**

PRELIMINARY STATEMENT ..................................................1

    Error No. 1: The Recommendation erroneously failed to address the Motion's
procedural deficiencies ..................................................2

    Error No. 2: The Recommendation erroneously states, "Whether Judge
Koeltl contemplated the parties enter into a written settlement agreement
is of no moment." ..................................................3

    Error No. 3: The Recommendation erroneously finds that Plaintiff satisfied
his burden to establish that USPA should be held in contempt ..................4

    Error No. 4: The Recommendation erroneously states that USPA conditioned
withdrawal of additional terms on Plaintiff withdrawing the Motion. ..............5

    Error No. 5: The Recommendation erroneously includes a sanction amount
unsupported by the evidence and law. ..................................6

FACTUAL BACKGROUND ..................................................6

ARGUMENT ..................................................7

    I.    *De Novo* Standard of Review Applies to the Recommendation at Bar ..................7

    II.    The Motion is Procedurally Defective ..................................................7

    III.    Substantive Standards Applicable to Plaintiff's Motion..................9

    IV.    USPA Reasonably Interpreted the Court's Order and Did Not
Violate any "Clear and Unambiguous" Terms Therein ..................9

    V.    Plaintiff Did Not Establish that USPA Willfully Violated Any Clear
and Unambiguous Portion of the Court's Order ..................12

    VI.    USPA Diligently Attempted to Comply with the Court's Order..................14

    VII.    The Recommended Sanction Amount is Erroneous ..................16

CONCLUSION..................................................19

# TABLE OF AUTHORITIES

## CASES

*CBS Broadcasting, Inc. v. FilmOn.com, Inc.*, 814 F.3d 91 (2d Cir. 2016) ....................................9

*Connecticut Coalition Against Millstone v. Dominion Nuclear Connecticut,*
   CIV.3:04CV262 (PCD), 2004 WL 1040109 (D. Conn. Apr. 5, 2004) ...........................17

*Donahue v. Glob. Home Loans & Fin., Inc.,* No. 05 CV 8362 KMK HBP,
   2007 WL 831816 (S.D.N.Y. Mar. 15, 2007) .........................................................7

*Gierlinger v. Gleason,* 160 F.3d 858 (2d Cir.1998) ......................................................18

*Gucci America v. Weixing Li*, 768 F.2d 122 (2d Cir. 2014) .............................................9

*Imbeault v. Rick's Cabaret Intern. Inc.,* 2009 WL 2482134 (S.D.N.Y. Aug. 13, 2009) .............19

*In re Weiss*, 703 F.2d 653 (2d Cir. 1983) ...................................................................9

*K.F. v. New York City Dept. of Educ.*, 10 CIV. 5465 PKC,
   2011 WL 3586142 (S.D.N.Y. Aug. 10, 2011) ..............................................18, 19

*New York State Nat. Org. for Women v. Terry*, 952 F. Supp. 1033 (S.D.N.Y. 1997),
   *affd,* 159 F.3d 86 (2d Cir. 1998) ..................................................................16

*Smith Barney v. Leichtensteinische Landesbank*, 866 F. Supp. 114 (S.D.N.Y. 1994) ................11

*U.S. ex rel. Feldman v. Van Gorp,* 2011 WL 651829 (S.D.N.Y. Feb. 9, 2011) .........................19

*Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 168 (2d Cir. 2001) .............................7

## RULES AND STATUTES

Fed. R. Civ. P. 72 ...............................................................................................1

28 U.S.C. § 636 ..................................................................................................1

Local Rule 83 ..................................................................................................2, 8

Local Rule 7.1 .................................................................................................2, 8

28 U.S.C.§ 636(b)(1) ............................................................................................7

F.R.C.P. 72(b)(1) ................................................................................................7

Fed. R. Civ. P. 72(b)(2) .........................................................................................7

28 U.S.C.§ 636(b)(1)(C) ......................................................................................................7

Local Rule 83.6(a) ...............................................................................................................8

Local Rule 7.1(a)(1) .............................................................................................................8

## PRELIMINARY STATEMENT

Pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636, Defendant United States Parachute Association ("USPA") respectfully submits the following objections to the Report and Recommendation ("Recommendation"), dated April 29, 2024 (ECF Dkt. No. 86), related to Plaintiff Yuri Garmashov's ("Plaintiff") Motion for Contempt (the "Motion"), filed on February 10, 2023 (ECF Dkt. No. 65).

On May 3, 2023 the Magistrate directed the parties to execute the settlement agreement by either typing up a portion of the Court's November 29, 2022 Order (the "Order"; ECF Dkt. No. 86) or signing a page of the Order containing a summary of the settlement agreement terms. *See* Declaration of Anthony D. Green in support of the instant Objections ("Green Decl."), Ex. A (Transcript of May 3, 2023 proceedings, at p. 26:1-14). The parties signed a page of the Order during the conference that day and USPA promptly paid the fully settlement amount. *Id.*; ¶ 4. The Magistrate did not address Plaintiff's Motion during that conference. Nearly a year later, the Magistrate issued the Recommendation finding the Motion should be granted and that USPA should be sanctioned in the amount of $20,126.43 allegedly related to the fees and costs that Plaintiff incurred from November 29, 2022 through April 3, 2023. *See* ECF Dkt. No. 86 at 5.

The Court should not adopt the Recommendation because it contains numerous errors summarized below. Instead, the Court should deny the Motion and order Plaintiff to dismiss the action now that it has been nearly a year since the settlement agreement was signed and USPA paid the full settlement amount. Moreover, Plaintiff never should have filed the Motion. USPA had already sought the Magistrate's assistance to resolve the parties' dispute. While Plaintiff may have disagreed with USPA's interpretation of the Order, there is no dispute that USPA was attempting to comply with its interpretation of the Order. If Plaintiff truly believed that USPA's

interpretation was improper, Plaintiff should have done what USPA ultimately did – seek guidance from the Magistrate. Instead, Plaintiff engaged in negotiating a written version of the settlement agreement. After USPA sought guidance from the Magistrate, Plaintiff then filed the Motion in an effort to leverage the motion to get additional terms added to the Settlement Agreement. If anyone's conduct was improper, it was Plaintiff's conduct.

USPA further adopts and incorporates the following filings that it made in opposition to Plaintiff's Motion for Contempt and all arguments made therein: (i) USPA's Memorandum in Opposition to Plaintiff's Motion for Contempt (ECF Dkt. No. 70); and (ii) the Declaration of Kenneth McLellan in Opposition to Plaintiff's Motion for Contempt, annexing Exhibits A-F, (Dkt. 70-1 through 70-7).

### Error No. 1: The Recommendation erroneously failed to address the Motion's procedural deficiencies.

As USPA explained in its opposition brief, Plaintiff's Motion is procedurally defective. First, Plaintiff failed to comply with Local Rule 83 and Local Rule 7.1 by failing to serve a notice of motion or an order to show cause in connection with the Motion for Contempt. Second, Plaintiff violated the Magistrate's individual practice rule III.b. by failing to seek a Pre-Motion Conference before filing the Motion. *See* ECF Dkt. No. 70 at 2-3.

The Recommendation erred by failing to address either of these procedural defects. Plaintiff's procedural errors are particularly egregious in light of Plaintiff's prior violations of this Court's rules and procedures in connection with his previous sanctions motions, which the Court denied. *See*, e.g., ECF Dkt. No. 32.

**Error No. 2: The Recommendation erroneously states, "Whether Judge Koeltl contemplated the parties enter into a written settlement agreement is of no moment."**

The entire basis of Plaintiff's Motion is that USPA willfully violated the Order by attempting to prepare a written version of the settlement agreement that the Order determined had been agreed to by the parties. The Recommendation erroneously states that whether the Order "contemplated the parties enter into a written settlement agreement is of no moment." *See* ECF Dkt. No. 86, at p. 4. In fact, that is the key issue.

At the conference, the Magistrate gave the parties the option of either signing this Court's November 29, 2022 Order or retyping the exact same language in a term sheet. See Green Decl., Ex. A (Transcript of May 3, 2023 proceedings, at p. 26:1-14). Given that the Magistrate did not find that the Order was "clear and unambiguous" on the issue of whether the parties needed to reduce the Order to a written settlement agreement, the Recommendation erred by finding that Plaintiff had satisfied its high burden of establishing that USPA should be held in contempt.

Moreover, the Recommendation does not disagree with USPA's arguments in support of why it was reasonable to interpret the Order as requiring a long form written agreement. *See* ECF Dkt. No. 70, at 6-7.

If the Court were to adopt the Recommendation, the Court would be sanctioning USPA for attempting to do what the Magistrate directed the parties to do – reduce the settlement agreement to writing. The Court would also reward Plaintiff for filing a motion for sanctions after Plaintiff voluntarily engaged in negotiations to draft a long form agreement. Respectfully, that will only encourage the filing of meritless sanctions motion. Sanctions motions should not be filed every time parties reach an impasse or as a means to gain leverage over the other side – as Plaintiff has done repeatedly in this case.

**Error No. 3: The Recommendation erroneously finds that Plaintiff satisfied his burden to establish that USPA should be held in contempt.**

The Recommendation erroneously held that the "clear and convincing proof of [USPA's] noncompliance" was established merely by: (1) Plaintiff's counsel's email relating his interpretation of the November 29, 2022 Order that a long-form settlement agreement was unnecessary; and (2) USPA's attempt to comply with its competing, reasonable interpretation. ECF Dkt. No. 86, at 3-4.

The Recommendation completely ignores that Plaintiff recognized that USPA could, reasonably, have a different interpretation of the Order. See ECF Dkt. No. 70-7 ("Please let us know if you take a different view."); see also ECF Dkt. No. 70, at 8-10. The Recommendation also ignores that Plaintiff negotiated a long form agreement for months and Plaintiff also proposed terms that were not contained in the Order. In short, the Recommendation seeks to punish USPA for conduct that Plaintiff engaged in, as well.

Perhaps most egregious, the Recommendation finds that USPA's short letter to the Magistrate requesting a conference to give the parties guidance on how to execute the settlement agreement constitutes sanctionable conduct because it was a bad faith attempt to "race…to the courthouse." ECF Dkt. No. 86, at 3. Setting aside that seeking guidance from the Court when parties reach an impasse is precisely what parties are supposed to do (as opposed to Plaintiff's approach of filing a motion for sanctions), the Order expressly states that "[t]he Magistrate should supervise the execution of the settlement agreement…" ECF Dkt. No. 86, at 12. Contrary to the Recommendation's finding, USPA's request for a conference with the Magistrate to guide the parties is exactly what the Order states should happen.

Only after USPA informed Plaintiff that it would seek the conference did Plaintiff inform USPA that it would seek its attorneys' fees in retaliation for USPA's reasonable action. *See* Green

Decl., Ex. B (USPA's February 7, 2023 email to Plaintiff that it would request a conference and Plaintiff's response threatening a request for attorneys' fees). Rather than wait for the Magistrate to provide guidance, Plaintiff filed the Motion three days later. *See* ECF Dkt. Nos. 64, 65. Plaintiff's own billing records (which Plaintiff untimely submitted) establish that work on the Motion began on February 8, 2023. *See* ECF Dkt. No. 75-1. Thus, the Recommendation's finding that USPA "tried to race Plaintiff to the courthouse" reverses what actually transpired.

The Recommendation further errs by not addressing whether USPA diligently attempted to comply with this Court's November 29, 2022 Order. As USPA explained in its opposition brief, there is no dispute that USPA attempted to diligently comply with the Order (even if the Court determines that USPA misinterpreted the Order). *See* ECF Dkt. No. 70, at 8-10. The fact that USPA promptly began negotiating terms of a long-form agreement with Plaintiff as soon as the Order was issued is conclusive proof that Plaintiff has not and cannot establish his burden of proof in support of the Motion.

**Error No. 4: The Recommendation erroneously states that USPA conditioned withdrawal of additional terms on Plaintiff withdrawing the Motion.**

The Recommendation states that "even withdrawal of the additional terms and professed readiness to pay the settlement agreement amount was predicated on Plaintiff withdrawing the contempt motion that he had already filed."  *See* ECF Dkt. No. 86 at 4.  The Recommendation does not cite anything in the Record to support this finding because Record establishes the exact opposite.  After USPA prepared a long form written settlement agreement that Plaintiff agreed "mirrored" the Order, Plaintiff refused to sign (and thus receive the settlement payment) even after USPA agreed that signing the agreement and receiving payment would not be used as a basis to oppose the Motion.  *See* ECF Dkt. No. 70-6; *see also* ECF Dkt. No. 70 at 1.  In other words, USPA

5

agreed to carve out the Motion so that the parties could comply with the Order and execute the settlement agreement. Plaintiff refused to do this because Plaintiff wanted to weaponize his Motion in an effort to force USPA to agree to additional settlement terms not contained in the Order. *See* Green Decl., Ex. F.

### Error No. 5: The Recommendation erroneously includes a sanction amount unsupported by the evidence and law.

Plaintiff's Motion failed to attach documentary evidence of any attorneys' fees and costs it claims to have incurred as a result of USPA's allegedly sanctionable conduct. Accordingly, Plaintiff failed to satisfy its burden of proof as to damages. *See* ECF Dkt. No. 81. The Recommendation erred by failing to address Plaintiff's failure of proof and by accepting Plaintiff's untimely and improper subsequently filings in reply to correct this fatal fault. *See* ECF Dkt No. 75-1.

Even if the Court were to allow Plaintiff to submit the untimely billing records, those records do not support the Recommendation's sanction amount. The Recommendation states that USPA's February 22, 2023 long form agreement which Plaintiff agreed "mirrored" the Order was "too little, too late" and thus USPA was being punished for its conduct prior to February 22, 2023. *See* ECF Dkt. No. 86 at 4. However, Plaintiff's untimely billing records include amounts after February 22, 2023. *See* ECF Dkt No. 75-1.

## FACTUAL BACKGROUND

USPA incorporates the factual background section in its opposition brief. *See* ECF Dkt. No. 70 at 3-5.

<u>**ARGUMENT**</u>

**I.     *De Novo* Standard of Review Applies to the Recommendation at Bar**

A District Judge may refer a motion to a Magistrate Judge for recommendation. 28 U.S.C.§ 636(b)(1); F.R.C.P. 72(b)(1). When a party makes specific objections to a Magistrate Judge's report and recommendation on such a motion, however, the District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Fed. R. Civ. P. 72(b)(2); 28 U.S.C.§ 636(b)(1)(C); *see also Donahue v. Glob. Home Loans & Fin., Inc.*, No. 05 CV 8362 KMK HBP, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007). A "specific" objection must "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection… supported by legal authority." L. R. 72(b).

De novo review is conducted "without deference" and as though the question has come to the Court for the first time. *See Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 168 (2d Cir. 2001). The District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C). The District Judge may receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id*.

USPA respectfully requests that the Court decline to adopt the Recommendation for the reasons set forth herein.

**II.    The Motion is Procedurally Defective**

The Recommendation fails to address the procedural defects that required denial of Plaintiff's unnecessary Motion. Yet, as USPA argued in its opposition brief, the Motion is and was procedurally defective in multiple ways, each of which is a separate basis to deny the Motion.

7

First, Plaintiff failed to comply with Local Rule 83 and Local Rule 7.1 by failing to serve a notice of motion or an order to show cause in connection with the Motion. Local Rule 83.6(a) provides, in pertinent part, "…proceeding to adjudicate a person in civil contempt … shall be commenced by the service of a notice of motion or order to show cause." Local Rule 7.1(a)(1) provides, in pertinent part, "all motions shall include the following motion papers: [a] notice of motion, or an order to show cause signed by the Court, which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion[.]" The Motion should have been denied for Plaintiff's failure to comply with comply with Local Rules 7.1(a)(1) and 83.6(a).

Second, Plaintiff violated the Magistrate's individual practice rule III.b. by failing to seek a Pre-Motion Conference before filing the Motion. Plaintiff knew that Magistrate's individual practice rules applied to the Motion because it pertains to USPA's alleged failure to comply with the Order, which expressly states, "The Magistrate Judge should supervise the execution of the settlement agreement…" *See* ECF Dkt. No. 63, at p. 12. Accordingly, Plaintiff's motion should have been denied based on Plaintiff's failure to comply with the Magistrate's individual practice rule III.b.

As USPA also argued, Plaintiff's procedural violations are particularly egregious because this is not the first time that Plaintiff has filed motions in violation of the Court's rules and procedures. Plaintiff's previous failure to comply with this Court's rules and procedures was one of many reasons why this Court denied those motions. *See* e.g., ECF Dkt. No. 32. USPA respectfully requests that the Court do the same with Plaintiff's unnecessary Motion.

### III.    Substantive Standards Applicable to Plaintiff's Motion

"A court may hold a party in contempt if (1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner." *See CBS Broadcasting, Inc. v. FilmOn.com, Inc.*, 814 F.3d 91 (2d Cir. 2016). Plaintiff bears the burden of proving noncompliance by clear and convincing evidence.

Importantly, "unless the parties can ascertain from the four corners of the order precisely what acts are forbidden, the order cannot form the basis for contempt." *See Gucci America v. Weixing Li*, 768 F.2d 122 (2d Cir. 2014) (internal quotations and citations omitted). There must be "willful disobedience to clear and unambiguous orders of the court constitute contempt of court." *In re Weiss*, 703 F.2d 653, 660 (2d Cir. 1983). As the Court in *In re Weiss* explained, "The exercise of this power [to punish for contempt] has a two-fold aspect, namely: first, the proper punishment of the guilty party for his disrespect to the court or its order, and the second, to compel his performance of some act or duty required of him by the court, which he refuses to perform. [internal citation omitted]."

Even setting aside its multiple procedural deficiencies, the Motion must be denied because Plaintiff failed to satisfy any of the three elements necessary to prevail on a contempt motion. As discussed below, Plaintiff also failed to satisfy the requirements to impose monetary sanctions, such as those recommended by the Magistrate.

### IV.    USPA Reasonably Interpreted the Court's Order and Did Not Violate any "Clear and Unambiguous" Terms Therein

As noted above, a finding of contempt requires the Court to determine that USPA violated "clear and unambiguous" terms of the Order. In this regard, the entire basis of Plaintiff's Motion is that USPA willfully violated the Order by attempting to prepare a written version of the

9

settlement agreement that the Order determined had been agreed to by the parties, rather than "remitting the [$xxx] lump sum payment" by some unspecified date. *See* ECF Doc. No. 65, p. 5. However, the Recommendation erroneously states that whether the Order "contemplated the parties enter into a written settlement agreement is of no moment." *See* ECF Dkt. No. 86 at 4. In fact, that is the key issue.

At the conference that USPA requested, the Magistrate gave the parties the option of either signing this Court's November 29, 2022 Order or retyping the exact same language in a term sheet. *See* Green Decl., Ex. A (Transcript of May 3, 2023 proceedings, at p. 26:1-14). Given that: (1) the Magistrate did not find that the Order was "clear and unambiguous" on the issue of whether the parties needed to reduce the Order to a written settlement agreement; and (2) the Magistrate directed the parties to sign a written settlement agreement, the Recommendation erred by finding that Plaintiff had satisfied its high burden of establishing that USPA should be held in contempt.

Furthermore, USPA maintains that its interpretation that the Order required a written agreement before payment would come due did not violate any clear and unambiguous provision therein. Among other things, the Order does not state that the settlement payment was past due nor does it instruct USPA to pay the settlement amount by any specific date. *See* ECF Dkt. No. 63. The Order is also silent on how USPA is to make the settlement payment. *Id.* The Order did not say that USPA shall pay the settlement amount to Plaintiff via wire transfer by X date, and within 3 days of receiving the settlement payment the Plaintiff must file all papers necessary to dismiss this action with prejudice. Rather, the Court stated that "[t]he Magistrate Judge should supervise the execution of the settlement agreement and the dismissal of this case in accordance with the settlement agreement." ECF Dkt. No. 63, at 12.

Another ambiguity exists with respect to the term "execution." Execution has more than one meaning in the context of a contract. It can mean signing a contract, or it can mean performing the duties in a contract. In common modern usage, execution of a settlement agreement means signing, rather than performance, which is exactly how USPA interpreted this Court's Order.

Thus, as USPA reasonably understood the Order, the parties were required to draft an agreement that could be executed (i.e., signed), since no such written agreement existed at the time. USPA's interpretation was further buttressed by the fact that certain key terms were not in the Order. For instance, the terms that the Court determined constituted a Type 1 preliminary contract, which Plaintiff summarized in a term sheet (*see* ECF Doc. No. 37, Ex. 7), do not provide when the settlement amount must be paid or what method of payment USPA must use. The Order also does not specify the mutual general releases, including who would be released and the time period of claims and allegations being released; and confidentiality as to settlement terms, which could only exist as to terms that were not publicly stated in the Order.

The Magistrate further erroneously overlooked Plaintiff's failure to state in the Motion the specific date by which USPA was required to make the payment. Only in his reply brief did Plaintiff argue that USPA was meant to pay within a "reasonable time." Yet, Plaintiff still failed to state what he believes would constitute a "reasonable time." "In determining what constitutes reasonable time to fulfill a contract obligation, courts consider (1) the nature and object of the contract; (2) the previous conduct of the parties; (3) the presence or absence of good faith; (4) the experience of the parties; and (5) the possibility of prejudice or hardship to either one, as well as the specific number of days provided for performance." *Smith Barney v. Leichtensteinische Landesbank*, 866 F. Supp. 114, 117 (S.D.N.Y. 1994).

Here, USPA acted in good faith and began negotiations promptly after the Order, so as to comply with its reasonable interpretation of same. *See* Green Decl., Ex. C. Indeed, as noted, Plaintiff participated in negotiating the terms of a written agreement. *Id*., Exs. C, D. Notably, Plaintiff left the following clause in each draft of the settlement agreement containing his edits:

> **WHEREAS** THIS COURT EXPLAINED IN AN OPINION AND ORDER ENFORCING THE SETTLEMENT (ECF. DOC. NO. 63), THE PARTIES TO REVOCATION HAVE PREPARED THIS SETTLEMENT AGREEMENT IN ACCORDANCE WITH AND AS REQUIRED BY THE COURT'S ORDER

> *See* Green Decl., Ex. D (Compilation of draft agreements proposed by Plaintiff prior to filing Motion for Contempt).

Thus, Plaintiff clearly understood that the negotiations were intended to comply with, and were required by, the Court's Order. Indeed, Plaintiff's disagreements during negotiations were couched in terms of his belief that certain of USPA's proposals went beyond Plaintiff's interpretation of the meaning of the Court's Order, while also making his own proposals based upon his competing interpretation of the Order. *See* Green Decl., Ex. C; D. In so doing, Plaintiff's conduct demonstrated that the terms set forth in the Order were subject to several interpretations with respect to their breadth, upon which reasonable minds could differ. Tellingly, Plaintiff only filed his Motion after USPA sought the Magistrate's guidance, as provided by and in an effort to comply with this Court's Order. *See* ECF Dkt. Nos. 64; 65.

Based on the foregoing, Plaintiff failed to satisfy the first element necessary to establish his contempt allegation against USPA.

## V.    Plaintiff Did Not Establish that USPA Willfully Violated Any Clear and Unambiguous Portion of the Court's Order

The Recommendation erroneously states that the "clear and convincing proof of [USPA's] noncompliance" was established merely by: (1) Plaintiff's counsel's email relating his interpretation of the Order that a long-form settlement agreement was unnecessary; and (2)

USPA's attempt to comply with its competing, reasonable interpretation. *See* ECF Dkt. No. 86, pp. 3-4. The Recommendation errs on both counts.

The Court's Order stated that "[t]he Magistrate Judge should supervise the execution of the settlement agreement and the dismissal of this case in accordance with the settlement agreement." ECF Dkt. No. 63, at p. 12. As USPA reasonably understood the Order, a long-form settlement agreement was needed to fill in key terms that appeared necessary to properly effectuate this Court's recitation of the in-principle settlement terms within the November 29, 2022 Order.

The Recommendation erroneously ignores that USPA made significant efforts to comply with the Order. While Plaintiff initially claimed that a formal agreement was unnecessary following the Order, he expressly recognized that USPA could "take a different view." *See* Green Decl., Ex. E (November 30, 2022 Email). USPA made clear that it believed the Order required the parties to reduce to writing the terms in a long form agreement that could be executed. *Id.* If USPA had truly not complied with the Order in a clear and convincing way, Plaintiff would not have waited over two months to file his contempt motion (or seek proper relief from the Court to ensure that USPA's compliance). Instead, after that November 2022 email exchange, Plaintiff continued to negotiate the terms of the long-form agreement after the Order was entered and even proposed additional terms. *See* Green Decl., Ex. D.

Plaintiff could have, immediately following the November 30, 2022 email exchange or any time thereafter, requested a conference with the Magistrate for guidance in complying with the Order. This is exactly what USPA did when the parties had reached an impasse on certain terms. *See* ECF Dkt. Nos. 64. If Plaintiff's counsel had done the same, what transpired at the May 3, 2023 conference with the Magistrate could have happened months earlier. In that event, the claimed fees and costs Plaintiff seeks through the Motion would not have been incurred. Nevertheless, the

Recommendation unfairly penalizes USPA for seeking the Magistrate's guidance in complying with the Order, and for USPA's attempt to amicably resolve the dispute even after Plaintiff filed his unnecessary Motion.

In reality, Plaintiff filed the Motion on February 10, 2023, in retaliation for USPA's February 7, 2023, request for a conference with the Magistrate to resolve disputes concerning the settlement negotiations. *See* ECF Dkt. Nos. 64, 65. Only after USPA informed Plaintiff that it would request that conference did Plaintiff threaten that he would seek attorneys' fees in retaliation for USPA's reasonable action. *See* Green Decl., Ex. B (USPA's February 7, 2023 email to Plaintiff that it would request a conference and Plaintiff's response threatening a request for attorneys' fees). Plaintiff's purported billing records further establish that work on the Motion only began on February 8, 2023. *See* ECF Dkt. No. 75-1. Thus, the Recommendation's statement that USPA "tried to race Plaintiff to the courthouse" reverses what truly transpired.

Moreover, Plaintiff's Motion was not intended to give effect to the Order's terms. It was intended to materially alter the Court's Order to obtain a greater settlement payment than was agreed upon. Plaintiff's correspondence after filing the Motion repeatedly demands an additional payment from USPA, thereby revealing his true ulterior motives. *See* Green Decl., Ex. F.

Accordingly, Plaintiff failed to establish the second element necessary to prevail on his contempt motion and the Recommendation erred in recommending a finding to the contrary.

**VI.    USPA Diligently Attempted to Comply with the Court's Order**

The Recommendation does not fully address the inquiry as to whether USPA had diligently attempted to comply with this Court's Order. The Recommendation erroneously states that "even withdrawal of the additional terms and professed readiness to pay the settlement agreement amount was predicated on Plaintiff withdrawing the contempt motion that he had already filed." *See* ECF

14

Dkt. No. 86, at 4.  The Recommendation does not cite anything in the Record to support this finding because Record establishes the exact opposite.

The fact that USPA promptly began negotiating terms of a long-form agreement with Plaintiff after the Order was entered establishes that USPA made a reasonable effort to comply. Following the Order, USPA's counsel communicated extensively with Plaintiff's counsel in an attempt to finalize a long form settlement agreement and exchanged numerous drafts of a long form settlement agreement. *See* Green Decl., Exs. C, D, E. Again, it was USPA's counsel, not Plaintiff's counsel, who first reached out to the Magistrate requesting a conference to help the parties finalize the long form settlement agreement in their effort to comply with the Order.  *See* ECF Dkt. No. 64.  It was only after USPA requested the Magistrate's help in complying with the Order that Plaintiff filed his Motion.

Plaintiff claims to disagree with USPA's reasonable (and, we believe, correct) interpretation of the Order – that the parties should, as they had previously agreed, proceed with preparing a long form agreement to fill in the missing details of their agreement so that it may be executed (*e.g.* the date and method of the settlement payment, the timing of the dismissal papers, the specific language of the release, the specific language of the confidentiality agreement). Yet, Plaintiff worked with USPA for months (including after filing the Motion) to finalize a long form agreement, which the parties finally achieved on February 22, 2023.  As Plaintiff admits in the Motion, "the undersigned [i.e., Plaintiff's counsel] attempted to…put the Agreement's clear and unambiguous terms into a formalized settlement agreement." *See* ECF Dkt. No. 65, at 9.

Furthermore, after the Motion was filed, USPA prepared a long form written settlement agreement that Plaintiff agreed "mirrored" the Order, Plaintiff refused to sign (and thus receive the settlement payment) even after USPA agreed that signing the agreement and receiving payment

would not be used as a basis to oppose the Motion. *See* ECF Dkt. No. 70-6; *see also* ECF Dkt. No. 70, at 1. In other words, USPA agreed to carve out the Motion so that the parties could comply with the Order and execute the settlement agreement. Plaintiff refused to do this because Plaintiff wanted to weaponize his Motion in an effort to force USPA to agree to additional settlement terms not contained in the Order. *See* Green Decl., Ex. F.

If Plaintiff truly believed that the Order clearly and unambiguously required the parties (or USPA, specifically) to take different action or truly believed that USPA was not making a reasonable effort to comply with the Order, Plaintiff would not have waited over two months to seek relief from the Court. The reality is that although Plaintiff may not have agreed with USPA's interpretation of the Order, Plaintiff knows that USPA's interpretation is, at the very least, reasonable. Plaintiff proceeded to work with USPA in drafting a long form agreement – even after filing his Motion – because Plaintiff knew that USPA's interpretation was not only reasonable, but likely correct.

As such, Plaintiff has failed to establish the third element necessary to prevail on its contempt motion.

## VII.    The Recommended Sanction Amount is Erroneous

"For the victim of a contempt to be awarded attorneys' fees for prosecuting the contempt, contemnor's conduct must have been willful. … A willful contempt is one where 'contemnor had actual notice of the court's order, was able to comply with it, did not seek to have it modified, and did not make a good faith effort to comply.'" *New York State Nat. Org. for Women v. Terry*, 952 F. Supp. 1033, 1044 (S.D.N.Y. 1997), *affd,* 159 F.3d 86 (2d Cir. 1998) (internal citations omitted). If granted, the amount awarded must be only the "reasonable attorneys' fees in bringing the motion

for contempt." *Connecticut Coalition Against Millstone v. Dominion Nuclear Connecticut,* CIV.3:04CV262 (PCD), 2004 WL 1040109, at *1 (D. Conn. Apr. 5, 2004).

The Recommendation, however, does not address whether USPA's claimed contemptuous conduct was willful. Here, USPA requested the Magistrate's intervention and guidance concerning its reasonable interpretation and attempt to comply with the Order <u>before</u> Plaintiff first threatened moving for contempt. Those bare facts sufficiently establish that USPA's allegedly contemptuous conduct was not willful. USPA would not have sought the Magistrate's intervention if it believed that its conduct was in clear violation of this Court's November 29, 2022 Order.

Moreover, Plaintiff could have simply attended the conference and achieved his ostensible aims of completing the settlement. Instead, Plaintiff's counsel chose to file an unnecessary Motion to run up a tab that was only intended to be collected from USPA, rather than Plaintiff, as a deliberately punitive measure. If Plaintiff truly believed USPA had engaged in conduct worthy of a contempt finding, Plaintiff surely would have sought Court intervention when USPA informed Plaintiff of its reasonable interpretation of this Court's Order in November 2022. Instead, Plaintiff chose to engage in negotiations. Only when Plaintiff sensed an opportunity to extract more than was agreed in the settlement blessed by this Court, did he file the Motion.

Furthermore, the Recommendation does not analyze the reasonableness of Plaintiff's claimed fees and costs. Indeed, it erroneously overlooks the fact that Plaintiff did not submit any invoices until the reply submissions. *See* ECF Dkt No. 75-1. It is indisputably improper to first introduce supporting documentation on a reply. There is no good excuse as to why Plaintiff could not have submitted the invoices purportedly relating to the opening papers and the settlement negotiations up to that point along with Plaintiff's opening papers.

Even setting aside that incurable defect, a cursory glance reveals that Plaintiff's claimed fees and expenses are unreasonable and unsupported by the briefing. The Recommendation states that USPA's February 22, 2023 long form agreement which Plaintiff agreed "mirrored" the Order was "too little, too late" and thus USPA was being punished for its conduct prior to February 22, 2023. *See* ECF Dkt. No. 86 at 4. However, Plaintiff's untimely billing records include amounts after February 22, 2023. *See* ECF Dkt No. 75-1.

Furthermore, the bills submitted with Plaintiff's reply reflect that Plaintiff's counsel apparently assigned three separate individuals to draft a simple motion for contempt, with descriptions that defy the amount of time claimed. *See* ECF Dkt No. 75-1; *K.F. v. New York City Dept. of Educ.*, 10 CIV. 5465 PKC, 2011 WL 3586142, at *7 (S.D.N.Y. Aug. 10, 2011) ("[T]he novelty, complexity and time pressures (or lack thereof) did not require two senior lawyers."), *adhered to as amended*, 10 CIV. 5465 PKC, 2011 WL 4684361 (S.D.N.Y. Oct. 5, 2011).

There are also three separate entries for researching the law applicable to a motion for contempt, even though the standards are well-established and such motions are otherwise fact specific. *See* ECF Dkt No. 75-1. Additionally, there are two vague entries for "review draft motion for contempt" totaling 4.6 hours by "PRT," who was not otherwise identified in Plaintiff's papers. *Id*. There are also multiple questionable entries by a similarly individual only identified by the initials "KJC." *Id*.

Plaintiff's Motion papers do not state whether "PRT" or "KJC" are attorneys, paralegals, secretaries, or otherwise, as no attorney with those initials appeared in this case for Plaintiff. Without such identification, Plaintiff could not properly establish that their $400 per hour rate was appropriate, or that they should have been performing the claimed tasks. *See Gierlinger v. Gleason,* 160 F.3d 858, 882 (2d Cir.1998) (In determining reasonableness of fee, the Court should

endeavor to determine "the market rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."). In that vein, if they are attorneys, it is inappropriate to charge their full hourly rate for tasks such as creating tables of contents, as one entry claims. *See* ECF Dkt No. 75-1.

The bills for which Plaintiff seeks payment also reveal charges at a full hourly rate for travel to and from the hearing from Atlanta, Georgia, as well as Plaintiff's counsel's airline and hotel expenses. *See* ECF Dkt No. 75-1. Courts in this District have previously found reimbursement of such fees and expenses is inappropriate. *See K.F. v New York City Dept. of Educ.*, 2011 WL 3586142, at *6 (denying attorney's fees for travel time and costs related to travel to this District from Ithaca); *U.S. ex rel. Feldman v. Van Gorp,* 2011 WL 651829, *3 (S.D.N.Y. Feb. 9, 2011) (denying attorney's fees for travel time and costs related to travel to this District by Philadelphia-based lawyer); *Imbeault v. Rick's Cabaret Intern. Inc.,* 2009 WL 2482134, *8, n. 3 (S.D.N.Y. Aug. 13, 2009) (disallowing fees for travel between home city of Minneapolis and litigation forum in this District in an FLSA case).

Accordingly, even if the Motion could have been properly granted, the only appropriate directive would be to do what the parties had already done on May 3, 2023 – sign a settlement agreement. This settled dispute should now be put to rest.

## **CONCLUSION**

For all the foregoing reasons, USPA respectfully requests that this Honorable Court decline the Recommendations and deny Plaintiff's Motion.

Dated: New York, New York          **WINGET, SPADAFORA &**
       May 13, 2024                **SCHWARTZBERG, LLP**

                                   By:    */s/ Anthony D. Green*

Anthony D. Green, Esq.
45 Broadway – 32nd Floor
New York, NY 10006
P: (212) 221-6900
F: (212) 221-6989
Green.A@wssllp.com

*Attorneys for Defendant United
States Parachute Association, Inc.*

## <u>CERTIFICATION OF COMPLIANCE BY COUNSEL</u>

As required by this Court's individual rules of practice, the undersigned counsel hereby certifies that this memorandum of law contains 5,783 words, exclusive of the cover page, certification of compliance, table of contents, and table of authorities, and that the brief otherwise complies with the Court's formatting rules.

Dated: New York, New York
       May 13, 2024

**WINGET, SPADAFORA &**
**  SCHWARTZBERG, LLP**

By:    */s/ Anthony D. Green*
         Anthony D. Green, Esq.
         45 Broadway – 32nd Floor
         New York, NY 10006
         P: (212) 221-6900
         F: (212) 221-6989
         Green.A@wssllp.com

         *Attorneys for Defendant United*
         *States Parachute Association, Inc.*

21