# EXHIBIT D

**MUTUAL ~~SPECIFIC~~GENERAL RELEASE AND SETTLEMENT AGREEMENT**

~~**RELEASE OF ALL CLAIMS**~~

**THIS MUTUAL ~~SPECIFIC~~GENERAL RELEASE AND SETTLEMENT AGREEMENT** ("Agreement") is executed as of this _______ day of December 2022 by and among:

Yuri Garmashov ("GARMAHOV"); and,

United States Parachute Association, Inc. ("USPA");

GARMASHOV and USPA shall be collectively referred to herein as "THE PARTIES."

**LEGAL ACTION:** Yuri Garmashov v. United States Parachute Association, Inc. ~~("USPA")~~
United States District Court, Southern District of New York ("SDNY")
Case No. **1:21-cv-04917-JGK-OTW**.

**REVOCATION:** On or around October 13, 2016 the USPA by letter revoked Yuri Garmashov' s membership and all USPA ratings.

~~**RELEASORS:** Yuri Garmashov, his heirs, agents, executors and assigns.~~

~~**RELEASEES:** United States Parachute Association, Inc., The Hartford and their predecessors and successors in interest, assigns, parents, subsidiaries, present and former directors, officers, employees, shareholders, agents, attorneys and any and all affiliated entities.~~

**RECITALS**

**WHEREAS** PLAINTIFF YURI GARMASHOV FILED A MOTION TO ENFORCE A SETTLEMENT HE CLAIMS WAS REACHED AT MEDIATION (ECF. DOC. NO. 36-37)**;**

**WHEREAS** USPA OPPOSED SAID MOTION TO ENFORCE ARGUING NO MEETING OF THE MINDS ON AN ESSENTIAL TERM OF THE SETTLEMENT AGREEMENT AT ISSUE (ECF. DOC. NO. 39);

**WHEREAS** THIS COURT EXPLAINED IN ~~ISSUED~~ AN OPINION AND ORDER ENFORCING THE SETTLEMENT (ECF. DOC. NO. 63), THE PARTIES TO REVOCATION HAVE PREPARED THIS SETTLEMENT AGREEMENT IN ACCORDANCE WITH AND AS REQUIRED BY THE COURT'S ORDER;

**Formatted:** Indent: First line: 0.5", Line spacing: Double

**Formatted:** Indent: First line: 0"

**NOW, THEREFORE, THE PARTIES** intending to be legally bound, and in consideration of the promises, covenants, and agreements set forth herein, and other good and valuable consideration as set forth herein, mutually agree as follows:

1. GARMASHOV in consideration of the sum of One Hundred Fifty Thousand Dollars ($150,000.00) received from the USPA, receipt of which is hereby acknowledged, releases the USPA as detailed in Paragraph 2.

**Formatted:** Font: (Default) Times New Roman, 12 pt

**Formatted:** Normal, Indent: First line: 0.56", Don't add space between paragraphs of the same style, Line spacing: Double

~~1. **RELEASORS**, in consideration of the sum of One Hundred Fifty Thousand Dollars ($150,000.00) received from **RELEASEES**, receipt of which is hereby acknowledged, release and forever discharge **RELEASEES** as well as **RELEASEES'** insurers, re-insurers, agents, partners, parent companies, employees, corporate affiliates, subsidiaries, officers, directors, heirs, executors, owners, principals, administrators, successors, assigns, and attorneys from any and all actions, causes of action, suits, debts, dues, sums of money, liens, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law or equity, which **RELEASORS,** as well as their officers, directors, members, agents, parent corporations, corporate subsidiaries, successors, assigns, employees, servants, attorneys, heirs, executors, trustees, partnerships, joint ventures, insurers and re-insurers, ever had, now have or hereafter can, shall or may have against **RELEASEES** for, upon, or by reason of any matter, cause or things~~

**Formatted:** Normal, Indent: First line: 0.56", Don't add space between paragraphs of the same style, Line spacing: Double

~~whatsoever from the beginning of the world to the date of this Release, related to any and all claims of damages of any kind, including but not limited to lost earnings, any damage to real or personal property, loss of use to real and/or personal property that in any way pertain to the above-referenced **REVOCATION** and that were asserted or that could have been asserted in the above-referenced **LEGAL ACTION**.~~

**2. Release**. Upon receipt and clearance of the entire Settlement Amount as defined in Paragraphs 13(a)-(e)., THE PARTIES, along with their respective officers, directors, employees, successors, predecessors, parents, affiliates, subsidiaries, reinsurers, insurers including Twin City Fire Insurance Company and their predecessors and successors in interest, assigns, attorneys, servants, agents, representatives, shareholders, including but not limited to, Yuri Garmashov individually, his heirs, agents, executors and assigns, release each other from all and each of the following: Any and all claims, causes of action, damages, liabilities, expenses, fees and costs, including attorneys' fees, arbitration, or other litigation related fees and costs, which they ever had or now have, whether known, unknown, asserted, or unasserted, resulting from, arising out of, connected directly or indirectly with or relating in any way to the facts and circumstances that are the subject of the above-referenced **REVOCATION** and the above-referenced **LEGAL ACTION** by reason of any matter, cause or things whatsoever from the beginning of the world to the date of this Release, related to any and all claims of damages of any kind, including but not limited to lost earnings, any damage to real or personal property, loss of use to real and/or personal property that in any way pertain to the above-referenced **REVOCATION** and that were asserted or that could have been asserted in the above-referenced **LEGAL ACTION.**

**Formatted:** Justified, Indent: First line: 0.5", No bullets or numbering

3~~2~~. GARMASHOV ~~**RELEASORS**~~ hereby declares and represents that the damages sustained are uncertain, and in making this **MUTUAL GENERAL RELEASE OF ALL CLAIMS** it is understood and agreed that GARMASHOV ~~**RELEASORS**~~ relies~~y~~ wholly upon his ~~their~~ own judgment, belief and knowledge of the nature, extent and duration of said damages, having had the opportunity to consult with legal counsel of his ~~their~~ choice, and this **MUTUAL GENERAL RELEASE OF ALL CLAIMS** is made without reliance upon any statement or representation of the USPA ~~**RELEASEES**~~ or its~~their~~ representatives.

4~~3~~. ~~The~~ GARMASHOV ~~undersigned~~ represents to the USPA ~~**RELEASEES**~~ that only ~~the~~ GARMASHOV~~undersigned~~, is entitled to the consideration identified above and that there are otherwise no unpaid obligations incurred or owing by GARMASHOV~~the undersigned~~. GARMASHOV ~~The undersigned~~ further represents that GARMASHOV ~~the undersigned~~ will pay and satisfy any such liens or rights of subrogation that may exist in that regard, either in full or as may be negotiated between the holders of those liens or rights of subrogation, and ~~the~~ GARMASHOV ~~undersigned~~ and/or counsel for GARMASHOV~~the undersigned~~, such that any such liens and /or rights of subrogation are satisfied and extinguished.

5~~4~~. These representations are made to induce USPA ~~**RELEASEES**~~, and those making payments on behalf of USPA ~~**RELEASEES**~~, to enter into the within **MUTUAL GENERAL RELEASE OF ALL CLAIMS** and to pay money to GARMASHOV ~~the undersigned~~ without requiring ~~the undersigned~~GARMASHOV to produce any releases of lien and without requiring GARMASHOV ~~the undersigned~~ to produce any proof of satisfaction of any other obligations.

6~~5~~. GARMASHOV ~~The undersigned~~ further declares and represents that no promise, inducement or agreement not herein expressed has been made to GARMASHOV ~~the~~

~~undersigned~~, and that this **MUTUAL GENERAL RELEASE OF ALL CLAIMS** contains the entire agreement between THE PARTIES ~~the parties~~ hereto, and that the terms of this **MUTUAL GENERAL RELEASE OF ALL CLAIMS** are contractual and not a mere recital.

76. It is understood by and between THE PARTIES ~~all parties~~ that this **MUTUAL GENERAL RELEASE OF ALL CLAIMS** completely and wholly resolves a disputed claim, and that the payment to be made hereunder does not and is not to be construed as an admission of liability on the part of **the USPA** ~~**RELEASEES**~~, by whom liability is expressly denied.

87. This **MUTUAL GENERAL RELEASE OF ALL CLAIMS** may not be changed orally.

98. The terms and conditions of this **MUTUAL GENERAL RELEASE OF ALL CLAIMS** shall remain confidential and private in all respects, except as needed to be disclosed to insurers, accountants, attorneys and family members, or, if required by Court order or subpoena.

109. A facsimile copy, photocopy or scanned .pdf of this **MUTUAL GENERAL RELEASE OF ALL CLAIMS** shall have the same force and effect as an original.

~~10. **RELEASORS** agree not to disparage **RELEASEES** orally or in writing, in any way, including but not limited to any form of social media including but not limited to Facebook, Twitter, blogs, Instagram, TikTok and the like. If inquiry is made, **RELEASORS** shall state that the matter "was resolved confidentially to the mutual satisfaction of the parties."~~

101. GARMASHOV ~~**RELEASORS**~~ represent and warrant that he has ~~they have~~ no knowledge of any claims brought or pending asserted by any natural person or entity, or any liens against the settlement arising out of the **REVOCATION** that is the subject of the **LEGAL ACTION**.

12. GARMASHOV ~~**RELEASORS**~~ shall pay and satisfy any and all liens and claims involved in the **LEGAL ACTION** from the payment referred to in paragraph 1 and hold USPA ~~**RELEASEES**~~ free of any responsibility therefor.

13. GARMASHOV ~~**RELEASORS**~~ acknowledges and agrees that the payment referenced in Paragraph 1 is due within ~~thirty~~ ten (130) days of USPA's ~~**RELEASEES'**~~ counsel's receipt of all of the following:

a. the within fully executed **MUTUAL GENERAL** ~~and notarized~~ **RELEASE OF ALL CLAIMS**;

b. an executed Stipulation of Dismissal with Prejudice;

c. written payment instructions;

d. a fully executed IRS W-9 Form from Yuri Garmashov;

e. as well as GARMASHOV~~**RELEASOR**, Yuri Garmashov~~' s, Social Security Number.

14. The USPA ~~**RELEASEES**~~ will issue or cause to be issued a ~~settlement check~~wire for the amount indicated in Paragraph 1 above within ~~30~~ 10 calendar days after USPA's ~~**RELEASEES'**~~ counsel, WINGET, SPADAFORA & SCHWARTZBERG, LLP, 45 Broadway, 32nd Floor, New York, NY 10006, Attn.: Kenneth A. McLellan, Esq., Email: mclellan.k@wssllp.com, 212.221.6900, receives the items identified in Paragraph 13 above. Same shall be supplied by email in .pdf format. The ~~check~~ funds will be sent to USPA's ~~RELEASEES'~~ counsel. USPA's ~~RELEASEES'~~ counsel shall promptly ~~send the settlement check~~wire to counsel for GARMASHOV ~~**RELEASORS**~~, i.e., HALL BOOTH SMITH P.C. via Hall Booth Smith P.C.'s trust account, AS ATTORNEYS, Attn.: ALEX KAUFMAN, Esq., 2710 Old Milton Parkway, Suite 200, Alpharetta, GA 30009, Email: AKaufman@hallboothsmith.com, ~~470.386.6900~~

USPA's ~~**RELEASEE'S**~~ counsel shall hold the Stipulation of Dismissal in escrow until GARMASHOV's ~~**RELEASORS'**~~ counsel receives the ~~settlement check~~wire. Thereafter, the USPA's ~~**RELEASEE's**~~ counsel shall execute and electronically file the Stipulation of Dismissal with prejudice without further notice to GARMASHOV's ~~**RELEASORS'**~~ counsel.

15. Each of **THE PARTIES**, through their counsel, has participated in the drafting and negotiation of the terms of this Agreement, and for all purposes this Agreement shall be deemed to have been drafted jointly by **THE PARTIES**.

16. The settlement check shall be made payable to Plaintiff Yuri Garmashov.~~in the manner described in the **RELEASORS'** counsel's written payment instructions to Plaintiff Yuri Garmashov.~~

17. Attorneys' fees. Each Party hereto shall be responsible for the payment of his, her, or its own costs, attorneys' fees, and all other expenses incurred in connection with the LEGAL ACTION and this AGREEMENT. If any Party commences an action or arbitration against the other Party to enforce or interpret any of the terms hereof, the losing or defaulting Party shall pay to the prevailing Party as determined by a court or arbitrator of competent jurisdiction all costs and expenses, including reasonable attorneys' fees and disbursements, incurred in connection with the prosecution or defense of such action.

18. Taxes- An IRS Form 1099 will be issued to GARMASHOV ~~Yuri Garmashov ("Garmashov")~~ to reflect the Settlement Payment in **Paragraph 1** above. GARMASHOV ~~Garmashov~~ acknowledges and agrees he is responsible for payment of any taxes required to be paid to any state and to the United States Government, or any other entity as a result of this Agreement. GARMASHOV~~Garmashov~~ further acknowledges and agrees no person has made any representation to him regarding the tax consequences of the Settlement Payment. GARMASHOV

~~Garmashov~~ agrees to indemnify, defend, and hold Defendants and their past, present, and future directors, officers, employees, parent companies, subsidiaries, divisions, affiliates, insurers, attorneys, and representatives, and all other persons acting by, through, or in concert with them harmless from any claim, demand, deficiencies, levies, assessments, executions, judgements, or recoveries by any governmental entity from any amounts claimed due on account from this Agreement.

19. **General Recitals:** The General Recitals set forth above are expressly incorporated into the body of this Agreement as if fully set forth herein.

[END OF TEXT; SIGNATURE PAGES FOLLOW]

IN **WITNESS HEREOF,** **THE PARTIES**~~the RELEASORS~~ set forth their hands to the within **MUTUAL GENERAL RELEASE OF ALL CLAIMS**:

______________________________
**YURI GARMASHOV**

~~STATE OF ____________~~

~~COUNTY OF ___________~~

~~On the ___________day of __________________, 2022, before me personally came YURI GARMASHOV, to me known or proved to me on the basis of satisfactory evidence to be said individual, and who executed the foregoing, who, by me duly sworn, did depose and say that he resides at ______________________________________________________________________, and who executed the foregoing MUTUAL **RELEASE OF ALL CLAIMS**,. and duly acknowledged to me that he executed the same in his individual capacity/~~

______________________________
~~Notary Public~~

~~State of~~

~~My Commission Expires~~

**UNITED STATES PARACHUTE ASSOCIATION, INC**

By:________________________________

State of ________________)
_______________________)  ss.
County of _______________)
_____________________________

On _____ day of _______________, 2022, before me personally came _____________________________ a duly appointed officer and/or member of United States Parachute Association, Inc. to me known or proved to me on the basis of satisfactory evidence to be said individual, and who executed the foregoing Settlement Agreement and Mutual Release, and duly acknowledged to me that he/she executed the same in his/her capacity.

___________________________________
_____________________________________________________

Notary Public
State of
My Commission Expires:

**Formatted:** Indent: First line: 0"

**MUTUAL GENERAL RELEASE AND SETTLEMENT AGREEMENT**

**THIS MUTUAL GENERAL RELEASE AND SETTLEMENT AGREEMENT** ("Agreement") is executed as of this _______ day of January 2023 by and among:

Yuri Garmashov ("GARMAHOV"); and, United States Parachute Association, Inc. ("USPA");

GARMASHOV and USPA shall be collectively referred to herein as "THE PARTIES."

**LEGAL ACTION:** Yuri Garmashov v. United States Parachute Association, Inc.
United States District Court, Southern District of New York ("SDNY")
Case No. **1:21-cv-04917-JGK-OTW**.

**REVOCATION:** On or around October 13, 2016 the USPA by letter revoked Yuri Garmashov' s membership and all USPA ratings.

**RECITALS**

**WHEREAS** PLAINTIFF YURI GARMASHOV FILED A MOTION TO ENFORCE A SETTLEMENT HE CLAIMS WAS REACHED AT MEDIATION (ECF. DOC. NO. 36-37)**;**

**WHEREAS** USPA OPPOSED SAID MOTION TO ENFORCE ARGUING NO MEETING OF THE MINDS ON AN ESSENTIAL TERM OF THE SETTLEMENT AGREEMENT AT ISSUE (ECF. DOC. NO. 39);

**WHEREAS** THIS COURT EXPLAINED IN AN OPINION AND ORDER ENFORCING THE SETTLEMENT (ECF. DOC. NO. 63), THE PARTIES TO REVOCATION HAVE PREPARED THIS SETTLEMENT AGREEMENT IN ACCORDANCE WITH AND AS REQUIRED BY THE COURT'S ORDER;

**Formatted:** Indent: First line: 0.5", Line spacing: Double

Formatted: Indent: First line: 0"

**NOW, THEREFORE**, **THE PARTIES** intending to be legally bound, and in consideration of the promises, covenants, and agreements set forth herein, and other good and valuable consideration as set forth herein, mutually agree as follows:

1. **Settlement Payment**. GARMASHOV in consideration of the sum of One Hundred Fifty Thousand Dollars ($150,000.00) received from the USPA, receipt of which is hereby acknowledged, enters into this Mutual Settlement and Mutual Release Agreement, including but not limited to the release terms of the USPA as detailed in Paragraph 2.

Formatted: Font: (Default) Times New Roman, 12 pt

Formatted: Font: (Default) Times New Roman, 12 pt, Bold, Underline

Formatted: Font: (Default) Times New Roman, 12 pt

Formatted: Normal, Indent: First line: 0.5", Don't add space between paragraphs of the same style, Line spacing: Double

Formatted: Font: (Default) Times New Roman, 12 pt

Formatted: Font: (Default) Times New Roman, 12 pt

Formatted: Font: (Default) Times New Roman, 12 pt, Bold

**2.** **Mutual Release**. Upon receipt and clearance of the entire Settlement Amount as defined in Paragraphs 13(a)-(e)., THE PARTIES, along with their respective officers, directors, employees, successors, predecessors, parents, affiliates, subsidiaries, reinsurers, insurers including Twin City Fire Insurance Company and their predecessors and successors in interest, assigns, attorneys, servants, agents, representatives, shareholders, including but not limited to, Yuri Garmashov individually, his heirs, agents, executors and assigns, release each other from all and each of the following: Any and all claims, causes of action, damages, liabilities, expenses, fees and costs, including attorneys' fees, arbitration, or other litigation related fees and costs, which they ever had or now have, whether known, unknown, asserted, or unasserted, resulting from, arising out of, connected directly or indirectly with or relating in any way to the facts and circumstances that are the subject of the above-referenced **REVOCATION** and the above-referenced **LEGAL ACTION** by reason of any matter, cause or things whatsoever from the beginning of the world to the date of this Release, related to any and all claims of damages of any kind, including but not limited to lost earnings, any damage to real or personal property, loss of

use to real and/or personal property that in any way pertain to the above-referenced **REVOCATION** and that were asserted or that could have been asserted in the above-referenced **LEGAL ACTION.**

3. GARMASHOV hereby declares and represents that the damages sustained are uncertain, and in making this **MUTUAL GENERAL RELEASE OF ALL CLAIMS** it is understood and agreed that GARMASHOV relies wholly upon his own judgment, belief and knowledge of the nature, extent and duration of said damages, having had the opportunity to consult with legal counsel of his choice, and this **MUTUAL GENERAL RELEASE OF ALL CLAIMS** is made without reliance upon any statement or representation of the USPA or its representatives.

4. GARMASHOV represents to the USPA that only GARMASHOV, is entitled to the consideration identified above and that there are otherwise no unpaid obligations incurred or owing by GARMASHOV. GARMASHOV further represents that GARMASHOV will pay and satisfy any such liens or rights of subrogation that may exist in that regard, either in full or as may be negotiated between the holders of those liens or rights of subrogation, and GARMASHOV and/or counsel for GARMASHOV, such that any such liens and /or rights of subrogation are satisfied and extinguished.

5. These representations are made to induce USPA , and those making payments on behalf of USPA–, to enter into the within **MUTUAL GENERAL RELEASE OF ALL CLAIMS** and to pay money to GARMASHOV without requiring GARMASHOV to produce any releases of lien and without requiring GARMASHOV to produce any proof of satisfaction of any other obligations.

6. **THE PARTIES** further declare and represent that no promise, inducement or agreement not herein expressed has been made to **THE PARTIES**, and that this **MUTUAL GENERAL RELEASE OF ALL CLAIMS** contains the entire agreement between **THE PARTIES** hereto, and that the terms of this **MUTUAL GENERAL RELEASE OF ALL CLAIMS** are contractual and not a mere recital.

**No Admission of Wrongdoing**

Formatted: Font: Bold

7. It is understood by and between **THE PARTIES** that this **MUTUAL GENERAL RELEASE OF ALL CLAIMS** completely and wholly resolves a disputed claim, and that the payment to be made hereunder does not and is not to be construed as an admission of liability on the part of any of **THE PARTIES,** by whom liability is expressly denied.

8. This **MUTUAL GENERAL RELEASE OF ALL CLAIMS** may not be changed orally.

**Confidentiality**

Formatted: Font: Bold

9. The terms and conditions of this **MUTUAL GENERAL RELEASE OF ALL CLAIMS** shall remain confidential and private in all respects, except as what is in the Southern District of New York Court's Pacer Public Record, or as needed to be disclosed to insurers, accountants, attorneys and family members, or, if required by Court order or subpoena. If inquiry is made, THE PARTIES shall state that the matter "was resolved confidentially to the mutual satisfaction of the parties."

10. A facsimile copy, photocopy or scanned .pdf of this **MUTUAL GENERAL RELEASE OF ALL CLAIMS** shall have the same force and effect as an original.

11. GARMASHOV represent and warrant that he has no knowledge of any claims brought or pending asserted by any natural person or entity, or any liens against the settlement arising out of the **REVOCATION** that is the subject of the **LEGAL ACTION**.

12. GARMASHOV shall pay and satisfy any and all liens and claims involved in the **LEGAL ACTION** from the payment referred to in paragraph 1 and hold USPA free of any responsibility therefor.

**Settlement Payment**

Formatted: Font: Bold

13. GARMASHOV acknowledges and agrees that the payment referenced in Paragraph 1 is due within ten (10) days of USPA's counsel's receipt Garmashov's execution of the **MUTUAL GENERAL RELEASE OF ALL CLAIMS**. USPA's counsel certifies that he is already in receipt of:

a. an executed Stipulation of Dismissal with Prejudice;

b. written payment instructions;

c. a fully executed IRS W-9 Form from Yuri Garmashov;

d. as well as GARMASHOV' s, Social Security Number.

14. The USPA will issue or cause to be issued a wire for the amount indicated in Paragraph 1 above within ten (10) days after USPA's counsel, WINGET, SPADAFORA & SCHWARTZBERG, LLP, 45 Broadway, 32nd Floor, New York, NY 10006, Attn.: Kenneth A. McLellan, Esq., Email: mclellan.k@wssllp.com, 212.221.6900, receives the Garashov executed **MUTUAL GENERAL RELEASE OF ALL CLAIMS** supplied by email in .pdf format. The funds will be sent to ~~USPA's~~ Garmashov's lead counsel, Alex B. Kaufman, Esq.'s previous law firm (HALL BOOTH SMITH, P.C.) USPA's counsel shall promptly wire to counsel for GARMASHOV , i.e., HALL BOOTH SMITH P.C. via Hall Booth Smith P.C.'s trust account, AS

ATTORNEYS, Attn.: ALEX KAUFMAN, Esq[1]. and ERIC UNDERRINER, Esq., 2710 Old Milton Parkway, Suite 200, Alpharetta, GA 30009, Email: AKaufman@ChalmersAdams.com and EUnderriner@hallboothsmith.com, USPA's counsel shall hold the Stipulation of Dismissal in escrow until GARMASHOV's counsel of record receives the wire at the Hall Booth Smith, P.C. Trust Account. Thereafter, the USPA's counsel shall execute and electronically file the Stipulation of Dismissal with prejudice without further notice to GARMASHOV's counsel.

15. Each of **THE PARTIES**, through their counsel, has participated in the drafting and negotiation of the terms of this Agreement, and for all purposes this Agreement shall be deemed to have been drafted jointly by **THE PARTIES**.

16. The wire shall be paid to the Plaintiff's counsel of record in the manner described in the GARMASHOV's, counsel's written payment instructions. .

17. Attorneys' fees. Each Party hereto shall be responsible for the payment of his, her, or its own costs, attorneys' fees, and all other expenses incurred in connection with the LEGAL ACTION and this AGREEMENT. If any Party commences an action or arbitration against the other Party to enforce or interpret any of the terms hereof, the losing or defaulting Party shall pay to the prevailing Party as determined by a court or arbitrator of competent jurisdiction all costs and expenses, including reasonable attorneys' fees and disbursements, incurred in connection with the prosecution or defense of such action.

---

[1] Alex B. Kaufman, Esq. joined the law firm of Chalmers, Adams, Backer & Kaufman, LLC effective January 1, 2023. Yuri Garmashov signed a client option letter on December 29, 2022 to have Alex B. Kaufman and Chalmers, Adams, Backer & Kaufman, LLC to continue representing his interests. The Settlement Funds in this Agreement are to be sent care of the Hall Booth Smith, P.C.("HBS") trust account to satisfy Mr. Garmashov's attorney fees and HBS, care of co-counsel of record, Eric Underriner, Esq. and HBS administration will ensure transfer of all necessary trust funds to Mr. Garmashov.

**Taxes**

18. Taxes- An IRS Form 1099 has been issued to GARMASHOV's counsel of record at the firm of Hall Booth Smith, P.C. to reflect the Settlement Payment in **Paragraph 1** above. GARMASHOV acknowledges and agrees he is responsible for payment of any taxes required to be paid to any state and to the United States Government, or any other entity as a result of this Agreement. GARMASHOV further acknowledges and agrees no person has made any representation to him regarding the tax consequences of the Settlement Payment. GARMASHOV agrees to indemnify, defend, and hold Defendants and their past, present, and future directors, officers, employees, parent companies, subsidiaries, divisions, affiliates, insurers, attorneys, and representatives, and all other persons acting by, through, or in concert with them harmless from any claim, demand, deficiencies, levies, assessments, executions, judgements, or recoveries by any governmental entity from any amounts claimed due on account from this Agreement.

19. **General Recitals:** The General Recitals set forth above are expressly incorporated into the body of this Agreement as if fully set forth herein.

20. **Governing Law:** This **THIS MUTUAL GENERAL RELEASE AND SETTLEMENT AGREEMENT** shall be governed under New York Law and the Southern District of New York Court shall retain exclusive jurisdiction to determine any and all disputes under this Agreement.

[END OF TEXT; SIGNATURE PAGES FOLLOW]

Formatted: Font: Bold

Formatted: Indent: First line: 0"

IN **WITNESS HEREOF, THE PARTIES** set forth their hands to the within **MUTUAL GENERAL RELEASE OF ALL CLAIMS**:

_______________________________ _____________
**YURI GARMASHOV** **Date**

**UNITED STATES PARACHUTE ASSOCIATION, INC**

By:________________________________ ___________
With Express Authority to Bind the United States Parachute Association, Inc. **Date**