```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
-----------------------------------------------------------
YURI GARMASHOV,

                Plaintiff,         21-cv-4917 (JGK)

    - against -               MEMORANDUM OPINION AND ORDER

UNITED STATES PARACHUTE ASSOCIATION, INC.,

                Defendant.
-----------------------------------------------------------

**JOHN G. KOELTL, District Judge:**

    The Court has received the Report and Recommendation by Magistrate Judge Ona T. Wang, dated April 29, 2024, which recommends that the Court (1) find the defendant, United States Parachute Association, Inc., in civil contempt, and (2) issue sanctions in the amount of $20,126.43, representing the fees and costs allegedly incurred by the plaintiff, Yuri Garmashov, in enforcing the settlement in this case. See ECF No. 86, Report & Recommendation ("R&R") at 5. The defendant has filed timely objections to the Report and Recommendation.

    The Court reviews de novo each of the elements of the Report and Recommendation to which an objection has been filed. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

    After careful consideration of the Report and Recommendation and the defendant's objections, the Court

1

concludes that the objections have merit. The Court therefore **declines** to adopt the Report and Recommendation.

I.

The Court assumes familiarity with the facts of this case and the Court's November 29, 2022 Memorandum Opinion and Order (the "November 29, 2022 Order" or the "Order"). See generally Garmashov v. U.S. Parachute Ass'n, Inc., No. 21-cv-4917, 2022 WL 17342390 (S.D.N.Y. Nov. 29, 2022). The following facts are included because of their relevance to this motion.

In May 2022, the parties participated in a mediation and reached an agreement in principle to settle the plaintiff's claims. See R&R at 1. However, the defendant refused to formalize the agreement without the addition of certain terms. See Garmashov, 2022 WL 17342390, at *4. On May 20, 2022, the plaintiff filed a motion to enforce the settlement agreement. See ECF No. 36.

In its November 29, 2022 Order, the Court granted the plaintiff's motion to enforce the settlement agreement. See id. at *3, *5. The Court found that, despite the defendant's arguments to the contrary, the parties had entered into an enforceable agreement, the terms of which were "very simple, involving in essence only a single monetary payment." Id. at *5. Accordingly, the Court directed the Magistrate Judge to

2

"supervise the execution of the settlement agreement and the dismissal of this case in accordance with the settlement agreement." Id.

Over the next two and a half months, the parties worked unsuccessfully to incorporate the settlement agreement into a long-form agreement. See ECF No. 65 at 9; ECF No. 70 at 4. On February 7, 2023, the defendant requested a conference "to help resolve the issues that have arisen so that this settlement can be finalized." ECF No. 64. Three days later, the plaintiff filed a motion for contempt, alleging that the defendant had failed to comply with the Court's November 29, 2022 Order and improperly sought to insert additional terms and conditions into the agreement. See generally ECF No. 65.

On May 3, 2023, while the plaintiff's motion for contempt was still pending, the parties participated in a conference before the Magistrate Judge. At this conference, the parties signed a settlement agreement. See ECF No. 77. The defendant represents that the defendant "promptly paid" the full settlement amount. ECF No. 96, Ex. 1 ¶ 4.

On April 29, 2024, the Magistrate Judge issued a Report and Recommendation, recommending that the Court find the defendant in contempt and award the plaintiff attorneys' fees and costs

3

incurred as a result of the defendant's alleged noncompliance with the Order. See R&R at 5.

On May 13, 2024, the defendant filed a host of objections to the Report and Recommendation. The plaintiff did not respond to the defendant's objections.

## II.

Most central to the Court's review of the Report and Recommendation is the defendant's objection to the Magistrate Judge's finding that the defendant should be held in contempt. See ECF No. 96 at 9-16, 4-5.

In seeking civil contempt sanctions, the plaintiff argues that the defendant failed to comply with the Order by not "remitting the $150,000 lump sum settlement payment per the [Order]." ECF No. 65 at 5. The defendant responds that the Order is "entirely silent on when (or how)" the defendant is to make payment, and that the Order countenances a long-form settlement agreement. ECF No. 70 at 6-7.

"A party may be held in civil contempt for failure to comply with a court order if: (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of non-compliance is clear and convincing, and (3) the contemnor has

4

not diligently attempted to comply in a reasonable manner."[1] Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc., 396 F.3d 645, 655 (2d Cir. 2004).[2] Civil contempt is a "potent weapon" that courts should not use "where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct." King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995); see also In re Att'y Gen. of U.S., 596 F.2d 58, 65 (2d Cir. 1979) ("[T]he court must not lightly invoke its contempt power.").

The Court cannot find that the defendant failed to comply with the November 29, 2022 Order. The Order does not "clear[ly] and unambiguous[ly]" require the defendant to pay the settlement amount by a specific date, nor does it prohibit the defendant from seeking to memorialize the terms of the parties' settlement in a long-form agreement. Paramedics Electromedicina, 396 F.3d at 655. In fact, the Order plainly contemplates that the parties might seek a long-form agreement: The Court observed that the parties' agreement, while binding with respect to "all material terms," was "preliminary" in the sense that the parties might

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.
[2] To support a finding of contempt, "[i]t need not be established that the violation was willful." Paramedics Electromedicina, 396 F.3d at 655 (citing Donovan v. Sovereign Sec. Ltd., 726 F.2d 55, 59 (2d Cir. 1984)). However, willfulness is a "major consideration" in a court's determination of whether to award attorneys' fees and costs as a sanction for contempt. Weitzman v. Stein, 98 F.3d 717, 719 (2d Cir. 1996).

"desire a more elaborate formalization of the agreement which, although not necessary, is desirable." Garmashov, 2022 WL 17342390, at *3-4. And as a November 30, 2022 email from the plaintiff's counsel to the defendant's counsel reflects, the former understood that the latter might reasonably interpret the Order to permit a long-form agreement. See ECF No. 70, Ex. F ("As there is an Order in place, we do not see the need to insure [sic] the cost of preparation of a formal settlement agreement. Please let us know if you take a different view." (emphasis added)). Accordingly, the plaintiff's contention that the defendant's conduct constituted non-compliance with the Order is unavailing.

In this case, the settlement was in fact effectuated, see ECF No. 77, and the defendant represents that the plaintiff has been paid, see ECF No. 96, Ex. 1 ¶ 4. It is time to end the litigation. Therefore, the Court declines to hold the defendant in civil contempt and to issue the recommended award of sanctions.

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the Court **declines** to follow the Report and

Recommendation of the Magistrate Judge. The plaintiff's motion for contempt sanctions against the defendant is **denied**. The Clerk is directed to close this case and to close any pending motions.

SO ORDERED.

Dated:  New York, New York
        September 10, 2024

_____
John G. Koeltl
United States District Judge